# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,**
and **TAWANNA SIMPSON,**

        Plaintiffs,

    -v-

**RUTH JOHNSON,** in her official and individual capacities as the duly elected Secretary of State, **CATHY M. GARRETT,** in her official capacity as the duly elected Wayne County Clerk, **WAYNE COUNTY ELECTION COMMISSION,** **BILL SCHUETTE,** in his official and individual capacities as the duly elected Attorney General, **JANICE WINFREY,** in her official capacity as the duly elected Detroit City Clerk, and **UNNAMED/UNKNOWN ELECTION INSPECTORS,** in their official capacities, **HON. ROBERT J. COLOMBO, JR.,** in his official capacity as the Chief Judge of the Wayne County Circuit Court,

        Defendants.

Case No. 2:16-cv-13545
Hon. Arthur J. Tarnow
Mag. Mona K. Majzoub

---

| | |
|---|---|
| Andrew A. Patterson | Ellen Sharf (P37711) |
| Attorney for Plaintiffs | Attorney for Defendant |
| Novi, MI 48374 | Hon. Robert J. Colombo, Jr. |
| (248) 568-9712 | Office of the General Counsel |
| aap43@outlook.com | Associate General Counsel-Civil Division |
| | 742 Coleman A. Young Municipal Center |
| | 2 Woodward Avenue |
| | Detroit, MI 48226 |
| | (313) 224-8805 |
| | ellen.sharf@3rdcc.org |

---

## DEFENDANT HON. ROBERT J. COLOMBO JR.'S MOTION TO DISMISS

**(In Lieu of Responsive Pleading)**

Now comes Defendant, Hon. Robert J. Colombo, Jr., by and through his attorney, Ellen Sharf, and in lieu of filing an answer to the First Amended Complaint, moves this Court, pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss Plaintiffs' claims against him in the First Amended Complaint on the ground that: (1) this Court lacks subject matter jurisdiction over these claims under the *Rooker-Feldman doctrine*; (2) these claims are barred by the doctrine of res judicata; and (3) Plaintiffs have failed to state claims upon which relief can be granted for the reasons set forth in the brief in support of his Motion to Dismiss.

## CERTIFICATE OF CONCURRRENCE OR NON-CONCURRENCE

I, Ellen Sharf, certify that pursuant to E.D. Mich L.R. 7.1(a), I spoke with Plaintiffs' attorney on October 6, 2016, seeking concurrence in the relief requested in this Motion to Dismiss, and he indicated his non-concurrence.

Respectfully submitted,

*/s/ Ellen Sharf*

Ellen Sharf (P37711)
Attorney for Defendant
Wayne County Third Circuit Court
Office of the General Counsel
Associate General Counsel-Civil Division
742 Coleman A. Young Municipal Center
2 Woodward Avenue
Detroit, MI 48226
(313) 224-8805
ellen.sharf@3rdcc.org

**DATED:** October 17, 2016

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
and **TAWANNA SIMPSON,**

                **Case No. 2:16-cv-13545**
                **Hon. Arthur J. Tarnow**
Plaintiffs,             **Mag. Mona K. Majzoub**

    -v-

**RUTH JOHNSON,** in her official and individual capacities as the duly elected Secretary of State, **CATHY M. GARRETT,** in her official capacity as the duly elected Wayne County Clerk, **WAYNE COUNTY ELECTION COMMISSION, BILL SCHUETTE,** in his official and individual capacities as the duly elected Attorney General, **JANICE WINFREY,** in her official capacity as the duly elected Detroit City Clerk, and **UNNAMED/UNKNOWN ELECTION INSPECTORS,** in their official capacities, **HON. ROBERT J. COLOMBO, JR.,** in his official capacity as the Chief Judge of the Wayne County Circuit Court,

    Defendants.

---

Andrew A. Patterson
Attorney for Plaintiffs
Novi, MI 48374
(248) 568-9712
aap43@outlook.com

Ellen Sharf (P37711)
Attorney for Defendant
Hon. Robert J. Colombo, Jr.
Office of the General Counsel
Associate General Counsel-Civil Division
742 Coleman A. Young Municipal Center
2 Woodward Avenue
Detroit, MI 48226
(313) 224-8805
ellen.sharf@3rdcc.org

---

**DEFENDANT HON. ROBERT J. COLOMBO, JR.'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

**(In Lieu of Responsive Pleading)**

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether this Court lacks subject matter jurisdiction over Plaintiffs' claims against Chief Judge Colombo under the *Rooker-Feldman* doctrine.

2. Whether Plaintiffs' claims against Chief Judge Colombo are barred by the doctrine of res judicata.

3. Whether Plaintiffs have failed to state claims against Chief Judge Colombo upon which relief can be granted.

# CONTROLLING OR MOST APPLICABLE AUTHORITY

**Cases:**

*Abbott v Michigan*, 474 F 3d 324 (CA 6, 2007)

*Abbott Laboratories v Gardner*, 387 US 136, 148; 87 S Ct 1507; 18 L Ed 2d 681 (1967)

*Adair v State*, 470 Mich 105; 680 NW2d 386 (2004)

*Derrick v City of Detroit*, 168 Mich App 560; 425 NW2d 154 (1988)

*Dist of Columbia Court of Appeals v Feldman*, 460 US 462; 103 S Ct 1303; 75 L Ed 2d 206 (1983)

*Executive Arts Studio, Inc v City of Grand Rapids*, 391 F3d 783 (CA 6, 2004)

*Exxon Mobil Corp v Saudi Basic Industrial Corp*, 544 US 280; 125 S Ct 1517; 161 L Ed 2d 454 (2005)

*Grievance Administrator v Fieger*, 475 Mich 1211; 714 NW2d 285 (2006)

*Iannucci v State of Michigan*, 2016 WL 4089215

*In re MKK*, 286 Mich App 546; 781 NW2d 132 (2009)

*Mitchell v Mitchell*, 296 Mich App 513; 823 NW2d 153 (2012)

*McCormick v. Braverman*, 451 F3d 382, 393 (CA 6, 2006)

*People v Bero*, 168 Mich App 545; 425 NW2d 138 (1988)

*Rooker v Fidelity Trust Co*, 263 US 413; 44 S Ct 149; 68 L Ed 2d 362 (1923)

*Schell v Baker Furniture Co*, 461 Mich 502; 607 NW2d 358 (2000)

*United States v Vasilakos*, 508 F 3d 401 (CA 6, 2007)

# I. STATEMENT OF MATERIAL FACTS

1.      In *White v Wayne County Election Comm,* Wayne County Circuit Court
Case No. 16-011786-AW, filed on September 14, 2016, and assigned to Chief
Judge Colombo, Plaintiff Robert Davis, who was then represented by his current
attorney, Andrew A. Paterson, challenged the legality of the candidacies of certain
individuals who filed to qualify as candidates for election on November 8, 2016 for
a seat on the City of Detroit Community School District's Board of Education.
(**Exhibit A**, Wayne County Circuit Court Case No. 16-011786-AW Register of
Actions). Davis filed an emergency motion for writ of mandamus and declaratory
judgment and order to show cause. (**Exhibit A**, Wayne County Circuit Court Case
No. 16-011786-AW Register of Actions). Chief Judge Colombo denied the motion
for writ of mandamus and dismissed Davis' complaint with prejudice for
untimeliness, and denied costs to either party. (**Exhibit B**, First 9/16/16 Colombo
Order). Chief Judge Colombo also granted the motion of  Mary Anne Kovari to
intervene as a defendant. (**Exhibit C**, Second 9/16/16 Colombo Order). Davis
appealed as of right Chief Judge Colombo's final order dismissing his complaint
with prejudice. The Michigan Court of Appeals affirmed, finding that Chief Judge
Colombo did not err in holding that Davis' complaint was barred by laches and
that Kovari was qualified to be placed on the ballot. *White v Wayne County
Election Comm*, unpublished opinion per curiam of the Court of Appeals, issued

4

September 20, 2016 (Docket No. 334818). (**Exhibit D**, 9/20/16 Michigan Court of Appeals Opinion).

2.      In *Bailer v Wayne County Election Comm*, Wayne County Circuit Case No. 16-011797-AW, filed on September 14, 2016, and assigned to Chief Judge Colombo, the plaintiff, Pelelope N. Bailer, filed a complaint against the Clerk for the City of Detroit, and the Wayne County Election Commission for a writ of mandamus, declaratory, and injunctive relief, directing the Clerk and the Election Commission to place Bailer on the ballot for the November 8, 2016 election for the office of Detroit Public Schools Community District after the Election Commission removed her from the ballot due to the fact that she did not include her ward and precinct number in her Affidavit of Identity. (**Exhibit E**, Emergency Complaint, Wayne County Circuit Court Case No. 16-011797-AW). Chief Judge Colombo granted Bailer's motion for mandamus and ordered the Election Commission to take the necessary steps to place Bailer on the November 8, 2016 General Election Ballot as a candidate for the City of Detroit Community School District. (**Exhibit F**, Third 9/16/16 Colombo Order). Davis, who was represented by Mr. Paterson, sought to intervene over Bailer's objections. (**Exhibit G**, Wayne County Circuit Court Case No. 16-011797-AW Register of Actions). Chief Judge Colombo denied Davis' motion to intervene as moot and because Davis lacked standing. (**Exhibit H**, 9/30/16 Colombo Order). Although Davis was not an

5

aggrieved party under Chief Judge Colombo's final order, and was not part of the case in the trial court and neither party to the trial court proceedings appealed, Davis attempted to appeal Chief Judge Colombo's final order. The Michigan Court of Appeals granted Davis' motion for immediate consideration and motion to expedite the appeal. *Bailer v Wayne County Election Comm*, unpublished order of the Court of Appeals, entered September 19, 2016 (Docket No. 334823). (**Exhibit I**, 9/19/16 Michigan Court of Appeals Order). The Michigan Court of Appeals then dismissed the appeal, finding that Davis had no standing to appeal Chief Judge Colombo's order. *Bailer v Detroit City Clerk*, unpublished opinion per curiam of the Court of Appeals, issued September 21, 2016 (Docket No. 334823). (**Exhibit J**, 9/21/16 Michigan Court of Appeals Opinion). The Michigan Supreme Court denied Davis' application for leave to appeal. *Bailer v Detroit City Clerk*, ___ NW2d ___; 2016 WL 5344052. (**Exhibit** K, 9/22/16 Michigan Supreme Court Order). Davis filed a superintending control action against Chief Judge Colombo in the Michigan Court of Appeals. The complaint was denied. *In re Davis*, unpublished order of the Court of Appeals, entered September 21, 2016 (Docket No. 334869). (**Exhibit L**, 9/21/16 Michigan Court of Appeals Order). The Michigan Supreme Court denied Davis' application for leave to appeal. *In re Davis*, ___ NW2d ___; 2016 WL 5363734. (**Exhibit M**, 9/23/16 Michigan Supreme Court Order).

6

3.     In *Huda v Bd of Ed of Hamtramck Pub School Dist*, Wayne County Circuit Court Case No. 16-007676-AW, filed on June 16, 2016, and assigned to Chief Judge Colombo, Chief Judge Colombo held a bench trial on July 19, 2016 and July 20, 2016 on Plaintiff Mohammad Huda's application for a writ of quo warranto and determined that when Huda was elected to the Hamtramck Public School Board in 2014 and served on the Board, he was not a resident of the City of Hamtramck, a requirement to serve on the Board of Education for the Hamtramck School District. (**Exhibit N,** Wayne County Circuit Court Case No. 16-007676-AW Register of Actions; **Exhibit O,** 8/1/16 Colombo Order). On September 23, 2016, Chief Judge Colombo heard a motion brought by the Board of Education for attorney fees against Huda and his attorney, Mr. Paterson. (**Exhibit N,** Wayne County Circuit Court Case No. 16-007676-AW Register of Actions). Chief Judge Colombo awarded attorney fees against Huda on the ground that he filed a false affidavit indicating that he was a resident of Hamtramck, but did not assess any attorney fees against Mr. Paterson after concluding that Mr. Paterson had conducted a reasonable inquiry of the facts and there was no basis to find a violation of MCR 2.114 by Mr. Paterson. (**Exhibit N,** Wayne County Circuit Court Case No. 16-007676-AW Register of Actions).

4.     In *Davis v Garrett*, Wayne County Circuit Court Case No. 16-012226-AW, filed on September 23, 2016, and assigned to Chief Judge Colombo, Davis sought

7

removal of Bailer's name from the 1,300,000 ballots that were printed and delivered. (**Exhibit P**, Wayne County Circuit Court Case No. 16-01226-AW Register of Actions). In an order entered on September 28, 2016, Chief Judge Colombo dismissed Davis' complaint as violative of MCR 2.114 and barred by the doctrine of laches. (**Exhibit Q**, 9/28/16 Colombo Order). Chief Judge Colombo found that the plaintiffs and their attorney, Mr. Paterson, violated MCR 2.114(D)(2) and (3) and were subject to attorney fees and costs. (**Exhibit Q**, 9/28/16 Colombo Order). Davis filed a motion for disqualification of Chief Judge Colombo which was denied in an opinion and order issued by Chief Judge Colombo (**Exhibit R**, 10/7/16 Colombo Opinion and Order) and in an order entered by Hon. Timothy M. Kenny, Judge Pro Tem of the Wayne County Circuit Court on October 18, 2016. (**Exhibit S**, 10/8/16 Kenny Order). The Michigan Supreme Court denied Davis' application for leave to appeal prior to decision by the Michigan Court of Appeals because the Michigan Supreme Court was not persuaded that the questions presented should be reviewed before consideration by the Michigan Court of Appeals. *Davis v Wayne County Clerk*, Orders of the Michigan Supreme Court entered October 12, 2016 (Docket Nos. 15411, 15412). (**Exhibit T**, 10/12/16 Orders of the Michigan Supreme Court).

5.     On October 1, 2016, Davis filed the instant complaint against, among other defendants, Chief Judge Colombo, alleging that Chief Judge Colombo's order in

the case of *Davis v Garrett* was entered in violation of his due process rights and should be declared void under Fed. R. Civ. P. 60(b)(4). (**Exhibit U**, Complaint, pp 3, 6, 15-18, 25-28;¶¶ 6, 16, 47-58, 90-101).

6.    Pursuant to this Court's request, a telephonic conference was held on October 6, 2016, at which time the undersigned counsel indicated her intent to file a motion to dismiss based on certain legal arguments, one of which was based on the *Rooker-Feldman* doctrine. The undersigned counsel requested Mr. Paterson's concurrence. Mr. Paterson stated that he did not concur, and that he would be amending the complaint to add allegations against Chief Judge Colombo.

7.    On October 10, 2016, a first amended complaint was filed against, among other defendants, Chief Judge Colombo pursuant to 42 USC § 1983 and the Declaratory Judgment Act and seeking prospective declaratory relief against Chief Judge Colombo in his official capacity as Chief Judge of the Wayne County Circuit Court. In the first amended complaint, Mr. Paterson now raises completely different claims against Chief Judge Colombo. In Counts VI and VII of the first amended complaint, Mr. Paterson alleges that the Wayne County Circuit Court's Local Administrative Order 2015-15 (L.A.O. 2015-15), (**Exhibit V**, L.A.O. 2015-15, p 3), entered by Chief Judge Colombo on October 23, 2015, and approved by the State Court Administrative Office (SCAO) on December 10, 2015, requiring the assignment to the Chief Judge of all actions in the Wayne County Circuit Court

involving election issues, is unconstitutional because it violates Davis' due process rights. (**Exhibit W**, First Amended Complaint, pp 4, 9, 21-26, 43-49;¶¶ 7-8, 23, 64-82, 147-174).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss on grounds of lack of subject matter jurisdiction.  Under Rule 12(b)(1), "[W]hen jurisdictional facts are challenged, the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter." *Ohio Nat Life Ins Co v United States*, 922 F2d 320 (CA 6, 1990).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Dismissal is appropriate where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The rule requires a court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff's allegations plausibly establish a case which would entitle the plaintiff to relief. *Bell Atlantic Corp v Twombly*, 550 US 544; 127 S Ct 1955, 1968-70; 167 L Ed2d 929 (2007).

## III. ARGUMENT

### A.  Fed. R. Civ. P. 12(b)(1): This Court Lacks Subject Matter Jurisdiction over Plaintiffs' Claims against Chief Judge Colombo under the *Rooker-Feldman* Doctrine.

This Court's jurisdiction to hear this matter is brought to the forefront with the very first sentence of the "common facts" portion of the First Amended Complaint relative to Plaintiffs'claims against Chief Judge Colombo (**Exhibit W**, First Amended Complaint, p 21;¶ 64). Indeed, Davis asserts, in relevant part, that he filed a four-count complaint with the Wayne County Circuit Court against two of the named defendants in this case, Cathy M. Garrett, the Wayne County Clerk, and the Wayne County Election Commission. Davis then avers that Chief Judge Colombo is biased against him based on Chief Judge Colombo's "recent actions" in cases relative to Davis in the Wayne County Circuit Court, and that "[b]ecause Defendant Chief Judge Colombo's erroneous September `16, 2016 Order in the *Bailer Election Matter* created the election fraud and/or error, Defendant Chief Judge Colombo will be name party defendant in the *quo warranto* case Plaintiff Davis will be filing in the Wayne County Circuit Court." (**Exhibit W**, First Amended Complaint, pp 24-25, 45; ¶¶ 78,155). Davis' claims against Chief Judge Colombo raise the spectre of lack of jurisdiction as a result of the *Rooker-Feldman* doctrine, which prevents federal courts, other than the United States Supreme Court, from exercising "appellate jurisdiction over the decisions and/or

11

proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc v City of Grand Rapids*, 391 F3d 783, 793 (CA 6, 2004)(citations omitted). See *Rooker v Fidelity Trust Co*, 263 US 413; 44 S Ct 149; 68  L Ed 2d 362 (1923); *Dist of Columbia Court of Appeals v Feldman*, 460 US 462; 103 S Ct 1303; 75 L Ed 2d 206 (1983) (federal district court lacks subject matter jurisdiction over a claim that seeks reversal of an adverse state court judgment). In *Exxon Mobil Corp v Saudi Basic Industrial Corp*, 544 US 280, 284; 125 S Ct 1517; 161 L Ed 2d 454 (2005), the United States Supreme Court determined that the *Rooker-Feldman* doctrine applies to "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." As a consequence of *Exxon Mobil*, the application of *Rooker-Feldman* cannot be avoided by claiming that the state court judgment was fraudulently obtained.  See, e.g., *Iannucci v State of Michigan*, 2016 WL 4089215, at *4.   Rather, after *Exxon-Mobile*, "[t]he inquiry [to make regarding *Rooker-Feldman* claims] . . . is the source of the injury the plaintiff alleges in the federal complaint." *McCormick v Braverman*, 451 F3d 382, 393 (CA 6, 2006).

In the present case, all the elements of the *Rooker-Feldman* doctrine are present.  First, Davis is a state court loser, since, as indicated above, the cases at

12

issue were decided against Davis and he did not prevail on appeal. Second, Davis' allegations in his First Amended Complaint arise from final orders entered against him in those cases.  Third, the relevant state court orders were entered before the filing of the present federal lawsuit.  Finally, Plaintiff is essentially asking this Court to review and reject the state court decisions. Accordingly, the *Rooker-Feldman* doctrine applies to this case and prevents this Court from exercising jurisdiction over Davis' claims against Chief Judge Colombo that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc, supra.*

### B.  Fed. R. Civ. P. 12(b)(1): This Court Lacks Subject Matter Jurisdiction to Hear any of Plaintiff's Claims against Chief Judge Colombo Due to Lack of an Independent Federal Claim.

Even when *Rooker-Feldman* bars federal review of a state court judgment, a federal court may yet exercise subject matter jurisdiction over an independent federal claim asserted by a plaintiff.  See *McCormick v Braverman, supra.* In the instant case, the independent claim appears to be Davis' challenge to the constitutionality of L.A.O. 2015-15. Davis claims that In Count VI of the First Amended Complaint, Davis alleges that he intends to file *quo warranto* actions seeking to remove certain elected officials from their elected positions. (**Exhibit**

13

**W**, First Amended Complaint, p 45; ¶ 153),[1] and that he will be filing a *quo warranto* action in the Wayne County Circuit Court seeking to void any and all votes cast for Bailer as a candidate for the Detroit Community School District Board of Education based upon ostensible fraud or error. (**Exhibit W**, First Amended Complaint, pp 48; ¶ 168). However, under the ripeness doctrine, Davis' claims against Chief Judge Colombo are barred insofar as Davis' *quo warranto* actions are speculative at best and may never occur. See *Abbott Laboratories v Gardner*, 387 US 136, 148; 87 S Ct 1507; 18 L Ed 2d 681 (1967).

Due to the lack of ripeness, Davis has failed to state an independent claim such that this Court would have jurisdiction to hear any portion of Davis' claims. Accordingly, all of Davis' claims against Chief Judge Colombo should be dismissed under Fed. R. Civ. P. 12(B)(1) for lack of subject matter jurisdiction.

### C. Fed. R. Civ. P. 12(b)(6): Plaintiffs' Claims against Chief Judge Colombo are Barred by the Doctrine of Res Judicata.

Under the doctrine of res judicata, a party is precluded from bringing a claim where there exists: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or should have been litigated

---

[1] Although Davis has failed to state the court in which he intends to file his *quo warranto* actions, it is presumed at least for purposes of the instant motion that the Wayne County Circuit Court would be the court in which the actions would be filed.

14

in the prior action; and (4) an identity of the causes of action. *Id*. at 406. In this regard, it is well settled that "federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering states." *Abbott v Michigan*, 474 F 3d 324, 330 (CA 6, 2007). Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. See *Adair v State*, 470 Mich 105; 680 NW2d 386 (2004).

In the case at bar, Plaintiffs' substantive claims themselves are barred by the doctrine of res judicata since it is undisputed that the trial court had jurisdiction over those claims, each of which proceeded to a final order and Plaintiffs' present complaint, in essence, is a rehash of the claims that were rejected by Chief Judge Colombo in the Wayne County Circuit Court. See also *United States v Vasilakos*, 508 F 3d 401, 406 (CA 6, 2007). Plaintiffs' claims against Chief Judge Colombo must therefore fail and be dismissed.

### D. Fed. R. Civ. P. 12(b)(6): Plaintiffs have Failed to State Claims against Chief Judge Colombo upon which Relief can be Granted.

In Count VI of the First Amended Complaint, Davis alleges that he intends to file *quo warranto* actions seeking to remove certain elected officials from their

elected positions. (**Exhibit W**, First Amended Complaint, p 45; ¶ 153).[2] Under L.A.O. 2015-15, these actions would be assigned to Chief Judge Colombo insofar as they pertain to election related matters. (**Exhibit V**, L.A.O. 2015-15, p 3). Davis claims that Chief Judge Colombo "harbors a clear bias against Plaintiff Davis" based on "Defendant Chief Judge Colombo's recent actions in cases Plaintiff Davis has participated in" that "clearly reflect that Defendant Chief Judge Colombo cannot be a fair and an impartial decision maker with respect to any election cases involving Plaintiff Davis." (**Exhibit W**, First Amended Complaint, p 45; ¶ 155). Davis further asserts that chief Judge Colombo "is biased" towards him, that "the proofs thereof of bias" towards Davis "are clearly documented and evident," and that "it is clear to" Davis "from Defendant Chief Judge Colombo's conduct that he is biased" towards Davis and "is not an impartial decision maker. (**Exhibit W**, First Amended Complaint, pp 46-47; ¶¶ 158, 162).

In Count VII of the First Amended Complaint, Davis alleges that he will be filing a *quo warranto* action in the Wayne County Circuit Court seeking to void any and all votes cast for Bailer as a candidate for the Detroit Community School District Board of Education based upon ostensible fraud or error. (**Exhibit W**, First Amended Complaint, pp 48; ¶ 168). Davis indicates his intention to name Chief

---

[2] Although Davis has failed to state the court in which he intends to file his *quo warranto* actions, it is presumed at least for purposes of the instant motion that the Wayne County Circuit Court would be the court in which the actions would be filed.

Judge Colombo as a party defendant in such action. (**Exhibit W**, First Amended Complaint, pp 48; ¶ 169). Under L.A.O. 2015-15, the action would be assigned to Chief Judge Colombo insofar as it pertains to election related matters. (**Exhibit V**, L.A.O. 2015-15, p 3). Davis claims that Chief Judge Colombo should be disqualified from presiding over the *quo warranto* action and any election related case in which Chief Judge Colombo is a named party defendant in order to protect Davis' constitutional right to due process. (**Exhibit W**, First Amended Complaint, p 49; ¶¶ 171, 173 ).

Count VI and Count VII in the First Amended Complaint are predicated on L.A.O. 2015-15, which provides in pertinent part:

> **IT IS ORDERED:**
>
>> Pursuant to the provisions of MCR 8.111(B) Assignment of Cases, it is ordered that the following system be used effective immediately:
>>
>> \*\*\*
>>
>> 3.   For the purpose of administrative efficiency, the following types of cases or proceedings shall be assigned to the Chief Judge:
>>
>> a. all actions involving election issues.
>
> (**Exhibit V**, L.A.O. 2015-15, p 3).

Davis alleges that L.A.O. 2015-15: (1) as applied to him, is unconstitutional because it violates his constitutional right to due process under the Fourteenth

17

Amendment; and (2) violates his constitutional right to due process to the extent that it requires an election related case to be assigned to Chief Judge Colombo even if he is a named party defendant. (**Exhibit T**, Complaint, pp 47, 49, ¶¶ 163, 174).

As indicated above, L.A.O. 2015-15 was entered by Chief Judge Colombo pursuant to his authority as a chief judge which is governed by the Chief Judge Rule found in MCR 8.110 as adopted in 1985 and refined in a series of amendments by the Michigan Supreme Court. See *Schell v Baker Furniture Co*, 461 Mich 502; 607 NW2d 358 (2000). Specifically, Subrule (C) pertains to the duties and powers of a chief judge, providing in pertinent part:

> 3) As director of the administration of the court, a chief judge shall have administrative superintending power and control over the judges of the court and all court personnel with authority and responsibility to:
>
> (a) supervise caseload management and monitor disposition of the judicial work of the court;
>
> (b) direct the apportionment and assignment of the business of the court, subject to the provisions of MCR 8.111.
>
> MCR 8.111.

These provisions allow for the assignment of all election cases to Chief Judge Colombo. See *Derrick v City of Detroit*, 168 Mich App 560; 425 NW2d 154 (1988)(chief judge could assign all forfeiture cases to one judge under circuit court

18

administrative order authorizing one judge to hear all forfeiture cases); *Schnell*, 461 Mich at 513 (chief judge has the specific authority and responsibility to act in accordance with each separate provision of the Chief Judge rule). It is undisputed that Chief Judge Colombo presided over various election cases and made rulings against the interests of Davis in those cases, namely the *White v Wayne County Election Comm*, *Bailer v Wayne County Election Comm*, *Huda v Bd of Ed of Hamtramck Pub School Dist*, and *Davis v Garrett* cases discussed earlier.

"Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). "A trial judge is presumed unbiased, and the party asserting otherwise has the heavy burden of overcoming the presumption." *Id*. Disqualification of a judge is warranted when, among other things, the judge is actually biased or prejudiced for or against a party, MCR 2.003(C)(1)(a), there is a reasonable perception that the judge has "a serious risk of actual bias," MCR 2.001(C)(1)(b)(i), or there is a reasonable perception that the judge has failed to adhere to the "appearance of impropriety" standard of the Michigan Code of Judicial Conduct, MCR 2.003(C)(1)(b)(ii).

Here, even when accepting Plaintiffs' allegations as true, Plaintiffs have failed to establish that Chief Judge Colombo was biased against them because there is no record evidence of any bias. Plaintiffs have merely alleged that Chief

19

Judge Colombo was a potential witness in Davis' federal criminal case and was the subject of a recent civil suit brought by Davis in the Michigan Court of Appeals. (**Exhibit W**, First Amended Complaint, pp 23-24,46; ¶¶ 74-75, 159). Plaintiffs also reference a side bar conference that took place in the *Huda v Bd of Ed of Hamtramck Pub School Dist* action and a show cause hearing in the *Davis v Garrett* case. (**Exhibit W**, First Amended Complaint, pp 21-22, 46, ¶ 65-68, 70). Plaintiffs further make mention that Davis apparently publically criticized Chief Judge Colombo on a popular radio show for his ruling in the *Bailer v Wayne County Election Comm* case. (**Exhibit W**, First Amended Complaint, p 24, ¶ 76)

By Plaintiffs' own admissions, however, Chief Judge Colombo was only a "potential" witness, and was never called to testify. The civil suit Plaintiffs are referring to is the superintending control action filed by Davis against Chief Judge Colombo in the Michigan Court of Appeals which was dismissed by the appellate court. Davis' remarks do not show any bias by Chief Judge Colombo since they are merely amount to the opinion of Dais.

Regarding the side bar conference, Plaintiffs assert that Chief Judge Colombo asked Mr. Paterson "why was he filing a new case and asked him generally what were his or his clients' motives for these proceedings seeking Ms. Bailer's removal from the ballot," whereupon Mr. Paterson "responded by informing Defendant Chief Judge Colombo that he and his client simply believed

20

that the law should [be] followed no matter what it applied to." (**Exhibit W**, First Amended Complaint, pp 21-22, ¶ 66-67). Even assuming, arguendo, that this isolated exchange took place as Plaintiffs describe, the remarks, if made, simply do not rise to the level of bias in that they reflect no inherent bias towards Plaintiffs or Mr. Paterson. It is well settled that a "judge's remarks … which are critical of or hostile to counsel, the parties, or their cases, ordinarily do not establish disqualifying bias." *In re MKK*, 286 Mich App 546, 567; 781 NW2d 132 (2009). As for the referenced show cause hearing, Plaintiffs only allege that "it *seemed* apparent that Chief Judge Colombo was biased towards Plaintiff Davis." (Exhibit First Amended Complaint, p 22, ¶ 70) (Emphasis added). Plaintiff's speculations and conjecture are insufficient to prove the existence of bias.

In essence, Plaintiffs have engaged in a desperate attempt to show bias on the part of Chief Judge Colombo in order to obtain Chief Judge Colombo's disqualification from all actions involving election issues in the Wayne County Circuit Court based on Chief Judge Colombo's rulings against Davis in prior actions brought by Davis in the Wayne County Circuit Court and assigned to Chief Judge Colombo. Significantly, Chief Judge Colombo's rulings were all upheld on appeal. However, even if Chief Judge Colombo committed reversible error, it would not be a viable basis for disqualification. See *In Re MKK*, 286 Mich App at 566 (disqualification on the basis of bias or prejudice cannot be established merely

21

by repeated rulings against a litigant, even if the rulings are erroneous). Otherwise, plaintiffs could file frivolous lawsuits in order to judge shop, and such lawsuits by litigants who desire the exclusion of those judges they disfavor from presiding over their cases would be encouraged. See *People v Bero*, 168 Mich App 545 (1988); *Grievance Administrator v Fieger*, 475 Mich 1211, 1212; 714 NW2d 285 (2006)(statement by Markman, J.).

It is clear that Davis has filed this frivolous lawsuit against Chief Judge Colombo in retaliation for his adverse rulings, and as a pretext for attempting to disqualify Chief Judge Colombo from election cases in the Wayne County Circuit Court which Plaintiffs have threatened to bring in the future in that forum. Plaintiffs have not met their burden of demonstrating that Chief Judge Colombo was biased against them. *Mitchell*, 296 Mich App at 523. Quite to the contrary, Plaintiffs are simply dissatisfied with certain rulings made by Chief Judge Colombo, and their attempt to engage in judge-shopping, notably the disqualification of Chief Judge Colombo in order to secure a more desired judge, should not be tolerated by this Court. A dismissal of Plaintiffs' claims against Chief Judge Colombo is warranted based on the facts on the record. To hold otherwise would be to invite judge-shopping. Finally, in the event that Davis and his attorney are dissatisfied with putative unfavorable rulings by Chief Judge

Colombo in future election cases they commence in the Wayne County Circuit Court, their available remedy would be to file state court appeals.

## IV. CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Chief Judge Colombo respectfully requests that this Court:

(1) Grant his Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6);

(2) Grant any other relief that this Court deems appropriate.

*/s/ Ellen Sharf*

_____

Ellen Sharf (P37711)
Attorney for Defendant
Wayne County Third Circuit Court
Office of the General Counsel
Associate General Counsel-Civil Division
742 Coleman A. Young Municipal Center
2 Woodward Avenue
Detroit, MI 48226
313) 224-8805
ellen.sharf@3rdcc.org

**DATED:** October 17, 2016

## LOCAL RULE CERTIFICATION

I, Ellen Sharf, certify that this document complies with Local Rule 5.1(a), including: double spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

I certify that on October 17, 2016, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

*/s/ Ellen Sharf*

_____

Ellen Sharf (P37711)
Attorney for Defendant
Wayne County Third Circuit Court
Office of the General Counsel
Associate General Counsel-Civil Division
742 Coleman A. Young Municipal Center
2 Woodward Avenue
Detroit, MI 48226
(313) 224-8805
ellen.sharf@3rdcc.org

## INDEX OF EXHIBITS

**A)**   Wayne County Circuit Court Case No. 16-011786-AW Register of Actions

**B)**   First 9/16/16 Colombo Order

**C)**   Second 9/16/16 Colombo Order

**D)**   9/20/16 Michigan Court of Appeals Opinion

**E)**   Emergency Complaint, Wayne County Circuit Court Case No. 16-011797-AW

**F)**   Third 9/16/16 Colombo Order

**G)**   Wayne County Circuit Court Case No. 16-011797-AW Register of Actions

**H)**   9/30/16 Colombo Order

**I)**   9/19/16 Michigan Court of Appeals Order

**J)**   9/21/16 Michigan Court of Appeals Opinion

**K)**   9/22/16 Michigan Supreme Court Order

**L)**   9/21/16 Michigan Court of Appeals Order

**M)**   9/23/16 Michigan Supreme Court Order

**N)**   Wayne County Circuit Court Case No. 16-007676-AW Register of Actions

**O)**   8/1/16 Colombo Order

**P)**   Wayne County Circuit Court Case No. 16-01226-AW Register of Actions

**Q)**   9/28/16 Colombo Order

**R)**   10/7/16 Colombo Opinion and Order

**S)**   10/8/16 Kenny Order

**T)**    10/12/16 Michigan Supreme Court Orders

**U)**    Complaint

**V)**    L.A.O. 2015-15

**W)**    First Amended Complaint

# EXHIBIT A

# REGISTER OF ACTIONS
## CASE NO. 16-011786-AW

| | | | |
|---|---|---|---|
| Davis, Robert , et al. v Wayne County Election Commission , et al. | § § § § | Location:<br>Judicial Officer:<br>Filed on: | Civil Division<br>Colombo, Robert J., Jr.<br>09/14/2016 |

---

### CASE INFORMATION

**Statistical Closures**
09/16/2016    Dismissed (Section A)

Case Type:    **(AW) - Writs**

Case Status:    **09/16/2016    Final**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 16-011786-AW |
| Court | Civil Division |
| Date Assigned | 09/14/2016 |
| Judicial Officer | Colombo, Robert J., Jr. |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Davis, Robert** | **Pro Se** |
| | **White, Desmond M.** | **Pro Se** |
| **Defendant** | **Wayne County Election Commission** | **Anderson-Davis, Janet**<br>*Retained*<br>(313) 224-6684(W) |
| | **Winfrey, Janice** | **Noseda, James D.**<br>*Retained*<br>(313) 237-3057(W) |
| **Intervening Party** | **Kovari, Mary Anne** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/14/2016 | Appeal Actions from Lower/Other Courts/Agency<br>*(Clerk: Tyler,F)* | |
| 09/14/2016 | Writ, Filed<br>*(Clerk: Tyler,F)* | |
| 09/14/2016 | Case Filing Fee - Waived<br>*(Clerk: Tyler,F)* | |
| 09/14/2016 | Motion for Order to Show Cause-WVD<br>*Fee: Waived; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* | |
| 09/15/2016 | Order to Show Cause, Signed and Filed<br>*(Clerk: Tyler,F)* | |
| 09/16/2016 | **Show Cause Hearing** (Judicial Officer: Colombo, Robert J., Jr.) | |

*Printed on 10/11/2016 at 10:02 AM*

# THIRD JUDICIAL CIRCUIT OF MICHIGAN

# REGISTER OF ACTIONS
## CASE NO. 16-011786-AW

| | | |
|---|---|---|
| 09/16/2016 | | Appearance of Attorney, Filed<br>*(Clerk: Tyler,F)* |
| 09/16/2016 | | Motion for Miscellaneous Action Granted. Order to Follow (Judicial Officer: Colombo, Robert J., Jr. )<br>*pl emergency mo (Clerk: Johnson,M)* |
| 09/16/2016 | | Answer to Motion, Filed<br>*(Clerk: Tyler,F)* |
| 09/16/2016 | | Motion to Intervene, Filed<br>*Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* |
| 09/16/2016 | | Answer to Motion, Filed<br>*(Clerk: Tyler,F)* |
| 09/16/2016 | | Brief in Opposition to Motion, Filed<br>*(Clerk: Tyler,F)* |
| 09/16/2016 | | Order to Show Cause, Signed and Filed<br>*(Clerk: Tyler,F)* |
| 09/16/2016 | | Brief in Opposition to Motion, Filed<br>*(Clerk: Tyler,F)* |
| 09/16/2016 | | Order for Miscellaneous Action, Signed and Filed<br>*(Clerk: Tyler,F)* |
| 09/16/2016 | | Closed/Final - Order of Dismissal, Signed and Filed (Judicial Officer: Colombo, Robert J., Jr. )<br>*order denying mo for writ of mandamus (Clerk: Tyler,F)* |
| 09/19/2016 | | Higher Court Order/Decision Received by Circuit Court<br>*Motion to waive fees, motion to expedite, and motion for immediate consideration are granted.*<br>*COA # 334818. (Clerk: Heimiller,K)* |
| 09/20/2016 | | Higher Court Order/Decision Received by Circuit Court<br>*Affirmed. COA # 334818. (Clerk: Heimiller,K)* |

*Printed on 10/11/2016 at 10:02 AM*

# EXHIBIT B

STATE OF MICHIGAN
CIRCUIT COURT FOR THE COUNTY OF WAYNE

DESMOND M. WHITE, and
ROBERT DAVIS,

                Plaintiffs,

vs.                                                          Case No. 16-011786-AW
WAYNE COUNTY ELECTION COMMISSION,     Honorable Robert J. Colombo, Jr.
And JANICE WINFREY, in her official capacity as
The Elected City Clerk,

                Defendants.

16-011786-AW

FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/16/2016 1:57:02 PM
CATHY M. GARRETT

_____ /

| | |
|---|---|
| Andrew A. Paterson (P18690) | Zenna Elhasan (P67961)     Matthew Johnson |
| Attorney for Plaintiff | Corporation Counsel |
| 46350 Grand River, Suite C | Janet Anderson-Davis (P29499) |
| Novi, Michigan 48374 | Assistant Corporation Counsel |
| (248)568-9712 | Attorneys for Election Commission |
| aap43@outlook.com | 500 Griswold, 29th Floor South |
| | Detroit, Michigan 48226 |
| | (313) 224-6684 |
| | jandersn@waynecounty.com |

_____ /

ORDER DENYING EMERGENCY MOTION FOR WRIT OF MANDAMUS

At a session of said Court held in the City of Detroit,
County of Wayne, State of Michigan, on

9/16/2016
_____

Present:     Hon. Robert J. Colombo, Jr.
             Judge of the Wayne County Circuit Court

This matter having come before the Court on an Emergency Motion For Writ Of mandamus

And Declaratory Judgment And Order To Show Cause; the Defendants and Intervenor having

submitted responses; and the Court having heard argument and being fully advised,

THE COURT FINDS:

This matter is barred by laches.  Intervenor and the electorate of the city of Detroit are prejudiced by Plaintiffs' delay.

Intervenor is a resident and elector of the city of Detroit and is qualified to be a candidate for the Detroit Community School District Board for the November 8, 2016 General Election.

IT IS HEREBY ORDERED that the Motion For Writ of Mandamus is denied.  The Complaint is dismissed with prejudice.   The Court assesses no costs to either party.

This is a final order and closes the case.

/s/ Robert J. Colombo, Jr.
_____
HONORABLE ROBERT J. COLUMBO, JR.

16-011786-AW

2

# EXHIBIT C

STATE OF MICHIGAN

IN THE CIRCUIT COURT OF THE COUNTY OF WAYNE

DESMOND M. WHITE and
ROBERT DAVIS,

      Plaintiffs,                           Case No. 16-011786-AW

v.                                  Honorable Robert J. Colombo, Jr.

WAYNE COUNTY ELECTION COMMISSION and
JANICE WINFREY, in her official capacity as the
Elected City Clerk for the City of Detroit,

      Defendants,

and

MARY ANN KOVARI,

      Proposed Intervening Defendant.

_____/

16-011786-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/16/2016 1:55:59 PM
CATHY M. GARRETT

Matthew Johnson

| | |
|---|---|
| ANDREW A. PATTERSON (P18690)<br>Attorney for Plaintiffs<br>46350 Grand River, Suite C<br>Novi, MI 48374<br>(248) 568-9712<br>aap43@outlook.com | SACHS WALDMAN, P.C.<br>ANDREW NICKELHOFF (P37990)<br>MARY ELLEN GUREWITZ (P25724)<br>Attorney for Proposed Intervening Defendant<br>2211 E. Jefferson, Ste. 200<br>Detroit, MI 48207<br>(313) 496-9429<br>anickelhoff@sachswaldman.com |
| ZENNA ELHASON (P67691)<br>Wayne County Corporation Counsel<br>JANET ANDERSON-DAVIS (P29499)<br>Attorneys for Defendant Wayne Co.<br>Election Commission<br>500 Griswold, Rm. 1267<br>Detroit, MI 48226<br>(313) 224-6684<br>Jandern@co.wayne.mi.us | |

_____/

**ORDER GRANTING MOTION OF MARY
ANNE KOVARI TO INTERVENE AS DEFENDANT**

1

At a session of the Court held in the U.S. Courthouse, City of Detroit, Wayne County, Michigan on September 16, 2016.

HONORABLE:  ROBERT J. COLOMBO, JR.

This matter having come on to be heard on the Motion of Mary Anne Kovari to Intervene as Defendant and the court having heard oral argument from the parties and otherwise being fully advised:

IT IS HEREBY ORDERED, for the reasons set forth on the record, that the Motion of Mary Anne Kovari to Intervene as Defendant is GRANTED.

DATED: 9/16/2016 _____

/s/ Robert J. Colombo, Jr.
_____
HONORABLE ROBERT J. COLOMBO, JR.

2

# EXHIBIT D

# STATE OF MICHIGAN

# COURT OF APPEALS

DESMOND M. WHITE and
ROBERT DAVIS,

UNPUBLISHED<br>September 20, 2016

          Plaintiffs-Appellants,

v

          No.  334818
          Wayne Circuit Court

WAYNE COUNTY ELECTION COMMISSION
and JANICE WINFREY, in her capacity as the
Elected City Clerk,

          LC No.  16-011786-AW

          Defendants-Appellees,

and

MARY ANNE KOVARI,

          Intervening Defendant/Appellee.

Before:  MURRAY, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

      Plaintiffs appeal as of right the circuit court's final order dismissing plaintiffs' complaint with prejudice.  Because plaintiffs' challenge is to the eligibility of a candidate for election on November 8, 2016, to the newly created Detroit Community School District Board, we granted plaintiffs' request to expedite this appeal.  See *White v Wayne Co Election Comm*, unpublished order of the Court of Appeals, entered September 19, 2016 (Docket. No. 334818).[1]  We affirm.

      For two reasons plaintiffs' appeal cannot succeed.  First, the trial court did not clearly err in holding that plaintiffs' complaint was barred by laches.  *Gallagher v Keefe*, 232 Mich App 363, 369; 591 NW2d 297 (1998).  Both our Court and the Supreme Court have previously cautioned litigants to refrain from waiting until the "11th hour" to bring a challenge to the electoral process.  See *Schwartz v Secretary of State*, 393 Mich 42, 50 n 5; 222 NW2d 517

---

[1] We appreciate all counsels' efforts in complying with the very tight briefing schedule mandated by the timing of this proceeding.

-1-

(1974), *Kuhn v Secretary of State*, 228 Mich App 319, 335; 579 NW2d 101 (1998), and *New Democratic Coalition v Austin*, 47 Mich App 343, 356; 200 NW2d 749 (1972). Here, as the trial court presumably found, plaintiffs waited until September 9, 2016, to first challenge the validity of Mary Anne Kovari's candidacy based upon her Affidavit of Identity, a document which was filed and available to the public no later than July 26, 2016. Yet plaintiffs failed to bring any challenge, in court or otherwise, until just prior to defendant Wayne County Election Commission's decision, and filed their complaint in court on September 14, 2016. At the same time, printing of absentee ballots has commenced and will be completed by September 20, and those ballots must be turned over to local election officials by September 24. As was the case in *Schwartz*, 393 Mich at 50 n 5, it appears as though plaintiffs delayed in the filing of their suit until such time it would become impossible to conduct the general election on the prescribed dates. As such, the trial court did not clearly err in concluding that plaintiffs acted with unexcused delay, which in turn caused prejudice to defendants. *Gallagher*, 232 Mich App at 369.

Second, the trial court did not err in concluding that Kovari was qualified to be placed on the ballot. Contrary to plaintiffs' arguments, recently enacted statutory law governs elections to community school district boards, and relevant for our purposes, is set forth in MCL 380.6, MCL 380.384 and MCL 168.492. Pursuant to those provisions, (1) seven "school electors" are to be elected at the first general election following creation of (or transfer to) a community school district, MCL 380.384(3); (2) a school elector must be qualified under MCL 168.492 and be a resident of the school district on or before the 30th day before the next general election, MCL 380.6(3), which in this case is the November 8, 2016 general election, MCL 380.384(3), and (3) under MCL 168.492, a person is a qualified elector if she is a United States citizen, 18 years of age or older, a Michigan resident for not less than 30 days, and a resident of the city on or before the 30th day before the next general election, i.e., November 8, 2016. As the trial court found, Kovari met these requirements. Plaintiffs' argument to the contrary neglects the more recent and specific law applicable to community school district elections.[2]

Affirmed. No costs, an issue of public importance at issue. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan

---

[2] *Davis v Chatman*, 292 Mich App 603; 808 NW2d 555 (2011) and *Berry v Garrett*, ___ Mich App ___; ___ NW2d ___ (2016)(Docket No. 333225), are inapplicable because they applied different provisions of the revised school code and election law than are at issue here. Nor did either case address laches.

-2-

# EXHIBIT E

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PENELOPE N. BAILER, an individual,

     Plaintiff,

vs.

JANICE WINFREY, in her official capacity as Clerk
for the City of Detroit, and the WAYNE COUNTY
ELECTION COMMISSION,

     Defendants.

_____/

Civil Action No.
Hon.

16-011797-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/14/2016 5:15:37 PM
CATHY M. GARRETT

John D. Pirich, (P23204)
Kevin M. Blair, (P76927)
Andrew M. Pauwels, (P79167)
Honigman Miller Schwartz and Cohn LLP
222 N. Washington Square, Suite 400
Lansing, MI 48933
(517) 377-0712
Attorneys for Plaintiff Penelope N. Bailer

_____/

## EMERGENCY COMPLAINT FOR A WRIT OF MANDAMUS, DECLARATORY, AND INJUNCTIVE RELIEF

There is no other pending or
resolved civil action arising out
of the transaction or occurrence
alleged in the complaint.

/s/ Andrew M. Pauwels
Andrew M. Pauwels, (P79167)

Plaintiff Penelope N. Bailer ("Ms. Bailer"), by and through her counsel, Honigman Miller

Schwartz and Cohn, LLP, for her Emergency Complaint for a Writ of Mandamus, Declaratory,

and Injunctive Relief states as follows:

22616450.3

## PARTIES

1.       Ms. Bailer is a candidate for the office of Detroit Public Schools Community District ("DPSCD") Board Member.

2.       Defendant Janice Winfrey, Detroit City Clerk (the "Clerk"), is an elected City of Detroit official, whose duties include certification of candidates for the election ballot.

3.       Defendant Wayne County Election Commission (the "Election Commission") is a local governmental entity established pursuant to MCL 168.23, whose duties include preparing election ballots.

## JURISDICTION

4.       Jurisdiction is proper in this Court pursuant to MCL 600.4401 and MCR 3.305(A)(2).

## GENERAL ALLEGATIONS

5.       This is an original action seeking a writ of mandamus and/or injunctive and declaratory relief directing the Clerk and the Election Commission to place Ms. Bailer on the ballot for the November 2016 general election.

6.       Ms. Bailer is a candidate for the DPSCD School Board.

7.       On July 26, 2016, Ms. Bailer submitted an Affidavit of Identity and Receipt of Filing to the Clerk, as well as a filing fee of $100.00 as required by MCL 168.558.  (**Exhibit A,** Affidavit of Identity and Receipt.)

8.       The Affidavit of Identity was certified by the Clerk on July 26, 2016.

9.       In reliance on the Clerk's actions, Ms. Bailer began campaigning for the office of DPSCD Board Member, including devoting significant time and money to campaign efforts. (*See* **Exhibit B,** Affidavit of Ms. Bailer.)

2

22616450.3

10.     On September 9, 2016, Robert Davis, a citizen of Highland Park (with no standing), and his sister, Desmond White,[1] filed a challenge with the Election Commission to Ms. Bailer's candidacy, as well as the candidacies of Robert Earl Thomas and Mary Anne Kovari, also candidates for the DPSCD School Board.   Davis and White requested that Ms. Bailer be disqualified as a candidate and her name not be certified for printing on the ballot for the general election.

11.     Counsel for Davis and White indicated that Mr. Davis received and inspected copies of the Affidavits of Identity in August 2016, but nonetheless waited until September 9, 2016 to file the challenge.

12.     Davis and White challenged Ms. Bailer's candidacy on the ground that Ms. Bailer failed to list a precinct number on her Affidavit of Identity.

13.     MCL 168.558 is irrelevant to city-wide elections—especially since Ms. Bailer has been a resident of Wayne County for 41 years.

14.     On September 13, 2016, after hearing argument regarding laches, the Election Commission granted the challenge filed by Davis and White, ordering that Ms. Bailer's name not be certified for and printed on the ballot for the general election.   The Election Commission confirmed this decision in writing on September 14, 2016, stating that, having "considered the legal challenge filed on behalf of Desmond White and Robert Davis . . . [t]he Wayne County Election Commission determined that your Affidavit of Identity was insufficient, as it failed to

---

[1] Messrs. Davis and Patterson continue to use Ms. White as a jurisdictional pawn to bring these vexatious 11th hour election-related actions.   See, e.g., *Davis v Wayne Co Elections Commission*, No. 16-12547, 2016 WL 4537819 (ED Mich Aug 31, 2016) (dismissing Davis because he had no standing); *White v City of Detroit Election Commission*, 305 Mich App 649 (2014).

3

22616450.3

indicate your voting precinct number." (*See* **Exhibit C**, 09/14/16 Letter from Election Commission.)

15.    The deadline to submit the affidavit of identity was July 26, 2016. As explained by the Wayne County Director of Elections, Ms. Delphine Oden, at the September 13, 2016 Board of Election Commissioners' meeting, ballots for the 2016 general election need to be in the hands of clerks by September 24, 2016. The window of time between the finalization of the ballots and the printing of the ballots is very tight. Printing of the ballots needs to begin as early as Friday, September 16, 2016.

16.    Davis and White waited weeks after the July 26, 2016 deadline before asking to review Ms. Bailer's Affidavit of Identity, and then they waited until the last possible moment to challenge Ms. Bailer's candidacy so that she would not have any opportunity to cure any alleged deficiency.

17.    The doctrine of laches is a "judicially-imposed equitable principle" which denotes "the passage of time combined with a change in condition which would make it inequitable to enforce a claim." *Lothian v City of Detroit*, 414 Mich 160, 168; 324 NW2d 9 (1982).

18.    The doctrine of laches bars such last minute challenges to a candidate's eligibility. *See Schwartz v Secretary of State*, 393 Mich 42, 50 n5; 222 NW2d 571 (1974) ("Waiting until the 11th hour to challenge some aspect of the election process has served as grounds for denying relief."). Indeed, the Court of Claims recently refused to consider the merits of a candidacy challenge under very similar circumstances. See Farrington v. Johnson, Aug 30, 2015 Opinion and Order at 4-5 (attached as **Exhibit D**). In that case, Judge Stephens held that laches barred an 11th hour challenge because the information underlying the challenge was publicly available long before the challenge was filed, and waiting until the last minute "clearly prejudices the electorate."

19.     Likewise, here, Ms. Bailer and the electorate of the City of Detroit will be severely prejudiced if Defendants are not ordered to include her name on the ballot. Ms. Bailer has devoted considerable time and resources to the campaign in support of her candidacy, including meetings with organizations regarding endorsements, meetings with community leaders, and campaigning with constituents. (Exhibit B.)

20.     Clearly, Davis and White waited until the last minute to challenge Ms. Bailer's candidacy so that there would be very limited time for administrative and/or judicial review of their claim before the ballots are printed.

### EXPLANATION REGARDING EXIGENT CIRCUMSTANCES

21.     Upon information and belief, the ballots for the 2016 general election will be printed as early as September 16, 2016. As such, Ms. Bailer respectfully requests that the proceedings be expedited as much as possible so that this Court can issue its decision before the deadline to begin printing the ballots.

### COUNT I – WRIT OF MANDAMUS

22.     Plaintiff incorporates by reference all previous paragraphs as if fully set forth here.

23.     "Mandamus is the appropriate remedy for a party seeking to compel action by election officials." *Citizens Protecting Michigan's Constitution v Secretary of State*, 280 Mich App 273, 283; 761 NW2d 210, aff'd in part 482 Mich 960 (2008).

24.     This Court should issue a writ of mandamus compelling Defendants to include Ms. Bailer on the 2016 general election ballot.

25.     The Defendants have a clear legal duty to certify qualified candidates.

26.     This Court should issue a declaratory judgment that Ms. Bailer is qualified to appear on the 2016 general election ballot and issue a writ of mandamus compelling Defendants to include Ms. Bailer on the 2016 general election ballot.

22616450.3

**COUNT II – DECLARATORY JUDGMENT THAT PENELOPE N. BAILER IS QUALIFIED TO APPEAR ON THE 2016 GENERAL ELECTION BALLOT**

27.     Plaintiff incorporates by reference all previous paragraphs as if fully set forth here.

28.     This Court has the authority to issue a declaratory judgment pursuant to MCR 2.605 because there is an actual controversy between the parties regarding whether Ms. Bailer is qualified to appear on the 2016 general election ballot.

29.     The doctrine of laches prevents impermissible delay in challenges to the conduct of elections.

30.     This Court should issue a declaratory judgment that Ms. Bailer is qualified to appear on the 2016 general election ballot.

**COUNT III – INJUNCTIVE RELIEF**

31.     Plaintiff incorporates by reference all previous paragraphs as if fully set forth here.

32.     Injunctive relief is appropriate here because the exigency of a pending election often renders any legal remedy inadequate. *See, e.g.*, *Treasurer of the Committee to Elect Gerald D Lostracco v Fox*, 150 Mich App 617, 621; 389 NW2d 446 (1986).

33.     Ms. Bailer and the citizens of Detroit face a real and imminent danger of irreparable injury of Ms. Bailer being disqualified from the 2016 general election ballot if injunctive relief does not issue.

34.     Ms. Bailer has a strong likelihood of success on the merits because the doctrine of laches prohibits the late challenge filed by Davis and White.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Penelope N. Bailer respectfully requests that this Honorable Court:

22616450.3

A.     Issue a writ of mandamus ordering that the Defendants have a clear legal duty to include Ms. Bailer on the ballot for the 2016 general election.

B.     Issue a declaratory judgment declaring that Ms. Bailer is qualified to appear on the 2016 general election ballot.

C.     Issue an injunction requiring Defendants to print Ms. Bailer's name on the 2016 general election ballot.

D.     Order any and all such other relief as justice may so require.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Plaintiff Penelope N. Bailer


By: /s/ Andrew M. Pauwels
    John D. Pirich, (P23204)
    Kevin M. Blair, (P76927)
    Andrew M. Pauwels, (P79167)
222 N. Washington Square, Suite 400
Lansing, MI 48933
(517) 377-0712
jpirich@honigman.com
kblair@honigman.com
apauwels@honigman.com

Dated:  September 14, 2016

# EXHIBIT A

# AFFIDAVIT OF IDENTITY AND RECEIPT OF FILING

PLEASE COMPLETE SECTIONS I, II, III AND IV BELOW (Print or Type) – See Reverse Side for Important Notifications

| OFFICE USE ONLY | Received by *L. Nassengille* | No. of Petition Sheets or Receipt No. *542177* |
|---|---|---|
| | Reviewed by | Date of Filing *7-26-16* |
| | Jurisdiction/District of Office Sought *Detroit Community School District B* | CFR I.D. No. |

**I.   CANDIDATE IDENTIFICATION**

Name _BAILER_ _Penelope_ _N._   Birth date _11_ / _10_ / _140_
(Last) (First) (Middle) (Month) (Day) (Year)

Have you changed your name within the last 10 years for reasons other than marriage?  ☐ Yes  ☑ No

If yes, enter full former name here (See "Section A" on reverse) _____

**I WISH TO HAVE MY NAME APPEAR ON THE BALLOT AS PRINTED BELOW** (Please print upper & lower case - nicknames/titles not permitted. See "Sec. B" on reverse.)

| P | e | n | n | y | | B | a | i | l | e | r | | | | | | | |

Residence Address (Street Address, City, Zip Code):        Mailing Address (See "Section C" on reverse):

_1324 Joliet Place_        _(Same)_
(Street Address)        (Street Address)

_Detroit_      _48207_
(City)        (Zip)      (City)        (Zip)

Phone ( _313_ ) _655_ _1342_ Email _pbailer@mac.com_   Website _____

☑ City  ☐ Township of _____   Precinct # (if required) _____ and Ward # (if any) _____

County of _Wayne_      Resident of County for _41_ years. Resident of Michigan for _41_ years.

I am a citizen of the United States:  ☑ Yes ☐ No

I am registered and qualified to vote at the address listed above:  ☑ Yes ☐ No

**II.   OFFICE SOUGHT**

Office Title: _Detroit Community School District Board Member_

Date of Election: ~~Primary Election~~ ___/___/___  General Election _11_ / _08_ / _2016_ Recall ☐
(Month) (Day) (Year)  (Month) (Day) (Year)

If a partisan office, list political party* _____  District/Circuit # (if applicable) _____
(Note: If filing a Qualifying Petition list "No Party Affiliation")

Term of Office ☑ Regular Term ☐ Partial Term ⟶ Expiring ___/___/___
(Month) (Day) (Year)

Judicial Candidates Only (See "Section D" on reverse)*  ☐ Incumbent Position  ☐ Non-incumbent Position  ☐ New Judgeship

**III.   FILER'S ACKNOWLEDGMENT** – This filing contains the following (check all that apply):

☐ Nominating or Qualifying Petitions (Estimated number of signatures: _____)
☑ Filing Fee of $100.00 (if applicable)
☐ Certification of Party Nomination and Certificate of Acceptance (if applicable)*
☐ Affidavit of Constitutional Qualification (judicial candidates only)*
☐ Affidavit of Candidacy (incumbent judicial candidates only)*

If nominating petitions are filed:
☐ Destroy petitions in January
☐ Return petitions in January

**IV.   CAMPAIGN FINANCE COMPLIANCE STATEMENT AND ATTESTATION**

- By signing this affidavit, I swear (or affirm) that the facts I have provided are true. I further swear (or affirm) that the facts contained in the statement set forth below are true. (See Section "E" on reverse for further information.)

  At this date, all statements, reports, late filing fees, and fines due from me or any Candidate Committee organized to support my election to office under the Michigan Campaign Finance Act, PA 388 of 1976, have been filed or paid.

- I acknowledge that making a false statement in this affidavit is perjury – a felony punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both. (MCL 168.558, 933 and 936)

SIGNATURE OF CANDIDATE _Penelope (Penny) Bailer_

Subscribed and sworn to before me on the _26th_ Name of Notary _Donzell Russell_
(Day)

of _July_ _2016_   Notary Public, State of Michigan, County of _Wayne_
(Month) (Year)   My commission expires _3-16-2017_
Acting in the County of _Wayne_

DONZELL RUSSELL
Notary Public - Michigan
Wayne County
My Commission Expires Mar 16, 2017
Acting in the County of _____ notary public

*Not applicable to School Board Candidates

EO-104 (10/2013)          **Michigan Department of State**          ORIGINAL - FILING OFFICIAL   COPY - CANDIDATE

# City of Detroit
## DEPARTMENT OF ELECTIONS

JANICE M. WINFREY, *City Clerk*
*Chairperson, Election Commission*

**DANIEL A. BAXTER**
*Director*

2978 W. Grand Blvd.
*Detroit, Michigan 48202-3069*

**GINA C. AVERY - WALKER**
*Deputy Director*

*(313)876-0190 Fax (313)876-0053*

# RECEIPT FOR

PETITIONS ☐     OR     $100 FILING FEE ☑ ✓

This is to acknowledge receipt of _____ *0* _____ petitions filed for the office of:

Detroit Board of Education:     At Large ☐     District # _____ ☐

City Clerk     ☐

City Council     At Large ☐     District # _____ ☐

Mayor     ☐

Elected Police Commissioner     ☐     District # _____ ☐

Community Advisory Council Establishment     ☐     District # _____ ☐

Initiative/Referendum for: _____

from the Department of Elections.

The approximate number of signatures submitted by the filer: _____ .

Filed by: Penelope (Penny) Bailer

Address: 1324 Joliet Place     Zip Code: 48207

Telephone # 313-655-1342     Email: pbailer@mac.com

Processing Clerk: Henrietta Jenkins     Date: 7-26-16

Original Filer    1 - Copy Elections    1 - Copy City Council    1 – Copy City Clerk Office

# EXHIBIT B

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PENELOPE N. BAILER, an individual,

      Plaintiff,

vs.                            Civil Action No.
                                  Hon.

JANICE WINFREY, in her official capacity as Clerk
for the City of Detroit, and the WAYNE COUNTY
ELECTION COMMISSION,

      Defendants.

_____/

  John D. Pirich, (P23204)
  Kevin M. Blair, (P76927)
  Andrew M. Pauwels, (P79167)
  Honigman Miller Schwartz and Cohn LLP
  222 N. Washington Square, Suite 400
  Lansing, MI 48933
  (517) 377-0712
  Attorneys for Plaintiff Penelope N. Bailer

_____/

## AFFIDAVIT OF PENELOPE N. BAILER

STATE OF *Michigan*   )
                 ) SS
COUNTY OF *Wayne*   )

Penelope N. Bailer, being first duly sworn, deposes and states as follows:

      1.     I am a candidate for the office of Detroit Public Schools Community District

Board Member.

      2.     I filed my Affidavit of Identity and Receipt of Filing on July 26, 2016 with the

Detroit City Clerk's Office.

3.      The Detroit Clerk's Office reviewed and accepted my Affidavit of Identity without ever mentioning anything about any deficiency on the Affidavit of Identity.

4.      In reliance on the Clerk's acceptance of my Affidavit of Identity, I spent considerable time and effort campaigning for the office of Detroit Public Schools Community District Board Member.

5.      I have devoted at least 300 hours to campaigning, including hosting events at my home, meeting with other candidates, meeting with key groups for endorsements, and completing press candidate questionnaires.

6.      I have spent at least $10,000 of my own money on items related to my candidacy.

7.      I have raised roughly $3,000 campaigning.

8.      I need to raise or contribute from my own funds up to an additional $10,000.

9.      The election cycle is very short.  This challenge to my candidacy severely limits my ability to raise funds and reduces the time I have to comply with certain statutory deadlines, including the September 24, 2016 deadline to mail absentee ballots.

I make this affidavit on penalty of perjury. The statements herein are made of my own personal knowledge and if called as a witness I can testify competently to the facts contained herein.

Further deponent sayeth not.

_Penelope N. Bailer_
Penelope N. Bailer

Subscribed and sworn to before
me this _14th_ day of September, 2016

_September 2016_
Notary Public, _Wayne_ , MI
My Commission Expires: _6/6/2018_

SHIRLEY F. THOMPSON
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Jun 6, 2018
ACTING IN COUNTY OF _Wayne_

22616499.4

# EXHIBIT C

# WAYNE COUNTY ELECTION COMMISSION

502 Coleman A. Young Municipal Center
Detroit, Michigan 48226
313-224-5525

The Honorable Freddie G. Burton, Jr., Chair
The Honorable Cathy M. Garrett, Secretary to the Commission
The Honorable Eric Sabree, Member

September 14, 2016

Penelope Bailer
C/O John Pirich
Honigman, Miller, Schwartz & Cohn LLP
222 N. Washington Sq. Ste. 400
Lansing, MI 48933

Dear Ms. Bailer:

At its meeting of September 13, 2016, the Wayne County Election Commission considered the legal challenge filed on behalf of Desmond White and Robert Davis against the legality of the affidavit you filed for the Office of Detroit Community School Board Member.

The Wayne County Election Commission determined that your Affidavit of Identity was insufficient, as it failed to indicate your voting precinct number. In accordance with Michigan Election Law and the Michigan Court of Appeals published opinion in Berry V. Garrett, et al, your name will not appear on the November 8, 2016 General Election ballot.

If you have any questions, you may contact our office at the number above.

Sincerely,

*Delphine S. Oden*

Delphine G. Oden, Director
WAYNE COUNTY ELECTIONS


Cc.    Andrew Paterson, Attorney for Desmond White and Robert Davis
       Janet Anderson-Davis, Esq., Asst. Corporation Counsel

# EXHIBIT D

STATE OF MICHIGAN

COURT OF CLAIMS

---

DIANA FARRINGTON,

        Plaintiff,

v

RUTH JOHNSON, SECRETARY OF STATE,
and the BOARD OF STATE CANVASSERS,

        Defendants.

**OPINION AND ORDER**

Case No. 16-000209-MZ

Hon. Cynthia Diane Stephens

---

Before the Court is Plaintiff's emergency complaint for mandamus, declaratory, and injunctive relief in this election law matter. Plaintiff has moved this Court for immediate consideration on the matter. In addition, pending before the Court is Michael Notte's motion to intervene. For the reasons discussed herein, the Court DENIES Plaintiff's complaint and dismisses the matter. Given the resolution of the underlying issues, the Court DENIES as moot the motion to intervene.

## I. FACTS

Plaintiff is a certified candidate for the Michigan House of Representatives in the 30th House District. Her complaint alleges that her opponent in the upcoming general election, Michael Notte, is ineligible for the office he seeks because he was not a "qualified elector" because he did not live in the representative district 30 days before the April 19, 2016, filing deadline. According to Plaintiff's complaint, "upon information and belief, Notte resided outside of the 30th District until at least March 23, 2016 . . . ." Plaintiff alleges that Notte is

-1-

ineligible to appear on the November 2016 general election ballot because he did not meet the filing requirements at the time of the filing deadline. Plaintiff has filed suit against the state Defendants asking this Court to direct them to not place Notte's name on the November 8, 2016 general election ballot.

## II. MANDAMUS

Plaintiff first alleges that she is entitled to mandamus relief. In order to obtain the extraordinary remedy of a writ of mandamus,

> the plaintiff must show that: (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. [*Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518; 866 NW2d 817 (2014).]

"In relation to a request for mandamus, 'a clear legal right' is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Id.* at 519 (citation and quotation marks omitted). A "ministerial act" is "one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Berry v Garrett*, __ Mich App __; __ NW2d __ (2016) (Docket No. 333225); slip op at 2.

Plaintiff's claim for mandamus relief fails because these defendant's do not have a clear legal duty on the part of Defendants. Specifically, she has not established that Defendants are responsible for making determinations about Notte's residency. The responsibility for determining Notte's eligibility belonged to pertinent county or city officials. See MCL 168.559; *Berry*, __ Mich App at 4. See also *Gallagher v Keefe*, 232 Mich App 363, 372; 591 NW2d 297 (1998) ("status as a candidate regarding residency and voter requirements is determined as of the

-2-

date that the candidate files for election to the office . . . ."). Notte's residency was required to be disclosed in his affidavit of identity, pursuant to MCL 168.558(2). It was the Macomb County Clerk who first reviewed and certified Notte's qualification to stand for nomination or election to the Macomb county Elections Commission See MCL 168.552(1) ("*The county or city clerk,* after the last day specified in this act for receiving and filing nominating petitions, *shall immediately certify to the proper board or boards of election commissioners in the city, county, district, or state the name and post office address of each party candidate whose petitions meet the requirements of this act* . . .); MCL 168.558(4) ("An officer shall not certify to the board of election commissioners the name of a candidate who fails to comply with this section."); *Berry,* __ Mich App at __; slip op at 4 (holding, albeit in a slightly different context, that the county election commission "had a clear legal duty not to certify to the board of election commissioners the name of a candidate who" failed to comply with the requirements for seeking office). Accordingly, Plaintiff has not established the requisite clear legal duty on the part of the *named defendants* as is necessary for the extraordinary relief of a writ of mandamus.

Further, ignoring, for now, the lack of a clear legal duty, Plaintiff also, cannot establish a "clear legal right" to the performance of the duty sought. A clear legal right must be one that is inferable from "uncontroverted facts." *Berry,* __ Mich App at __; slip op at 2. Here, the pertinent facts regarding Notte's residency are not uncontroverted. Plaintiff has merely alleged, "upon information and belief," that "Notte resided outside of the 30th District until at least March 23, 2016 . . . ." She has not provided any supporting evidence, and this does not appear to be a case in which the pertinent facts about Notte's residency are undisputed. We note that in his application for intervention, Notte contests this factual assertion. The lack of a clear legal right serves as an additional reason for denying mandamus relief in this case.

-3-

## III. DECLARATORY AND INJUNCTIVE RELIEF

The Court denies Plaintiff's complaint with regard to the requests for declaratory and injunctive relief as well. Plaintiff seeks declaratory and injunctive relief, which are two forms of which are two forms of equitable relief that are within the Court's discretion, see *Janet Travis, Inc v Preka Holdings, LLC*, 306 Mich App 266, 274; 856 NW2d 206 (2014); *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 376; 836 NW2d 257 (2013). Generally, in determining whether to issue injunctive relief, a court must consider four factors: (1) harm to the public if the injunction issues; (2) whether harm to the applicant in the absence of an injunction outweighs the harm to the opposing party if relief is granted; (3) the likelihood that the applicant will prevail on the merits; and (4) a demonstration that the applicant will suffer irreparable harm if the relief is not granted. *Thermatool Corp v Borzym*, 227 Mich App 366, 376; 575 NW2d 334 (1998). The party seeking injunctive relief has the burden of establishing that an injunction should be issued. MCR 3.310(A)(4). Here, Plaintiff in support of her likelihood of success on the merits provides no more than her "information and belief" that Notte did not live in the 30th District at the appropriate time. Plaintiff seeks an expedited decision but provides nothing beyond a mere allegation in support of her request for relief. Plaintiff's bare allegations do not warrant the type of relief sought in this case. Moreover, as to there being either an inadequate remedy at law, the Court notes that Plaintiff is not without the ability to pursue this matter in the future. Should she be able to prove that Notte fails to meet the qualifications for office and should she lose the general election, she could presumably file a *quo warranto* action to determine the proper holder of public office. See *Davis v Chatman*, 292 Mich App 603, 612; 808 NW2d 555 (2011).

Furthermore, the Court concludes that the doctrine of laches applies and acts as a bar to the relief sought. "The application of the doctrine of laches requires the passage of time

-4-

combined with a change in condition that would make it inequitable to enforce the claim against the defendant." *Gallagher v Keefe*, 232 Mich App 363, 369; 591 NW2d 297 (1998). "The doctrine of laches is a tool of equity that may remedy the general inconvenience resulting from delay in the assertion of a legal right which it is practicable to assert." *Wayne Co v Wayne Co Retirement Comm*, 267 Mich App 230, 252; 704 NW2d 117 (2005) (citation and quotation marks omitted). "The defendant must prove a lack of due diligence on the part of the plaintiff resulting in some prejudice to the defendant." *Gallagher*, 232 Mich App at 369. See also *Knight v Northpointe Bank*, 300 Mich App 109, 114; 832 NW2d 439 (2013) ("If a plaintiff has not exercised reasonable diligence in vindicating his or her rights, a court sitting in equity may withhold relief on the ground that the plaintiff is chargeable with laches.").

Information concerning Notte's candidacy was made available to the public at the time of filing. Moreover, this is an election law case and the ballots for the upcoming November election will soon be printed. Plaintiff does not allege fraud on Notte's part; instead, she simply alleges that "it appears that Michael Notte is not qualified to appear on the ballot for the 2016 general election." In other words, she is raising an allegation about a representation that was made several months ago, on the eve of when the ballots will be printed, and after a primary election has already occurred. Waiting until now to raise this challenge clearly prejudices the electorate. Although it is not entirely clear from the parties' briefing when Plaintiff found out about Notte's residency,[1] the timing of her challenge certainly raises some questions about a lack of diligence on her part. As the Michigan Supreme Court and Court of Appeals have made clear,

---

[1] Nor is it clear, for that matter, whether there are even any issues with regard to Notte's residency.

"[w]aiting until the 11th hour to challenge some aspect of the electoral process has served as grounds for denying relief." *Schwartz v Secretary of State*, 393 Mich 42, 50 n 5; 222 NW2d 517 (1974).  See also *Kuhn v Secretary of State*, 228 Mich App 319, 335; 579 NW2d 101 (1998) (stating the same).  Plaintiff's 11th-hour challenge in this case serves as grounds for denying her relief.  See *Schwartz*, 393 Mich at 50 n 2.

## IV. MOTION TO INTERVENE

Because of the Court's resolution of the underlying issues, Notte's motion to intervene is now moot.

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's request for mandamus, declaratory, and injunctive relief is DENIED and that Notte's motion to intervene is DENIED as moot.

This order resolves the last pending claim and closes the case.

Dated: August 30, 2016

Hon. Cynthia Diane Stephens
Court of Claims Judge

-6-

# EXHIBIT F

STATE OF MICHIGAN
CIRCUIT COURT FOR THE COUNTY OF WAYNE

PENELOPE N. BAILER, an individual,

              Plaintiff,

vs.

                                     Case No. 16-011797-AW
                                     Honorable Robert J. Colombo, Jr.

JANICE WINFREY, in her official capacity as
Clerk for the City of Detroit, and the
WAYNE COUNTY ELECTION COMMISSION,

              Defendants.

16-011797-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/16/2016 1:55:23 PM
CATHY M. GARRETT

Matthew Johnson

| | |
|---|---|
| John D. Pirich (P23204) | Zenna Elhasan (P67961) |
| Kevin M. Blair (P76927) | Corporation Counsel |
| Andrew M. Pauwels (P79167) | Janet Anderson-Davis (P29499) |
| Honigman Miller Schwartz and Cohn | Assistant Corporation Counsel |
| 222 N. Washington Square, Suite 4004 | Attorneys for Election Commission |
| Lansing, MI 48933 | 500 Griswold, 29th Floor South |
| (517)377-0712 | Detroit, Michigan 48226 |
| Attorneys for Plaintiff | (313) 224-6684 |
| | jandersn@waynecounty.com |

                                                                           /

ORDER GRANTING MOTION FOR WRIT OF MANDAMUS

              At a session of said Court held in the City of Detroit,
              County of Wayne, State of Michigan, on
                            **9/16/2016**

              Present:        Hon. Robert J. Colombo, Jr.
                              Judge of the Wayne County Circuit Court

       This matter having come before the Court on a Motion For Order To Show Cause Why A

Writ Of Mandamus Should Not Issue pursuant To MCR 3.305 (C ); the Defendant having submitted

a response; and the Court having heard argument and being fully advised,

1

IT IS HEREBY ORDERED that for the reasons stated on the record, the Defendant Wayne County Election Commission shall take necessary steps to place the name of Penelope N. Bailer on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District. The Complaint is dismissed with prejudice.   The Court assesses no costs to either party.

This is a final order and closes the case.

/s/ Robert J. Colombo, Jr.
_____
HONORABLE ROBERT J. COLOMBO, JR.
16-011797-AW

2

# EXHIBIT G

THIRD JUDICIAL CIRCUIT OF MICHIGAN

# REGISTER OF ACTIONS
## CASE NO. 16-011797-AW

| | | |
|---|---|---|
| **Bailer, Penelope N. v Winfrey, Janice , et al.** | § § § § | Location: **Civil Division**<br>Judicial Officer: **Colombo, Robert J., Jr.**<br>Filed on: **09/14/2016** |

---

### CASE INFORMATION

**Statistical Closures**
09/16/2016    Dismissed (Section A)

Case Type: **(AW) - Writs**

Case Status: **09/16/2016    Final**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number               16-011797-AW
Court                            Civil Division
Date Assigned             09/14/2016
Judicial Officer            Colombo, Robert J., Jr.

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Bailer, Penelope N.** | **Pauwels, Andrew**<br>*Retained*<br>(313) 465-7290(W) |
| **Defendant** | **Wayne County Election Commission** | **Anderson-Davis, Janet**<br>*Retained*<br>(313) 224-6684(W) |
| | **Winfrey, Janice** | **Noseda, James D.**<br>*Retained*<br>(313) 237-3057(W) |
| **Intervening Party** | **Davis, Robert** | **Pro Se** |
| | **White, Desmond** | **Pro Se** |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/14/2016 | Appeal Actions from Lower/Other Courts/Agency<br>*(Clerk: Tyler,F)* | |
| 09/14/2016 | Writ, Filed<br>*(Clerk: Tyler,F)* | |
| 09/14/2016 | Case Filing Fee - Paid (Electronic Filing Fee Exempt)<br>*$150.00 Fee Paid (Clerk: Tyler,F)* | |
| 09/15/2016 | Appearance of Attorney, Filed<br>*(Clerk: Tyler,F)* | |
| 09/16/2016 | Motion for Miscellaneous Action Granted, Order to Follow (Judicial Officer: Colombo, Robert J., Jr. )<br>*pl mo order to show cause s/f (Clerk: Johnson,M)* | |

# THIRD JUDICIAL CIRCUIT OF MICHIGAN
## REGISTER OF ACTIONS
### CASE NO. 16-011797-AW

| | |
|---|---|
| 09/16/2016 | Answer to Motion. Filed<br>*(Clerk: Tyler,F)* |
| 09/16/2016 | Motion to Intervene. Filed<br>*Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* |
| 09/16/2016 | Brief in Opposition to Motion. Filed<br>*(Clerk: Tyler,F)* |
| 09/16/2016 | Closed/Final - Order of Dismissal. Signed and Filed (Judicial Officer: Colombo, Robert J., Jr. )<br>*order granting mo for writ of mandamus (Clerk: Tyler,F)* |
| 09/19/2016 | Higher Court Order/Decision Received by Circuit Court<br>*Motions for immediate consideration, motion to waive fees, motion to expedite, and motion to waive requirements are granted. Motion for stay is denied. COA # 334823. (Clerk: Heimiller,K)* |
| 09/21/2016 | Higher Court Order/Decision Received by Circuit Court<br>*Appeal is dismissed, COA # 334823. (Clerk: Heimiller,K)* |
| 09/26/2016 | Motion for Order to Show Cause<br>*Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* |
| 09/26/2016 | Praecipe. Filed (Judicial Officer: Colombo, Robert J., Jr. ) |
| 09/29/2016 | Reply to Brief. Filed<br>*(Clerk: Tyler,F)* |
| 09/29/2016 | Answer to Motion. Filed<br>*(Clerk: Tyler,F)* |
| 09/29/2016 | Brief in Support of Motion. Filed<br>*(Clerk: Tyler,F)* |
| 09/29/2016 | Brief in Opposition to Motion. Filed<br>*(Clerk: Tyler,F)* |
| 09/30/2016 | **Motion Hearing** (Judicial Officer: Colombo, Robert J., Jr.)<br>Resource: Court Rpt/Rec VID Video, Courtroom<br>Resource: Courtroom Clerk C5876 Johnson, Matthew<br>*Proposed Intervening Defendants - Proposed Intervening Defendants' Motion to Intervene Held* |
| 09/30/2016 | Motion Denied, Order to Follow (Judicial Officer: Colombo, Robert J., Jr. )<br>*proposed intervening df's mo to intervene (Clerk: Johnson,M)* |
| 10/03/2016 | Order Denying Motion. Signed and Filed<br>*(Clerk: Tyler,F)* |

# EXHIBIT H

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PENELOPE N. BAILER,

       Plaintiff,

vs.

WAYNE COUNTY ELECTION COMMISSION, and
JANICE WINFREY, in her official capacity as the
Elected City Clerk for the City of Detroit,

       Defendants,

ROBERT DAVIS and DESMOND M. WHITE,

       Proposed Intervening Defendants.

_____ /

Civil Action No. 16-011797-AW
Hon. Robert J. Colombo, Jr.

16-011797-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/3/2016 8:35:19 AM
CATHY M. GARRETT

Matthew Johnson

| | |
|---|---|
| John D. Pirich (P23204)<br>Kevin M. Blair (P76927)<br>Andrew M. Pauwels (P79167)<br>Honigman Miller Schwartz and Cohn LLP<br>222 North Washington Square Suite 400<br>Lansing, MI 48933-1800<br>(517) 377-0712<br>jpirich@honigman.com<br>kblair@honigman.com<br>apauwels@honigman.com<br>Attorneys for Defendant Penelope Bailer | James D. Noseda (P52563)<br>City of Detroit Law Department<br>Two Woodward, 5th Floor<br>Coleman A. Young Municipal Center<br>Detroit, MI 48226<br>(313) 237-3057<br>nosej@detroitmi.gov<br>Attorney for Janice Winfrey |
| Andrew A. Paterson (P18690)<br>46350 Grand River, Suite C<br>Novi, MI 48374<br>(248) 568-9712<br>aap43@outlook.com<br>Attorney for Robert Davis and Desmond White | Janet Anderson-Davis (P29499)<br>Assistant Corporation Counsel<br>500 Griswold, 29th Floor South<br>Detroit, MI 48226<br>(313) 224-6684<br>jandersn@waynecounty.com<br>Attorney for Election Commission |

_____ /

## **ORDER DENYING PLAINTIFFS' MOTION TO INTERVENE**

At a session of said Court, held in the City County
Building, City of Detroit, County of Wayne, State of
Michigan on:
         9/30/2016

_____

PRESENT: HON. ROBERT J. COLOMBO, JR.

Proposed Intervening-Defendants Robert Davis and Desmond White filed a Motion to Intervene in the instant matter.  The Court reviewed the written submissions of the attorneys and, having declined to hear oral argument on the Motion, finds as follows:

WHEREFORE, the Court issued an Order on September 16, 2016, granting Penelope N. Bailer's motion for a writ of mandamus and ordering Defendant Wayne County Election Commission to take the necessary steps to place Ms. Bailer on the November 8, 2016 General Election Ballot as a candidate for Detroit Community School District.  The order was final and closed the case.

WHEREFORE, Proposed Intervening-Defendants' Motion to Intervene is moot and there is no issue before the Court to decide.

WHEREFORE, Robert Davis lacks standing to intervene in this matter.

For these reasons and for the reasons stated on the record on September 30, 2016, **IT IS ORDERED THAT:**

1.    Proposed Intervening-Defendants' Motion to Intervene is denied with prejudice.

2.    This is a final order and closes this case.

/s/ Robert J. Colombo, Jr.
_____
HON. ROBERT J. COLOMBO, JR.
Chief Judge, Wayne County Circuit Court
   16-011797-AW

# EXHIBIT I

# Court of Appeals, State of Michigan

## ORDER

Penelope N Bailer v Detroit City Clerk

Docket No.   334823

LC No.   16-011797-AW

Christopher M. Murray
Presiding Judge

Karen M. Fort Hood

Michael J. Riordan
Judges

The Court orders that the motions for immediate consideration, the motion to waive fees, the motion to expedite, and the motion to waive the requirements of MCR 7.209(A) are GRANTED; the motion for stay is DENIED.

Appellees' briefs and any dispositive motions and answers to dispositive motions shall be filed by 9:15 a.m., September 20, 2016.  The pleadings shall be e-filed or filed at the Detroit Office of the Clerk.

The Clerk is directed to submit the matter on the case call to this panel for decision on the briefs as filed without oral argument on September 20, 2016.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

September 19, 2016
Date

Chief Clerk

# EXHIBIT J

# STATE OF MICHIGAN

# COURT OF APPEALS

PENELOPE N. BAILER,

        Plaintiff-Appellee,

v

DETROIT CITY CLERK, and WAYNE
COUNTY ELECTION COMMISSION,

        Defendants-Appellees,

and

ROBERT DAVIS and DESMOND M. WHITE,

        Appellants.

UNPUBLISHED
September 21, 2016

No.   334823
Wayne Circuit Court
LC No.   16-011797-AW

---

Before:  MURRAY, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

    Appellants appeal the September 16, 2016 order of the circuit court granting plaintiff's motion for mandamus. We granted proposed appellants' motion for immediate consideration and motion to expedite the appeal. *Bailer v Wayne County Election Comm*, unpublished order of the Court of Appeals, entered September 19, 2016 (Docket No. 334823).[1]  For the reasons that follow, we dismiss the appeal.

    Initially, we conclude that this Court lacks jurisdiction over appellants' appeal. It is well-settled that we only have jurisdiction to hear appeals from orders, whether they be final orders for purposed of an appeal of right, or interlocutory for purposes of an application for leave to appeal. See, generally, MCR 7.203(A) & (B); *Chen v Wayne State University*, 284 Mich App 172, 192-193; 771 NW2d 820 (2009). Appealable orders, of course, are the written variety, not simply oral rulings made by the court from the bench. *City of Sterling Heights v Chrysler Group LLC*, 309 Mich App 676, 682; 873 NW2d 342 (2015). Here, appellants filed a motion to

---

[1] We thank counsel for diligently complying with the short briefing schedule.

intervene in the trial court, but the trial court did not decide it. Consequently, there is no order affecting appellants' rights to participate in this case which they can appeal. Instead of filing a claim of appeal from an order to which they are not a party, appellants should have sought an order from the trial court, or a writ of superintending control from this Court.[2]  See MCR 7.203(C)(1).

Further, appellants are also not aggrieved parties under the trial court's final order. MCR 7.203(A). Similar to the situation faced by the Supreme Court in *Federated Ins Co v Oakland County Rd Comm*, 475 Mich 286; 715 NW2d 846 (2006), appellants are attempting to appeal a final order when they were not part of the case in the trial court and neither party to the trial court proceedings has appealed. In that situation, the Supreme Court held that the Attorney General could not appeal from the Court of Appeals decision because he was not an aggrieved party. *Federated Ins Co*, 475 Mich at 291-293. The Court also concluded that, once the time to appeal has expired and no party has appealed, there is no longer a justiciable controversy. *Id.* at 294. Here too, although the time to appeal has not elapsed, the parties to the lower court proceedings have indicated to this Court that no appeals will be taken. Time would also suggest that no other appeals will be filed. For these reasons, appellants are not aggrieved parties under the final order of the trial court, and they have no standing to appeal that order. *Id.*

Finally, even if the trial court had decided and denied intervention, under the facts presented it would not have been an abuse of discretion. *Vestevich v West Bloomfield Twp*, 245 Mich App 759, 761; 630 NW2d 646 (2001). The parties to the trial court proceedings, as well as before this Court, have shown that the interests of appellants were more than adequately represented. MCR 2.209(A). As such, and because time was of the essence in resolving this dispute, the trial court would have been well within its discretion in denying the motion to intervene.

Appellants' appeal is dismissed.[3]

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan

---

[2] Appellants recognized in their claim of appeal that this was a valid remedy.

[3] We do not consider the proposed exhibit submitted on September 20, 2016, as the document was created after the trial court's decision, and therefore could not have been submitted to the trial court before its decision. *Peña v Ingham Co Road Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003).

# EXHIBIT K

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 22, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

154459 & (36)

PENELOPE N. BAILER,
      Plaintiff-Appellee,

v

DETROIT CITY CLERK and
WAYNE COUNTY ELECTION COMMISSION,
      Defendants-Appellees,

and

ROBERT DAVIS and DESMOND M. WHITE,
      Appellants.

SC: 154459
COA: 334823
Wayne CC: 16-011797-AW

_____/

      On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the September 21, 2016 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 22, 2016

p0922

Clerk

# EXHIBIT L

**Court of Appeals, State of Michigan**

**ORDER**

Christopher M. Murray
Presiding Judge

In re Davis

Docket No.   334869

Karen M. Fort Hood

LC No.   16-011797-AV

Michael J. Riordan
Judges

The Court orders that the motion for immediate consideration is GRANTED.

The complaint for superintending control is DENIED.

The motion to waive fees is GRANTED and fees are WAIVED for this case only.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

SEP 2 1 2016
Date

_____
Chief Clerk

RECEIVED by MSC 9/21/2016 10:11:30 PM

# EXHIBIT M

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 23, 2016

Robert P. Young, Jr.,
Chief Justice

154466 & (14)

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

*In re* DAVIS

ROBERT DAVIS and DESMOND M. WHITE,
        Plaintiffs-Appellants,

v

WAYNE CIRCUIT COURT JUDGE and
WAYNE CIRCUIT COURT,
        Defendants-Appellees.

SC: 154466
COA: 334869

_____/

      On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the September 21, 2016 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.



      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 23, 2016



                                               Clerk

p0923

# EXHIBIT N

# REGISTER OF ACTIONS
## CASE NO. 16-007676-AW

| | | |
|---|---|---|
| Huda, Mohammad v Hadwan, Salah , et al. | §<br>§<br>§<br>§ | Location: **Civil Division**<br>Judicial Officer: **Colombo, Robert J., Jr.**<br>Filed on: **06/16/2016** |

---

### CASE INFORMATION

**Related Cases**
16-001953-CZ   (Prior Action)

**Statistical Closures**
07/22/2016     Inactive Status (Section A)

Case Type:   **(AW) - Writs**

Case Status:   **07/22/2016   Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number          16-007676-AW
Court                   Civil Division
Date Assigned        06/16/2016
Judicial Officer      Colombo, Robert J., Jr.

---

### PARTY INFORMATION

|  |  | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Huda, Mohammad** | **Pro Se** |
| **Defendant** | **Hadwan, Salah** | **Butler, George P.**<br>*Retained*<br>(313) 223-3134(W) |
| | **Hamtramck Board of Education** | **Butler, George P.**<br>*Retained*<br>(313) 223-3134(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 06/16/2016 | Appeal Actions from Lower/Other Courts/Agency<br>*(Clerk: Tyler,F)* | |
| 06/16/2016 | Writ, Filed<br>*(Clerk: Tyler,F)* | |
| 06/16/2016 | Case Filing Fee - Paid<br>*$175.00 Fee Paid (Clerk: Tyler,F)* | |
| 06/20/2016 | Order Granting Leave, Signed and Filed<br>*(Clerk: Tyler,F)* | |
| 06/21/2016 | Miscellaneous Pleadings, Filed<br>*(Clerk: Tyler,F)* | |
| 06/21/2016 | Motion for Order to Show Cause<br>*Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* | |
| 06/22/2016 | Order to Show Cause, Signed and Filed<br>*(Clerk: Tyler,F)* | |

*Printed on 10/11/2016 at 2:32 PM*

# REGISTER OF ACTIONS
## CASE NO. 16-007676-AW

| | | |
|---|---|---|
| 06/29/2016 | | Appearance of Attorney, Filed<br>*(Clerk: Tyler,F)* |
| 06/29/2016 | | Appearance of Attorney, Filed<br>*(Clerk: Tyler,F)* |
| 06/29/2016 | | Answer to Motion, Filed<br>*(Clerk: Tyler,F)* |
| 06/30/2016 | | Reply to Brief, Filed<br>*(Clerk: Tyler,F)* |
| 07/01/2016 | | **Motion Hearing** (Judicial Officer: Colombo, Robert J., Jr.)<br>Resource: Court Rpt/Rec VID Video, Courtroom<br>Resource: Courtroom Clerk C5876 Johnson, Matthew<br>*order to show cause s f*<br>*Held* |
| 07/01/2016 | | Motion for Miscellaneous Action Granted. Order to Follow (Judicial Officer: Colombo, Robert J., Jr. )<br>*order to show cause (Clerk: Johnson,M)* |
| 07/06/2016 | | Motion to Compel Taking of Deposition, Filed<br>*Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* |
| 07/06/2016 | | Praecipe, Filed (Judicial Officer: Colombo, Robert J., Jr. ) |
| 07/06/2016 | | Answer to Complaint, Filed<br>*Proof of Service, Filed; Reliance on Jury Demand, Filed; Affirmative Defenses, Filed (Clerk: Tyler,F)* |
| 07/07/2016 | | **Motion Hearing** (Judicial Officer: Colombo, Robert J., Jr.)<br>*Plaintiff - Plaintiff's Emergency Motion to Compel Taking of Defendants' Deposition*<br>*07/08/2016    Reset by Court to 07/07/2016* |
| 07/07/2016 | | Notice of Hearing, Filed<br>*(Clerk: Tyler,F)* |
| 07/07/2016 | | Reply to Brief, Filed<br>*(Clerk: Tyler,F)* |
| 07/11/2016 | | Order for Miscellaneous Action, Signed and Filed<br>*(Clerk: Tyler,F)* |
| 07/14/2016 | | Notice of Presentment<br>*7-Day Order and Proof of Service received (Clerk: Tyler,F)* |
| 07/14/2016 | | Order for Miscellaneous Action, Signed and Filed<br>*(Clerk: Tyler,F)* |

*Printed on 10/11/2016 at 2:32 PM*

# REGISTER OF ACTIONS
## CASE NO. 16-007676-AW

| | |
|---|---|
| 07/15/2016 | Motion to Compel Action, Filed<br>*Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler.F)* |
| 07/18/2016 | Motion to Quash, Filed<br>*Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler.F)* |
| 07/19/2016 | **Trial** (Judicial Officer: Colombo, Robert J., Jr.)<br>Resource: Court Rpt/Rec  VID  Video, Courtroom<br>Resource: Courtroom Clerk  C5876  Johnson, Matthew<br>*Held* |
| 07/20/2016 | **Trial** (Judicial Officer: Colombo, Robert J., Jr.) |
| 07/20/2016 | Order for Miscellaneous Action, Signed and Filed<br>*(Clerk: Tyler.F)* |
| 07/22/2016 | Closed - Judge Verdict - Defendant, Order to Follow (Judicial Officer: Colombo, Robert J., Jr. )<br>*(Clerk: Johnson.M)* |
| 08/01/2016 | Order for Miscellaneous Action, Signed and Filed<br>*(Clerk: Tyler.F)* |
| 09/09/2016 | Motion for Sanctions, Filed<br>*Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler.F)* |
| 09/14/2016 | Praecipe, Filed (Judicial Officer: Colombo, Robert J., Jr. ) |
| 09/22/2016 | Reply to Brief, Filed<br>*(Clerk: Tyler.F)* |
| 09/23/2016 | *CANCELED* **Motion Hearing**<br>*Defendants - Defendants' Motion for Sanctions and Attorney Fees Dismiss Hearing or Injunction* |
| 09/23/2016 | Motion for Miscellaneous Action Granted, Order to Follow (Judicial Officer: Colombo, Robert J., Jr. )<br>*df mo for sanctions (Clerk: Johnson.M)* |
| 10/17/2016 | **Miscellaneous Hearing** (Judicial Officer: Colombo, Robert J., Jr.) |

*Printed on 10/11/2016 at 2:32 PM*

# EXHIBIT O

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MOHAMMAD HUDA,

      Plaintiff,

                                         Case No. 16-007676-AW

v.                                    Hon. Robert J. Colombo, Jr.

BOARD OF EDUCATION OF
HAMTRAMCK PUBLIC SCHOOL
DISTRICT, and SALAH HADWAN
in his official capacity as a duly appointed
member of the Hamtramck Board of Education,

16-007676-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
8/1/2016 2:53:55 PM
CATHY M. GARRETT

Matthew Johnson

| Andrew A. Paterson (P18690) | George Butler (P43692) |
|---|---|
| Attorney for Mohammad Huda | Carmen L. Dorris (P77747) |
| 46350 Grand River, Suite C | Dickinson Wright PLLC |
| Novi, MI 48374 | Attorneys for Defendant |
| (248) 568-9712 | 500 Woodward Avenue, Suite 4000 |
| Aap43@outlook.com | Detroit, MI 48226 |
| | 313-223-3500 |
| | gbutler@dickinsonwright.com |
| | cdorris@dickinsonwright.com |

## ORDER ON PLAINTIFF'S APPLICATION FOR A WRIT OF QUO WARRANTO

At a session of said Court, held in the City of Detroit,
County of Wayne, State of Michigan,

8/1/2016
on _____

Robert J. Colombo, Jr.
PRESENT: HON. _____
CIRCUIT COURT JUDGE

     This Court held a bench trial on Tuesday, July 19, 2016 and Wednesday, July 20, 2016

on Plaintiff's Application for a Writ of Quo Warranto. After receiving all evidence, this Court

determined that Plaintiff Mohammad Huda did not possess the necessary residency requirements

to serve on the Hamtramck Board of Education for the 2015-2016 school year.

1

NOW THEREFORE, for the reasons as stated on the record on July 22, 2016, it is hereby ordered that Plaintiff's Application for a Writ of Quo Warranto is **DENIED** and Plaintiff's Verified Complaint for a Writ of Quo Warranto and Declaratory Judgment is dismissed with prejudice.

This Order does not resolve the last pending claim and does not close the case.

**IT IS SO ORDERED.**

/s/ Robert J. Colombo, Jr.

Chief Circuit Court Judge
16-007676-AW

Date:   8/1/2016

DETROIT 14409-5 1397152v1

2

# EXHIBIT P

# REGISTER OF ACTIONS
## CASE NO. 16-012226-AW

| Davis, Robert , et al. v Garrett, Cathy M. , et al. | § § § § | Location: | Civil Division |
| | | Judicial Officer: | Colombo, Robert J., Jr. |
| | | Filed on: | 09/23/2016 |

---

### CASE INFORMATION

| | Case Type: | (AW) - Writs |
| | Case Status: | 09/23/2016   Open Inactive |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 16-012226-AW |
| Court | Civil Division |
| Date Assigned | 09/23/2016 |
| Judicial Officer | Colombo, Robert J., Jr. |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Davis, Robert** | **Pro Se** |
| | **White, Desmond** | **Pro Se** |
| **Defendant** | **Bailer, Penelope** | **Blair, Kevin M.**<br>*Retained*<br>(517) 377-0716(W) |
| | **Garrett, Cathy M.** | |
| | **Wayne County Election Commission** | **Anderson-Davis, Janet**<br>*Retained*<br>(313) 224-6684(W) |
| | **Winfrey, Janice** | **Noseda, James D.**<br>*Retained*<br>(313) 237-3057(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/23/2016 | Appeal Actions from Lower/Other Courts/Agency<br>*(Clerk: Tyler,F)* | |
| 09/23/2016 | Writ, Filed<br>*(Clerk: Tyler,F)* | |
| 09/23/2016 | Case Filing Fee - Waived<br>*(Clerk: Tyler,F)* | |
| 09/23/2016 | Motion for Order to Show Cause-WVD<br>*Fee: Waived; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* | |
| 09/23/2016 | Order to Show Cause, Signed and Filed<br>*(Clerk: Tyler,F)* | |

# REGISTER OF ACTIONS
## CASE NO. 16-012226-AW

| | | |
|---|---|---|
| 09/26/2016 | Appearance of Attorney, Filed<br>*(Clerk: Tyler,F)* | |
| 09/26/2016 | Reply to Brief, Filed<br>*(Clerk: Tyler,F)* | |
| 09/27/2016 | Exhibit, Filed<br>*(Clerk: Tyler,F)* | |
| 09/27/2016 | Exhibit, Filed<br>*(Clerk: Tyler,F)* | |
| 09/27/2016 | Exhibit, Filed<br>*(Clerk: Tyler,F)* | |
| 09/27/2016 | Exhibit, Filed<br>*(Clerk: Tyler,F)* | |
| 09/27/2016 | Exhibit, Filed<br>*(Clerk: Tyler,F)* | |
| 09/27/2016 | Brief in Opposition to Motion, Filed<br>*(Clerk: Tyler,F)* | |
| 09/27/2016 | Appearance of Attorney, Filed<br>*(Clerk: Tyler,F)* | |
| 09/27/2016 | Answer to Motion, Filed<br>*(Clerk: Tyler,F)* | |
| 09/27/2016 | Brief in Support of Motion, Filed<br>*(Clerk: Tyler,F)* | |
| 09/27/2016 | Reply to Answer, Filed<br>*(Clerk: Tyler,F)* | |
| 09/28/2016 | **Show Cause Hearing** (Judicial Officer: Colombo, Robert J., Jr.)<br>Resource: Court Rpt/Rec  VID  Video, Courtroom<br>Resource: Courtroom Clerk  C5876  Johnson, Matthew<br>*Held* | |
| 09/28/2016 | Motion Denied, Order to Follow (Judicial Officer: Colombo, Robert J., Jr. )<br>*(Clerk: Johnson,M)* | |
| 09/28/2016 | Exhibit, Filed<br>*(Clerk: Tyler,F)* | |
| 09/28/2016 | Order for Miscellaneous Action, Signed and Filed<br>*(Clerk: Tyler,F)* | |

# REGISTER OF ACTIONS
## CASE NO. 16-012226-AW

| | | |
|---|---|---|
| 09/29/2016 | Motion for Attorney Fees, Filed | |
| | *Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)* | |

09/29/2016    Motion for Attorney Fees, Filed
*Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)*

09/29/2016    Motions for Sanctions, Filed-WVD
*Fee: Waived; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)*

09/29/2016    Higher Court Order/Decision Received by Circuit Court
*Motion to waive fees is denied. COA # 334989. (Clerk: Heimiller,K)*

09/30/2016    Brief in Support of Motion, Filed
*(Clerk: Tyler,F)*

09/30/2016    Praecipe, Filed (Judicial Officer: Colombo, Robert J., Jr. )

09/30/2016    Notice of Hearing, Filed
*(Clerk: Tyler,F)*

09/30/2016    Motion for Sanctions, Filed
*Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)*

09/30/2016    Higher Court Order/Decision Received by Circuit Court
*Motion for immediate consideration of motion to expedite is granted. Motion to expedite is denied. COA # 334989. (Clerk: Heimiller,K)*

10/03/2016    Praecipe, Filed (Judicial Officer: Colombo, Robert J., Jr. )

10/04/2016    Motion to Disqualify Judge, Filed-WVD
*Fee: Waived; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)*

10/04/2016    Praecipe, Filed (Judicial Officer: Colombo, Robert J., Jr. )

10/05/2016    Reply to Brief, Filed
*(Clerk: Tyler,F)*

10/05/2016    Motion for Attorney Fees, Filed-WVD
*Fee: $20.00 Waived; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed (Clerk: Tyler,F)*

10/05/2016    Answer to Motion, Filed
*(Clerk: Tyler,F)*

10/06/2016    Brief in Opposition to Motion, Filed
*(Clerk: Tyler,F)*

10/06/2016    Answer to Motion, Filed
*(Clerk: Tyler,F)*

10/07/2016    **Motion Hearing** (Judicial Officer: Colombo, Robert J., Jr.)
Resource: Court Rpt/Rec  VID  Video, Courtroom
Resource: Courtroom Clerk  C5876  Johnson, Matthew

*Janice Winfrey - Detroit City Clerk's Motion For Award Of Costs and fees As A Sanction For*

# REGISTER OF ACTIONS
## CASE NO. 16-012226-AW

*Violation Of MCR 2.114(D)*
*Held*

| | |
|---|---|
| 10/07/2016 | **Motion Hearing** (Judicial Officer: Colombo, Robert J., Jr.)<br>*Defendant Penelope Bailer - Defendant Penelope Bailer's Motion for Sanctions* |
| 10/07/2016 | **Motion Hearing** (Judicial Officer: Colombo, Robert J., Jr.)<br>*Plaintiffs - Plaintiffs' Emergency Motion to Disqualify Chief Judge Colombo* |
| 10/07/2016 | Order for Miscellaneous Action, Signed and Filed<br>*(Clerk: Tyler,F)* |
| 10/11/2016 | Order Denying Motion, Signed and Filed<br>*(Clerk: Tyler,F)* |
| 10/11/2016 | Order for Miscellaneous Action, Signed and Filed<br>*(Clerk: Tyler,F)* |
| 10/20/2016 | **Motion Hearing** (Judicial Officer: Colombo, Robert J., Jr.) |

*Printed on 10/12/2016 at 8:56 AM*

# EXHIBIT Q

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROBERT DAVIS and DESMOND WHITE,

     Plaintiffs,

vs.

CATHY M. GARRETT, in her official capacity as
Wayne County Clerk, WAYNE COUNTY
ELECTION COMMISSION, JANICE WINFREY, in
her official capacity as the Elected City Clerk for the
City of Detroit, and PENELOPE BAILER,

     Defendants.

/

Civil Action No. 16-012226-AW
Hon. Robert J. Colombo, Jr.

16-012226-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/28/2016 4:20:26 PM
CATHY M. GARRETT

| | |
|---|---|
| John D. Pirich (P23204)<br>Kevin M. Blair (P76927)<br>Andrew M. Pauwels (P79167)<br>Honigman Miller Schwartz and Cohn LLP<br>222 North Washington Square<br>Suite 400<br>Lansing, MI 48933-1800<br>(517) 377-0712<br>jpirich@honigman.com<br>kblair@honigman.com<br>apauwels@honigman.com<br>Attorneys for Defendant Penelope Bailer<br><br>Andrew A. Paterson (P18690)<br>46350 Grand River, Suite C<br>Novi, MI 48374<br>(248) 568-9712<br>aap43@outlook.com<br>Attorney for Robert Davis and Desmond White | James D. Noseda (P52563)<br>City of Detroit Law DepartmentMatthew Johnson<br>Two Woodward, 5th Floor<br>Coleman A. Young Municipal Center<br>Detroit, MI 48226<br>(313) 237-3057<br>nosej@detroitmi.gov<br>Attorney for Janice Winfrey<br><br>Janet Anderson-Davis (P29499)<br>Assistant Corporation Counsel<br>500 Griswold, 29th Floor South<br>Detroit, MI 48226<br>(313) 224-6684<br>jandersn@waynecounty.com<br>Attorney for Election Commission |

/

## ORDER DISMISSING PLAINTIFFS' COMPLAINT

At a session of said Court, held in the City County
Building, City of Detroit, County of Wayne, State of
Michigan on:

9/28/2016

PRESENT: HON. ROBERT J. COLOMBO, JR.

Plaintiffs Robert Davis and Desmond White filed a Verified Complaint for Writ of Mandamus, Declaratory Judgment, Injunctive Relief, and Order to Show Cause and an Emergency Motion for Writ of Mandamus, Declaratory Judgment, Injunctive Relief, and Order to Show Cause. The Court reviewed the written submissions of the attorneys and heard arguments on September 28, 2016.

WHEREFORE, Plaintiffs' claims are frivolous.    violate MCR 2.114.

WHEREFORE, Plaintiffs' claims are barred by the doctrine of laches.

For these reasons and for the reasons stated on the record, **IT IS ORDERED THAT:**

1.    Plaintiffs' Emergency Motion for Writ of Mandamus, Declaratory Judgment, Injunctive Relief, and Order to Show Cause is denied with prejudice.

2.    Plaintiffs' Verified Complaint for Writ of Mandamus, Declaratory Judgment, Injunctive Relief, and Order to Show Cause is dismissed with prejudice.

3.    Defendants are to file any motions for fees, costs, and sanctions by no later than Friday, September 30, 2016 at 4:30 p.m. Any such motions filed shall be heard before this Court on Friday, October 7, 2016 at 8:30 a.m.

4.    This is not a final order.

/s/ Robert J. Colombo, Jr.

HON. ROBERT J. COLOMBO, JR.
Chief Judge, Wayne County Circuit Court
16-012226-AW

2

# EXHIBIT R

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT COURT (WAYNE COUNTY)

ROBERT DAVIS, et al

     Plaintiffs,                    Case No. 16-012226-AW

v                                         16-012226-AW
                                         FILED IN MY OFFICE

CATHY M. GARRETT, et al              WAYNE COUNTY CLERK
                                       10/7/2016 8:40:02 AM

     Defendants.                           CATHY M. GARRETT

_____/

                                         Matthew Johnson

## OPINION AND ORDER

The Plaintiffs Robert Davis and Desmond White have filed a Motion for Disqualification pursuant to MCR 2.003. Specifically, Plaintiffs seek disqualification of this Court under MCR 2.003(C)(1)(a) and (b), bias and/or the appearance of impropriety and under MCR 2.003(C)(1)(g)(i), is a party to a proceeding.

Plaintiffs assert that the lawsuit filed in Davis v Colombo, et al, U.S. District Court for the Eastern District of Michigan, Case No. 16-cv-13545, alleging bias by this Court in this case is grounds for disqualification. Plaintiffs also assert judicial misconduct by purposely failing to follow Berry v Garrett, Ct. App. Dkt. No. 333225, decided June 17, 2016.

Plaintiffs also aver that this Court has been "enmeshed in other matters involving" the Plaintiffs and " has been a target of personal abuse or criticism" at the hands of Plaintiff Davis.

Plaintiffs further allege that this Court was a potential witness in a Federal

1

Criminal Case brought against Plaintiff Davis.

Plaintiff's complaint in Federal Court fails to state a claim upon which relief may be granted  because it fails to allege any bias by this Court.  There is no record evidence that this Court has any bias against the Plaintiffs.

Merely filing a lawsuit cannot be the basis for disqualifying a judge.  In <u>People v Bero</u>, 168 Mich App 545(1988) the defendant filed a Judicial Tenure Commission (JTC) complaint against  the trial judge.  The Court of Appeals held that merely filing a complaint with the JTC is insufficient to require automatic disqualification.  To hold otherwise would allow an attorney to judge shop by filing even frivolous grievances.  Disqualification is not required until a judge is privately censored or a complaint is filed by the JTC.  <u>People v Bero</u>, <u>supra</u> 552.

This was a frivolous complaint filed by the Plaintiffs in Federal Court.  It is in response to a ruling this Court made in this case on Wednesday, September 28, 2016 finding that the Plaintiffs and their attorney, Andrew Patterson, violated  MCR 2.114(D)(2) and (3) and were subject to attorney fees and costs.  Filing a frivolous federal lawsuit against this Court does not provide a basis for disqualifying this Court under MCR 2.003.  If it did, a plaintiff could file these types of frivolous lawsuits to judge shop.  The same rationale in <u>People v Bero, supra,</u> applies to this case.

Finally, this Court never ruled in <u>Bailer v Detroit City Clerk</u>, et al, Wayne County Circuit Court No. 16-011797-AW on the <u>Berry v Garrett</u> issue.  This Court ruled that laches applied because the challenge made by Mr. Davis and Ms. White to the Election Commission was untimely.

It is also important to note that in <u>White, et al v Wayne County Election</u>

2

Commission, et al, Mich. Ct. App. No. 334818, dated September 20, 2016 the Court of

Appeals stated in fn2 "Davis v Chatman, 292 Mich App 603; 808 NW2d 555(2011) and

Berry v Garrett, _____ Mich App_____; _____NW 2d _____(2016)(Docket No. 333225), are

inapplicable because they apply different provisions of the revised school code and

election law that are at issue here.  Nor did either case address laches."  That case

dealt with a challenge by Mr. White and Ms. Davis to placing Mary Anne Kovari on the

ballot for a school board position in the City of Detroit for the general election scheduled

for November 8, 2016.

 Finally, even if this Court committed reversible error, it is not a basis for

disqualification.  Disqualification on the basis of bias or prejudice cannot be established

merely by repeated rulings against a litigant, even if the rulings are erroneous.  In Re

MKK, 286 Mich App 546, 566(2009).

 For all these reasons the motion to disqualify is denied.

/s/ Robert J. Colombo, Jr. 10/7/2016
_____
HON. ROBERT J. COLOMBO, JR.
Chief Judge, Third Judicial Circuit Court
16-012226-AW

3

<u>ORDER DENYING MOTION FOR DISQUALIFICATION<br>PURSUANT TO MCR 2.003</u>

At a session of said Court held in the Coleman A.<br>Young Municipal Center, Detroit, Michigan<br>10/7/2016

PRESENT:   <u>HON. ROBERT J. COLOMBO, JR.</u><br>Chief Judge, Third Judicial Circuit Court

IT IS HEREBY ORDERED that the Motion for Disqualification under MCR 2.003

is denied.

/s/ Robert J. Colombo, Jr.

HON. ROBERT J. COLOMBO, JR.<br>Chief Judge, Third Judicial Circuit Court<br>16-012226-AW

4

# EXHIBIT S

STATE OF MICHIGAN
CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROBERT DAVIS, and
DESMOND M. WHITE
          Plaintiffs,

vs.

CATHY M. GARRETT, in her official capacity
As Wayne County Clerk,
WAYNE COUNTY ELECTION COMMISSION,
JANICE WINFREY, in her official capacity as
The Elected City Clerk for the City of Detroit, and
PENELOPE BAILER,
          Defendants.

Case No. 16-012226-AW
Honorable Robert J. Colombo, Jr.

16-012226-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/11/2016 8:41:35 AM
CATHY M. GARRETT

| | |
|---|---|
| Andrew A. Paterson (P18690)<br>Attorney for Plaintiff<br>46350 Grand River, Suite C<br>Novi, Michigan 48374<br>(248)568-9712<br>aap43@outlook.com | Zenna Elhasan (P67961)<br>Corporation Counsel     Matthew Johnson<br>Janet Anderson-Davis (P29499)<br>Assistant Corporation Counsel<br>Attorneys for Election Commission<br>500 Griswold, 29th Floor South<br>Detroit, Michigan 48226<br>(313) 224-6684<br>jandersn@waynecounty.com |
| John D. Pirich (P23204)<br>Honigman Miller Schwartz and Cohen<br>Attorney for Penelope Bailer<br>22 North Washington Square, Ste 400<br>Lansing, MI 48933-1800<br>(517) 377-0712<br>jpirich@honigman.com | James Noseda (P52562)<br>City of Detroit Law Department<br>Attorney for City of Detroit Election Commission<br>and Janice Winfrey<br>2 Woodward Avenue<br>Detroit, MI 48226<br>(313) 224-5505<br>nosej@detroitmi.gov |

ORDER DENYING PLAINTIFFS' MOTION FOR DISQUALIFICATION
PURSUANT TO MCR 2.003

At a session of said Court held in the City of Detroit,
County of Wayne, State of Michigan, on

10/8/2016

Present:        Hon. Timothy M. Kenny.
                Judge Pro Tem of the Wayne County Circuit Court

This matter having come before the Court on a Motion For Disqualification Pursuant To MCR 2.003; the Defendants having submitted responses; and the Court having heard argument and being fully advised,

IT IS HEREBY ORDERED that for the reasons stated on the record, Plaintiff's Motion For Disqualification Pursuant To MCR 2.003 is denied.

/s/ Timothy M. Kenny

HONORABLE TIMOTHY M. KENNY

# EXHIBIT T

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 12, 2016

Robert P. Young, Jr.,
Chief Justice

154511 & (24)

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

ROBERT DAVIS and DESMOND M. WHITE,
      Plaintiffs-Appellants,

v

WAYNE CIRCUIT CLERK, WAYNE COUNTY
ELECTION COMMITTEE, DETROIT CITY
CLERK, and PENELOPE BAILER,
      Defendants-Appellees.

SC: 154511
COA: 334989
Wayne CC: 16-012226-AW

_____/

      On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal prior to decision by the Court of Appeals is considered, and it is DENIED, because the Court is not persuaded that the questions presented should be reviewed by this Court before consideration by the Court of Appeals.



      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 12, 2016            

p1011

                                                            Clerk

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 12, 2016

154512 & (26)

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

ROBERT DAVIS and DESMOND M. WHITE,
Plaintiffs-Appellants,

v

WAYNE CIRCUIT CLERK, WAYNE COUNTY
ELECTION COMMITTEE, DETROIT CITY
CLERK, and PENELOPE BAILER,
Defendants-Appellees.

SC: 154512
COA: 334989
Wayne CC: 16-012226-AW

_____/

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the September 29, 2016 and September 30, 2016 orders of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 12, 2016



Clerk

p1011

# EXHIBIT U

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS,**
        Plaintiff,

                              **Case No. 16-cv-**
                              **HON.**

v

**RUTH JOHNSON,** in her official and individual capacities as the duly elected Secretary of State, **CATHY M. GARRETT,** in her official capacity as the duly elected Wayne County Clerk, **WAYNE COUNTY ELECTION COMMISSION, and HON. ROBERT J. COLOMBO, JR.,** in his official capacity as the Chief Judge of the Wayne County Circuit Court,
        Defendants,

_____ /

ANDREW A. PATERSON (P18690)
*Attorney for Plaintiff*
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712
aap43@outlook.com

ZENNA ELHASAN (P67691)
Wayne County Corporation Counsel
JANET ANDERSON-DAVIS (P29499)
Asst. Corporation Counsel
*Attorneys for Defendant Wayne Co.*
*Election Commission and Wayne Co Clerk*
500 Griswold, Rm. 1267
Detroit, MI 48226
(313) 224-6684
Jandern@co.wayne.mi.us

_____ /

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

    NOW COMES PLAINTIFF, ROBERT DAVIS (**"Plaintiff" or "Plaintiff Davis"**), by and through his attorney, Andrew A. Paterson, and for his Verified

Complaint for Declaratory Judgment and Injunctive Relief (**"Verified**

**Complaint"**), states the following:

## I.     NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

2. Plaintiff alleges in **Count I** of the Verified Complaint that a declaratory judgment should be issued by the Court declaring that, on its face, and as applied to Plaintiff, Mich. Comp. Laws § 169.247(1) is unconstitutional for its violates Plaintiff's First Amendment Core Political Speech Rights to engage in anonymous political speech.

3. Plaintiff alleges in **Count II** of the Verified Complaint that injunctive relief should be granted preliminarily and permanently enjoining the Defendants Wayne County Clerk and Secretary of State, in their official capacities, from enforcing the unconstitutional provisions of Mich. Comp. Laws § 169.247(1).

4. In **Count III** of the Complaint Plaintiff seeks an award of compensatory, punitive, and nominal damages against the Defendants Wayne County Clerk and Secretary of State pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367 for violating his First Amendment Rights.

5. Plaintiff alleges in **Count IV** of the Verified Complaint that Defendant Wayne County Election Commission has retaliated against Plaintiff

Davis for exercising his First Amendment Rights, by deliberately and intentionally not appealing, the clearly erroneous September 16, 2016 Order issued by Wayne County Circuit Court Chief Judge, Robert J. Colombo, Jr. in the matter *Penelope Bailer v Janice Winfrey, et. al*, Case No. 16-011797-AW ("**Bailer Election Matter**").

6. Plaintiff alleges in **Count V** of the Verified Complaint that Defendant Wayne County Circuit Court Chief Judge, Robert J. Colombo Jr.'s September 28, 2016 Order in Plaintiff's case, *Davis, et. al. v Cathy Garrett, et. al*, Case No. 16-012226-AW ("*Davis Election Matter*"), shall be declared void under Fed. R. Civ. P. 60(b)(4) for it was entered in violation of Plaintiff's due process rights.

7. Plaintiff seeks in **Count VI** of the Complaint an award of compensatory, punitive, and nominal damages against the Defendant Wayne County Election Commission pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367 for violating his First Amendment Rights.

8. Plaintiff alleges in **Count VII** of the Verified Complaint that Plaintiff must be awarded his attorney fees and costs pursuant to 42 U.S.C. § 1988.

## II.   JURISDICTION AND VENUE

9.   This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C.

1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367.

10. This Court also has jurisdiction to render and issue a declaratory

judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201,

*et. seq.*

11. Venue is proper under 28 U.S.C. § 1391 because Plaintiff is a resident of

the Eastern District of Michigan, and the actions giving rise to this

Complaint all occurred within the Eastern District of Michigan.

## III.   PARTIES

12. Plaintiff Robert Davis[1] (**"Plaintiff" or "Plaintiff Davis"**) is a registered

elector of the City of Highland Park, County of Wayne, State of

Michigan.  Plaintiff Davis is also a well-known community and union

activist, who has volunteered and been involved in many civic and

political causes. (**See Plaintiff's Affidavit attached hereto as Exhibit**

**A**).

---

[1] On September 2, 2014, Plaintiff Davis pled guilty before Senior United States District Court Judge Arthur Tarnow (**"Judge Tarnow"**) in Criminal Case No. 12-20224.  On December 18, 2014, Judge Tarnow sentenced Plaintiff Davis to serve 18 months at a minimum security camp in Montgomery, Alabama on the Maxwell Air Force Base (**"FPC Montgomery"**).  Plaintiff Davis began serving his term of imprisonment at FPC Montgomery on March 13, 2015 and has since been released and is free under supervised release.

13. Defendant, Ruth Johnson ("**Defendant Secretary of State**"), is the duly

elected Secretary of State for the State of Michigan.  Pursuant to Mich.

Comp. Laws § 168.21 of Michigan Election Law, Defendant Johnson is

the "chief election officer of the state" that has "supervisory control over

local election officials in the performance of their duties under the

provisions of this act."

14. Defendant, Cathy M. Garrett ("**Defendant Wayne County Clerk**"), is

the duly elected County Clerk for the County of Wayne.  In accordance

with Mich. Comp. Laws § 169.236 of Michigan's Campaign Finance

Act, the Defendant Wayne County Clerk is responsible for accepting the

statutorily required campaign statements from candidates who are

running for the Detroit Community School District.  Additionally,

pursuant to Mich. Comp. Laws § 169.251 of the Michigan Campaign

Finance Act, the Defendant County Clerk is responsible for receiving

statutorily required independent expenditure reports from individuals

who have made independent expenditures of $100.01 or more advocating

the election or defeat of a candidate for the Detroit Community School

District Board of Education.

15. Defendant Wayne County Election Commission ("**Defendant Election**

**Commission**"), pursuant to Mich. Comp. Laws §§ 168.952 and 168.960,

is the three-member board, comprised of the Chief Judge of the Wayne

County Probate Court, the Wayne County Clerk and the Wayne County

Treasurer, and it is statutorily charged with the duty, inter alia, to approve

or deny recall petitions submitted against local elected officials within

Wayne County.  In accordance with Mich. Comp. Laws § 168.23, the

Chief Judge of the Wayne County Probate Court serves as the Chairman

and the Defendant Wayne County Clerk serves as the Secretary of the

Defendant Election Commission.

16. Defendant, the Honorable Robert J. Colombo, Jr. (**"Defendant Chief
    Judge Colombo"), is the Chief Judge of the Wayne County Circuit
    Court.**

17. An actual controversy exists between the Plaintiff and the named

    Defendants.

## IV.   COMMON FACTS FOR COUNTS I-III

18. On October 2, 2016, Plaintiff Davis contacted Defendant Wayne County

    Clerk Office and Mrs. Delphine Oden ("**Mrs. Oden**"), the Director of

    Wayne County Elections, seeking guidance with respect to whether

    Plaintiff Davis could print and distribute anonymous campaign literature

    advocating the defeat of certain candidates who were running for the

    Detroit Community School District Board of Education.  (**See Plaintiff's**

Affidavit attached as Exhibit A; and See Plaintiff's October 2, 2016 Email to Defendant County Clerk and Mrs. Oden attached as Exhibit B).

19. Because Plaintiff Davis was seeking to immediately begin printing and distributing the "anonymous" political campaign literature, Plaintiff Davis respectfully asked the Defendant Wayne County Clerk Office and Mrs. Oden to respond to his written inquiry by 12 p.m. on Monday, October 3, 2016.  (See Plaintiff's October 2, 2016 Email to Defendant County Clerk and Mrs. Oden attached as Exhibit B).

20. On October 3, 2016 the Defendant Wayne County Clerk Office and Mrs. Oden responded informing the Plaintiff that his request had been forwarded to the Defendant Secretary of State because the Defendant Secretary of State "is the chief administrator of the Michigan Campaign Finance Act."  (See October 3, 2016 email attached as Exhibit B).

21. Mich. Comp. Laws § 169.247(1) of Michigan Campaign Finance Act requires all printed material "having reference to an election, a candidate, or a ballot question shall bear upon it an identification that contains the name and address of the person paying for the matter."

22. Mich. Comp. Laws § 169.247(6) of Michigan Campaign Finance Act

   makes it a crime for a person to knowingly violate Mich. Comp. Laws §

   169.247(1).

23. Plaintiff Davis rightfully fears that he will be prosecuted in violation of

   Mich. Comp. Laws § 169.247(1)  if he prints and distributes

   "anonymous" campaign literature advocating the defeat of certain

   candidates who are running for the Detroit Community School District

   Board of Education. A condition of Plaintiff Davis' supervised release

   from FPC Montgomery requires Plaintiff Davis not to violate "any" laws.

   **(See Plaintiff Davis' affidavit attached as Exhibit A)**.

24. Plaintiff Davis is supporting at least 3 candidates who are running for the

   Detroit Community School District Board of Education, including his

   sister, Desmond White, who is running as a write-in candidate.  **(See**

   **Plaintiff Davis' affidavit attached as Exhibit A)**.

25. Plaintiff Davis desires to print and distribute "anonymous" campaign

   literature advocating the defeat of certain candidates for the Detroit

   Community School District Board of Education. Plaintiff Davis fears

   retaliation for such distribution of "anonymous" campaign literature by

   Detroit Mayor, Mike Duggan and by The Detroit News Newspaper, both

   of whom have openly supported a certain group of candidates that

Plaintiff Davis opposes.  (**See Plaintiff Davis' affidavit attached as Exhibit A**).

26. Plaintiff Davis has been subjected to defamatory and slanderous editorials written by a particular columnist at The Detroit News, who has publicly criticized Plaintiff Davis for opposing certain candidates who are running for the Detroit Community School District Board of Education.  (**See Detroit News Editorials attached as Exhibit C**).

27. Plaintiff Davis' right to print and distribute anonymous campaign literature is protected by the First Amendment to the U.S. Constitution.

## V.   COMMON FACTS FOR COUNT IV

28. On September 9, 2016, Plaintiff Davis and Desmond White, through their counsel, filed a timely legal challenge with the Defendant Wayne Election Commission and the Detroit City Clerk, challenging the candidacies of three (3) individuals who had filed to run for the *new* Detroit Community School District's Board of Education.

29. Specifically, the Plaintiff Davis and Desmond White's legal challenge alleged that Penelope Bailer's and Robert Earl Thomas' names should not be printed on the November 8, 2016 General Election ballot because their affidavit of identities were not filed in accordance with Mich.

Comp. Laws § 168.558 and the Court of Appeals' holding in *Berry v*

*Garrett*, _____ Mich. App. ___; ____ NW2d ____ (2016).

30. With respect to candidate Mary Anne Kovari ("Ms. Kovari"), Plaintiff

Davis and Desmond White's legal challenge alleged that Ms. Kovari's

name should not be printed on the November 8, 2016 General Election

ballot because her affidavit of identity indicated she had only been a

resident of the County of Wayne for "6 days" as of the date of the filing

of her affidavit of identity with the Defendant City Clerk.  Accordingly,

pursuant to Mich. Comp. Laws § 168.302 and the holding in *Davis v*

*Chatman*, 292 Mich. App. 603; 808 NW2d 555 (2011), Ms. Kovari was

not a "qualified elector" before the July 26th filing deadline date, and thus

she must be deemed disqualified.

31. Later in the day on September 9, 2016, attorney Janet Anderson-Davis,

counsel for the Defendant Election Commission, informed Plaintiff's

counsel via electronic mail (email) that the Defendant Election

Commission would be convening to consider and address the merits of

Plaintiff Davis and Desmond White's legal challenge on Tuesday,

September 13, 2016 at 3:15 p.m.  Representatives from the Detroit City

Clerk's Office, as well as, the City of Detroit's Law Department, were

also so informed of the meeting.

32. On Tuesday, September 13, 2016, the Defendant Election Commission convened to consider and address the merits of Plaintiff's challenge, as well as to address other election-related matters pertaining to the November 8, 2016 General Election. (**See Agenda from Election Commission's September 13, 2016 Meeting attached hereto as Exhibit D**).

33. Representatives on behalf of the Detroit City Clerk, the City of Detroit's Law Department, as well as legal representatives on behalf of Ms. Bailer and Ms. Kovari were present at the Defendant Election Commission's September 13, 2016 Meeting. Plaintiff Robert Davis attended the Defendant Election Commission's September 13, 2016 Meeting. Neither Desmond White, nor Plaintiff's counsel were able to attend.

34. After allowing the parties to present their respective arguments at the September 13, 2016 Meeting, the Defendant Election Commission, citing the Michigan Court of Appeals holding in *Berry v Garret*, *supra*, <u>unanimously</u> voted to GRANT Plaintiff Davis' and Desmond White's legal challenge to remove the names of Defendant Bailer and Mr. Thomas from the November 8, 2016 General Election ballot. (**See Defendant Election Commission's Letter of Determination regarding challenge to Penelope Bailer attached hereto as Exhibit E**).

35. At the September 13, 2016 Meeting, the Defendant Election Commission also voted to authorize and proceed with the printing of the ballots for the November 8, 2016 General Election WITHOUT Ms. Bailer's name printed thereon.

36. On Thursday, September 15, 2016, Ms. Bailer filed an Emergency Complaint and Motion for Mandamus and Order to Show Cause against the Defendant Election Commission and Detroit City Clerk, Wayne Co. Case No. 16-011797-AW (*"Bailer Election Matter"*).

37. Later that same day, the Defendant Chief Judge Colombo entered an order to show cause compelling the Defendant Election Commission and Detroit City Clerk to appear before the court for a hearing that was to be held on Friday, September 16, 2016.

38. Late in the evening on September 15, 2016, Plaintiff's counsel was provided a copy of Ms. Bailer's Emergency Complaint and Motion by counsel for the Defendant Election Commission. Ms. Bailer's counsel failed to so supply a copy.

39. Upon receiving the copy of Ms. Bailer's Emergency Complaint and Motion for Mandamus, counsel for Plaintiff Davis **immediately** sought concurrence from the parties to intervene in the matter on behalf of Plaintiff Davis and Desmond White.  Plaintiff's counsel received

concurrence from Defendant Election Commission's counsel, but counsel

for Ms. Bailer refused to concur in allowing Plaintiff Davis and Desmond

White to intervene.

40. Accordingly, on Friday, September 16, 2016, in the wee hours of the

morning, Plaintiff's counsel electronically filed an Emergency Motion to

Intervene in the *Bailer Election Matter*.

41. On Friday, September 16, 2016, Plaintiff's counsel attended Ms. Bailer's

show cause hearing that was held in the *Bailer Election Matter*.

Although Defendant Chief Judge Colombo permitted Plaintiff's counsel

to participate in oral argument during the September 16, 2016 show cause

hearing and briefly addressed Plaintiff's Emergency Motion to Intervene

in the *Bailer Election Matter*, in an email dated September 16, 2016,

Defendant Chief Judge Colombo informed Plaintiff's counsel that he in

fact took Plaintiffs' Emergency Motion to Intervene "under advisement"

and **did not** render a decision on Plaintiff's Emergency Motion to

Intervene.

42. At the conclusion of the show cause hearing held in the *Bailer Election

Matter*, Defendant Chief Judge Colombo entered an order granting Ms.

Bailer's motion for writ of mandamus and ordered the Defendant

Election Commission to "take necessary steps to place the name of

Penelope N. Bailer on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District." **(See Defendant Chief Judge Colombo's September 16, 2016 Order attached hereto as Exhibit F)**.

43. On September 18, 2016, Plaintiff Davis and Desmond White filed a claim of appeal (COA Docket No. 334823) along with an emergency motion to expedite the appeal.  On September 21, 2016 the Court of Appeals issued its unpublished per curiam opinion dismissing Plaintiffs' appeal for lack of standing.  See *Bailer v Wayne County Election Commission*, unpublished per curiam opinion of Court of Appeals, entered September 21, 2016 (Docket No. 334823).

44. Plaintiff Davis and Desmond White immediately appealed the Court of Appeals September 21, 2016 Judgment in *Bailer v Wayne County Election Commission*, to the Michigan Supreme Court.  However, on September 22, 2016, the Michigan Supreme Court issued an order denying Plaintiff Davis' and Desmond White's Emergency Application for leave to appeal.

45. The Defendant Election Commission has chosen not to appeal Defendant Chief Judge Colombo's erroneous September 16, 2016 Order in an effort to retaliate against Plaintiff Davis for successfully suing the Defendant

Election Commission in another election-related matter, which is currently pending in this Honorable Court.

46. The Defendant Election Commission has retaliated against Plaintiff Davis for exercising his First Amendment Rights by purposely failing and refusing to appeal Defendant Chief Judge Colombo's erroneous September 16, 2016 Order entered in the *Bailer Election Matter*.

## VI.   COMMON FACTS FOR COUNT V

47. In the afternoon of September 23, 2016, Plaintiff Davis and Desmond White filed a four-count verified complaint with the Wayne County Circuit Court against the Defendants Wayne County Clerk and Wayne County Election Commission, and against Penelope Bailer and the Detroit City Clerk, Wayne County Case No. 16-012226-AW ("***Davis Election Matter***").

48. However, ***prior*** to Plaintiff Davis' counsel filing the *Davis Election Matter* with the Wayne County Circuit Court, Plaintiff's counsel had a hearing before Defendant Chief Judge Colombo in another and unrelated matter the morning of September 23, 2016.  At the conclusion of that hearing, Defendant Chief Judge Colombo asked Plaintiff's counsel, Andrew Paterson, to come to the bench.

49. Adhering to Defendant Chief Judge Colombo's request, Plaintiff's counsel, Andrew Paterson, approached Defendant Chief Judge Colombo's bench and Defendant Chief Judge Colombo proceeded to ask Plaintiff's counsel, Andrew Paterson, why was he filing a new case and asked him generally what were his or his clients motives for these proceedings seeking Ms. Daller's removal from the ballot.

50. Plaintiff's counsel, Andrew Paterson, responded by informing Defendant Chief Judge Colombo that he and his client simply believed that the law should followed no matter who it applied to.

51. After leaving Defendant Chief Judge Colombo's courtroom, Plaintiff's counsel, Andrew Paterson, telephoned Plaintiff and informed him of the conversation he just had with Defendant Chief Judge Colombo about the soon-to-be filed civil action.

52. As noted, after Plaintiff's counsel, Andrew Paterson, left Defendant Chief Judge Colombo's courtroom, later that day the *Davis Election Matter* was officially filed with the Wayne County Circuit Court and pursuant to the local administrative rule, the *Davis Election Matter* was assigned to Defendant Chief Judge Colombo.

53. On September 28, 2016, Defendant Chief Judge Colombo held a show cause hearing in the Davis Election Matter. During the show cause

hearing, it seemed apparent that Defendant Chief Judge Colombo was

biased towards the Plaintiff Davis.

54. Defendant Chief Judge Colombo dismissed Plaintiff Davis and Desmond

White's verified complaint and sanctioned Plaintiff and his counsel.  (**See

Defendant Chief Judge Colombo's September 28, 2016 Order in

*Davis Election Matter* attached hereto as Exhibit H**).

55. The entry of the September 28, 2016 Order in the *Davis Election Matter*

violated Plaintiff Davis due process rights because Defendant Chief

Judge Colombo was not impartial and appears to harbor a personal bias

against Plaintiff Davis.

56. Historically, Defendant Chief Judge Colombo was a potential witness in

Plaintiff Davis federal criminal case, Case No. 12-20224, and Defendant

Chief Judge Colombo, was approached and questioned by FBI agents

concerning Plaintiff Davis during the FBI's criminal investigation of

Plaintiff Davis. He was questioned about a case that was pending before

him that involved Plaintiff Davis and the Highland Park Board of

Education.  (**See Plaintiff Davis' affidavit attached as Exhibit A**).

57. Defendant Chief Judge Colombo's personal bias towards Plaintiff Davis

is also evidenced by the fact that Plaintiff Davis just a week ago sued

Defendant Chief Judge Colombo, in his official capacity, in the Michigan

Court of Appeals in an original superintending control action with respect to Defendant Chief Judge Colombo's erroneous September 16, 2016 Order he entered in the *Bailer Election Matter*.

58. Plaintiff Davis had also publicly criticized Defendant Chief Judge Colombo on a popular radio show for what Plaintiff Davis saw as his "political" ruling in the *Bailer Election Matter*.  (**See Plaintiff Davis' affidavit attached as Exhibit A**).

## VII.   CAUSES OF ACTION

### COUNT I

### Mich. Comp. Laws § 169.247(1), On Its Face and As Applied To Plaintiff Davis, Is Unconstitutional For It Violates Plaintiff's First Amendment Right To Engage In Anonymous Political Speech.

59. Plaintiff Davis incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

60. This claim is brought pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act.

61. This claim seeks prospective declaratory relief against Defendants Wayne County Clerk and Secretary of State, in their official capacities.

62. As noted, On October 2, 2016, Plaintiff Davis contacted Defendant Wayne County Clerk and Mrs. Oden, the Director of Wayne County Elections, seeking guidance with respect to whether Plaintiff Davis could

print and distribute anonymous literature advocating the defeat of certain candidates who were running for the Detroit Community School District Board of Education.  **(See Plaintiff's Affidavit attached as Exhibit A; and See Plaintiff's October 2, 2016 Email to Defendant County Clerk and Mrs. Oden attached as Exhibit B)**.

63. Because Plaintiff Davis was seeking to immediately begin to print and distribute the "anonymous" political literature, Plaintiff Davis respectfully asked the Defendant Wayne County Clerk and Mrs. Oden to respond to his written inquiry by 12 p.m. on Monday, October 3, 2016. **(See Plaintiff's October 2, 2016 Email to Defendant County Clerk and Mrs. Oden attached as Exhibit B)**.

64. On October 3, 2016 the Defendant Wayne County Clerk and Mrs. Oden responded and informed Plaintiff that his request was being forwarded to the Defendant Secretary of State because the Defendant Secretary of State is "the chief administrator of the Michigan Campaign Finance Act." **(See October 3, 2016 Email attached as Exhibit B)**.

65. Mich. Comp. Laws § 169.247(1) of Michigan Campaign Finance Act requires all printed material "having reference to an election, a candidate, or a ballot question shall bear upon it an identification that contains the name and address of the person paying for the matter."

66. However, Mich. Comp. Laws § 169.247(6) of Michigan Campaign Finance Act makes it a crime for a person to knowingly violate Mich. Comp. Laws § 169.247(1).

67. Mich. Comp. Laws § 169.247(1) violates Plaintiff's First Amendment Right to engage in "anonymous" political speech.

68. "As a general matter, anonymous speech is protected by the First Amendment." *McGlone v Bell*, 681 F.3d 718,734 (6th Cir. 2012).

69. The United States Supreme Court in *McIntyre v Ohio Elections Comm'n*, 514 U.S. 334, 115 S. Ct. 1511, 131 L.Ed.2d 426 (1995) addressed this very issue with respect to an Ohio state statute that criminalized anonymous political speech.

70. In *McIntyre*, the Supreme Court held: "[A]n author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment." *McIntryre,* 514 U.S. at 342.

71. The Supreme Court reasoned: "The fear in favor of anonymity may be motivated by fear of economic or official retaliation, by concern about social ostracism, or merely by a desire to preserve as much of one's privacy as possible." *McIntryre*, 514 U.S. at 341-342.

Page **20** of **30**

72. As noted, Plaintiff Davis has already been subjected to "official retaliation" and "social ostracism" as a result of his activism and legal action to get certain candidates who are running for the Detroit Community School District Board of Education removed from the November 8, 2016 General Election ballot.  (**See Plaintiff Davis' affidavit attached as Exhibit A; see also Detroit News Editorials attached as Exhibit C**).

73.  However, as the Supreme Court explained, "[w]hatever the motivation may be, at least in the field of literary endeavor, the interest in having anonymous works enter the marketplace of ideas unquestionably outweighs any public interest in requiring disclosure as a condition of entry." *McIntyre*, 514 U.S. at 342.

74. Accordingly, Mich. Comp. Laws § 169.247(1) of Michigan Campaign Finance Act, on its face and as applied to Plaintiff Davis, shall be declared void for it violates Plaintiff Davis' First Amendment Right to engage in anonymous political speech.

## COUNT II

**Defendants Wayne County Clerk and Secretary of State Shall Be Preliminarily and Permanently Enjoined From Enforcing the Provisions of Mich. Comp. Laws § 169.247(1).**

75. Plaintiff Davis incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

76. This claim is brought pursuant to 42 U.S.C. § 1983, and the Declaratory Judgment Act.

77. This clam seeks prospective injunctive relief against Defendants Secretary of State and Wayne County Clerk, in their official capacities.

78. Plaintiff Davis seeks to enjoin, preliminarily and permanently, Defendants Secretary of State and Wayne County Clerk, in their official capacities, from enforcing Mich. Comp. Laws § 169.247(1) of the Michigan Campaign Finance Act generally and against Plaintiff Davis.

79. As noted above, with each passing day Plaintiff Davis is unable to print and distribute anonymous political literature advocating the defeat of certain candidates for the Detroit Community School District Board of Education, Plaintiff Davis is being denied his right to exercise his First Amendment Right and thus he is being irreparably harmed.  (**See Plaintiff's Affidavit attached hereto as Exhibit A**).

## COUNT III

**Plaintiff Shall Be Awarded Compensatory, Punitive and Nominal Damages.**

80. Plaintiff Davis incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

81. This claim seeks an award of compensatory, punitive and nominal damages against the Defendant Wayne County Clerk, in her official capacity, and against Defendant Secretary of State, in her individual capacity, for violating Plaintiff Davis' First Amendment Rights.

82. If the Court determines and declares that the statutory provisions contained in Mich. Comp. Laws § 169.247(1) violate Plaintiff Davis' First Amendment Rights, Plaintiff respectfully requests the Court to award compensatory, punitive and nominal damages against the Defendant Wayne County Clerk, in her official capacity, and against Defendant Secretary of State, in her individual capacity, for violating Plaintiff Davis' First Amendment Rights.

83. Plaintiff Davis seeks an award of damages.

## COUNT IV

**First Amendment Retaliation Claim-Declaratory Judgment Declaring Plaintiff Davis was Retaliated Against by Defendant Election Commission for Exercising his First Amendment Rights of Filing Lawsuit Against the Defendant Election Commission.**

84. Plaintiff Davis incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

85. This claim is brought pursuant to the Declaratory Judgment Act.

86. Defendant Election Commission retaliated against Plaintiff Davis by purposely not appealing the erroneous September 16, 2016 Order that was entered in the *Bailer Election Matter* by Defendant Chief Judge Colombo.

87. Defendant Election Commission retaliated against Plaintiff Davis because Plaintiff Davis has successfully sued the Defendant Election Commission for their unlawful behavior with respect to recall petitions filed against Detroit Mayor Mike Duggan.

88. The Defendant Election Commission's failure to appeal Defendant Chief Judge Colombo's erroneous September 16, 2016 Order that was entered in the *Bailer Election Matter*, permitted Ms. Bailer, who is being supported by Detroit Mayor Mike Duggan, to have her name printed on

the November 8, 2016 General Election ballot in violation of the

Michigan Court of Appeals holding in *Berry v Garrett, supra*.

89. Plaintiff Davis has suffered as a result of the Defendant Election

Commission's retaliatory actions and thus shall be awarded damages in

excess of $75,000 for Defendant Election Commission's unconstitutional

and retaliatory behavior.

## COUNT V

**Declaratory Judgment Declaring Defendant Chief Judge Colombo's
September 28, 2016 Order Entered In the *Davis Election Matter* Shall Be
Declared Void Under Fed. R. Civ. P. 60(b)(4).**

90. Plaintiff Davis incorporates, repeats, and realleges the foregoing

allegations as though they were fully set forth and stated herein.

91. This claim is brought pursuant to 42 U.S.C. § 1983, and the Declaratory

Judgment Act.

92. This clam seeks prospective declaratory relief against Defendant Chief

Judge Colombo, in his official capacity.

93. It is well-settled in the Sixth Circuit that "[a] judgment is void under

[Rule] 60(b)(4) if the Court hat rendered it lack jurisdiction over the

subject-matter, or of the parties, or of if [it] acted in a manner inconsistent

with due process of law." *Antoine v Atlas Turner, Inc.,* 66 F.3d 105, 108

(6th Cir. 1995).

94. "[A] biased decisionmaker [is] constitutionally unacceptable[.]"

*Withrow v Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712

(1975).

95. "The fundamental requirement of due process is the opportunity to be

heard 'at a *meaningful* time and in a *meaningful* manner.'" *Matthews v*

*Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting

*Armstrong v Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed. 2d 62

(1965)).

96. Chief Judge Colombo is biased towards the Plaintiff and the proofs

thereof of bias towards the Plaintiff are clearly documented and self-

evident.

97. Defendant Chief Judge Colombo was a potential witness in Plaintiff's

federal criminal case and Defendant Chief Judge Colombo was the

subject of a recent civil suit in the Michigan Court of Appeals filed by the

Plaintiff in which the Plaintiff requested the Michigan Court of Appeals

to assume superintending control over Defendant Chief Judge Colombo

in the *Bailer Election Matter*.

98. Additionally, Defendant Chief Judge Colombo had a side bar

conversation with Plaintiff's counsel prior to Plaintiff's counsel filing the

Davis Election Matter in an apparent attempt to intimidate Plaintiff's

counsel.

99. Moreover, said sidebar conversation Defendant Chief Judge Colombo

had with Plaintiff's counsel *prior* to the filing of the *Davis Election

Matter* is further evidence that Defendant Chief Judge Colombo

prejudged the *Davis Election Matter* before any pleadings had been filed

with the court.

100.   Thus it is clear from Defendant Chief Judge Colombo's conduct that

he is biased towards the Plaintiff and is not an impartial decisionmaker.

101.   Accordingly, the September 28, 2016 Order the Defendant Chief

Judge Colombo entered in the *Davis Election Matter* should be declared

void under Fed. R. Civ. P. 60(b)(4) for it was entered in violation of

Plaintiff's due process rights.

## COUNT VI
**Plaintiff Shall Be Awarded Compensatory, Punitive and Nominal Damages.**

102.   Plaintiff Davis incorporates, repeats, and realleges the foregoing

allegations as though they were fully set forth and stated herein.

103.   This claim seeks an award of compensatory, punitive and nominal

damages against the Defendant Election Commission, in its official

capacity, for violating Plaintiff Davis' First Amendment Rights.

104.   If the Court determines and declares that the Defendant Election

Commission retaliated against Plaintiff Davis for exercising his First

Amendment Rights, Plaintiff respectfully requests the Court to award

compensatory, punitive and nominal damages against the Defendant

Election Commission, in its official capacity, for violating Plaintiff

Davis' First Amendment Rights.

105.   Plaintiff Davis seeks an award of damages.

**COUNT VII**
**Plaintiff Shall Be Awarded Court Costs and Attorney Fees Under 42 U.S.C. § 1988.**

106.   Plaintiff incorporates, repeats, and realleges the foregoing allegations

as though they were fully set forth and stated herein.

107.   This claim is brought pursuant to 42 U.S.C. §§ 1983, 1988.

108.   Plaintiff shall be awarded his attorney's fees and costs pursuant to 42

U.S.C. § 1988 for any relief granted for any of the counts properly pled

and alleged herein against the named Defendant.  See *Déjà vu of*

*Nashville Inc. v Metro Gov't of Nashville and Davison County*, 421 F.3d

417 (6th Cir. 2005; and see also, *Berger v City of Mayfield Heights*, 265

F.3d 399, 406-407 (6th Cir. 2001).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, for the foregoing reasons, Plaintiffs pray that this Honorable Court GRANT the requested relief as follows:

A. Issue a Declaratory Judgment declaring that Mich. Comp. Laws § 169.247(1), on its face and as applied to Plaintiff, is unconstitutional and void for it violates Plaintiff's First Amendment Right to engage in anonymous political speech.

B. Issue an Injunction enjoining the Defendants Wayne County Clerk and Secretary of State, in their official capacities, from enforcing Mich. Comp. Laws § 169.247(1) in general and against Plaintiff.

C. Issue a Declaratory Judgment declaring the Defendant Wayne County Election Commission retaliated against Plaintiff for exercising his First Amendment Rights.

D. Issue a Declaratory Judgment declaring Defendant Chief Judge Colombo's September 28, 2016 Order entered in the Davis Election Matter is void under Fed. R. Civ. P. 60(b)(4).

E. Award Plaintiff compensatory, punitive, and nominal damages against Defendant Wayne County Clerk, in her official capacity, and against the Defendant Secretary of State, in her individual capacity, for violating Plaintiff's First Amendment Rights.

F. Award Plaintiff compensatory, punitive, and nominal damages against

Defendant Wayne County Election Commission, in its official capacity, for

violating Plaintiff's First Amendment Rights.

G. Award Plaintiff his attorney fees and costs pursuant to 42 U.S.C. § 1988

against Defendants Wayne County Clerk, Wayne County Election

Commission, and Secretary of State, in their respective official capacities.

H. Grant any further relief the Court deems appropriate, just and proper.

Dated: October 3, 2016                                    Respectfully submitted,

                                                          /s/ ANDREW A. PATERSON
                                                          ANDREW A. PATERSON (P18690)
                                                          Attorney for Plaintiff
                                                          46350 Grand River, Suite C
                                                          Novi, MI 48374
                                                          (248) 568-9712
                                                          aap43@outlook.com

# EXHIBIT V



# THIRD JUDICIAL CIRCUIT
## OF MICHIGAN

ROBERT J. COLOMBO, JR.
CHIEF JUDGE

701 COLEMAN A. YOUNG MUNICIPAL CENTER
2 WOODWARD AVENUE
DETROIT, MICHIGAN 48226-3413

(313) 224-5430

---

## LOCAL ADMINISTRATIVE ORDER 2015 – 15

**STATE OF MICHIGAN**
**THIRD JUDICIAL CIRCUIT**

---

**SUBJECT:   GENERAL CIVIL CASE ASSIGNMENTS**

This Administrative Order rescinds and replaces Administrative Order  2015-14.

**IT IS ORDERED:**

Pursuant to the provisions of MCR 8.111(B) Assignment of Cases, it is ordered that the following system be used effective immediately:

1. All cases must be assigned "by lot" within the following case type categories:

    a. License Restoration cases (AL):  each judge shall be assigned a minimum of ten (10) cases before any judge receives an eleventh (11th) case.

    b. Superintending Control cases (AS):  each judge shall be assigned a minimum of one (1) case before any judge receives a second (2nd) case.

    c. All other appeals from lower courts and administrative agencies (AA, AE, AP, AV) and all other extraordinary writs, including post-adjudicated habeas corpus (AH), and actions for mandamus and quo warranto or other writs (AW), excluding the following:
        i. all actions involving election issues;

        ii. all matters in which the Third Circuit Court is a party;

        iii. all appeals from  Wayne County Veteran Services determinations; and

        iv. all MCL 117.4q(17) appeals of an administrative hearing officer's decision in a MCL 117.4q blight violation hearing.

d.    Except as provided for in subpart e, "other civil matters" case types (CC, CD, CE, CH, CK, CL, CP, CR, CZ), excluding housing and real estate cases (CH) and other general civil cases (CZ) in which the City of Detroit is the named plaintiff.

e.    For the purpose of administrative efficiency, the following cases shall be assigned to the docket of the Chief Judge or a judge designated by the Chief Judge in a Docket Directive:

    i.    the Property Forfeiture Docket encompassing property forfeiture cases (CF);

    ii.    the Tax Foreclosure Docket encompassing all Housing and Real Estate cases (CH) involving tax foreclosure claims in which the City of Detroit, Wayne County Treasurer, or the County of Wayne is a named party;

    iii.    all causes of action to quiet title, whether or not the City of Detroit, Wayne County Treasurer, or County of Wayne is a named party, that arise from tax foreclosure actions heard on the Tax Foreclosure Docket; and

    iv.    all nuisance abatement actions (CH), drug house actions (CF) or nuisance abatement actions involving commercial property (CH), or expedited quiet title/foreclosure actions (CH) that are filed by the Detroit Land Bank Authority, the City of Detroit, or the Wayne Land Bank Corporation.

f.    Other General Civil cases (CZ) involving fire insurance escrow claims filed pursuant to MCL 500.2845 in which the City of Detroit is the named plaintiff are to be assigned by lot in groups of not more than fifty (50) cases to each judge selected.

g.    Medical Malpractice (NH), Other Professional Malpractice (NM), and Products Liability cases (NP), excluding cases involving exposure to asbestos or personal injuries due to silicone gel implant devices.

h.    For the purposes of administrative efficiency, all Products Liability (NP) cases and Other General Civil causes of action in which injury is claimed as a result of exposure to asbestos or personal injury due to silicone gel implant devices shall be assigned to a designated judge.

i.    All other civil damage cases (ND, NF, NI, NO, NS, NZ), excluding cases involving exposure to asbestos or personal injuries due to silicone gel implant devices.

j.    All ancillary or other special proceedings, which may be treated as cases (PC, PD, PR and PS).

k.    For the purposes of administrative efficiency, Other General Civil Cases (CZ) filed to obtain a Writ of Garnishment per MCL 600.4027 and MCL 117.4q in a matter arising out of the filing of a Notice of Administrative Judgment ordered by the City of Detroit Department of Administrative Hearings shall be assigned to a designated judge.

l.    For the purposes of administrative efficiency, all civil proceedings filed that relate to or arise out of International Transmission Company (ITC)'s attempt to gain easements for purposes of ITC's vegetation management program through condemnation proceedings

2

shall be assigned to a designated judge. Upon conclusion of the show cause hearing, the case shall be reassigned by blind draw to a judge in the Civil Division.

m.     For the purposes of administrative efficiency, all civil proceedings filed that relate to or arise out of the Michigan Department of Transportation's ("MDOT") attempts to acquire property for purposes of the Gordie Howe International Bridge Project through condemnation proceedings, shall be assigned to a designated judge. Upon the entry of an order confirming the transfer of title and possession, if any, the case shall be reassigned by blind draw to a judge in the Civil Division.

n.     For the purposes of administrative efficiency, all proceedings filed by the City of Detroit under MCL 141.673 and the City of Detroit Income Tax Ordinance section 73 seeking production of books or records or other relief in connection with the administration of the city's income tax (Detroit Income Tax Administration Actions) shall be assigned to a designated judge.

2.     For the purpose of administrative efficiency, all Other Miscellaneous Proceedings (PZ) cases, including cases involving the transfer of a payee's structured settlement payment rights pursuant to MCL 691.1301 *et seq.*, shall be assigned to the Presiding Judge of the Civil Division.

3.     ~~For the purpose of administrative efficiency, the following types of cases or proceedings shall be assigned to the Chief Judge:~~

    a.     ~~all actions involving election issues;~~

    b.     all matters in which the Third Circuit Court is a party;

    c.     all appeals from Wayne County Veteran Services determinations;

    d.     all MCL 117.4q(17) appeals of an administrative hearing officer's decision in a MCL 117.4q blight violation hearing; and

    e.     the actions enumerated in 1.(e).

4.     In order to ensure that cases assigned by lot under Section 1. are distributed to all judges equally, no judge is to receive a fifth (5th) case within a designated case category until all judges have received at least four (4) cases, except as noted for case categories 1.(a), 1.(b), 1.(e), and 1.(f).

5.     Business Court cases (CB) shall be assigned by blind draw to the judges appointed to the Business Court pursuant to MCL 600.8031, *et seq.*

6.     Pursuant to MCR 2.112(O)(3), in order to ensure that business or commercial disputes are assigned to the Business Court, if the Court, on its own initiative, determines that an action is a "business or commercial dispute" as that term is defined at MCL 600.8031, *et seq.*, the Court shall assign the case to the Business Court. This determination shall be made by a judge designated by the Chief Judge.

7.     If it is determined that, due to a fluctuation in civil or business court filings and for the efficient administration of justice, it is necessary to equalize a Business Court docket, the Case

Processing Department shall adjust the draw for that docket so as to create a more fair and equitable distribution of cases amongst all judges.

8.    Disqualification of a judge.

   a.    If a judge is disqualified or for other good reason cannot undertake an assigned case, the Presiding Judge of the Civil Division shall assign it to another judge by written order stating the reason for the reassignment.  All cases must be reassigned "by lot".

   b.    When a judge is disqualified from hearing a case, the case shall be exchanged for a comparable  case from the docket of the judge receiving the reassigned case as determined by that judge.  The criteria for determining a comparable case shall include: case type, case age, and number of plaintiffs and defendants.

9.    The Chief Judge shall be excluded from those judges available for "by lot" assignments.  The Chief Judge shall also be excluded from receiving cases pursuant to MCR 8.111(D)(1) that arise out of the same transaction or occurrence as a civil case previously assigned to the Chief Judge if either party in the case to be reassigned has made a jury demand and that demand remains in full force and effect.

Dated:  October 23, 2015

*Robert J. Colombo J*
Hon. Robert J. Colombo, Jr., Chief Judge
Third Judicial Circuit of Michigan

Date Approved by SCAO:   December 10, 2015

4

# EXHIBIT W

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS,**                   Case No. 16-cv-13545

and **TAWANNA SIMPSON**,       **HON. ARTHUR J. TARNOW**

Plaintiffs,

v

**RUTH JOHNSON,** in her official and individual capacities as the duly elected Secretary of State, **CATHY M. GARRETT,** in her official capacity as the duly elected Wayne County Clerk, **WAYNE COUNTY ELECTION COMMISSION, BILL SCHUETTE,** in his official and individual capacities as the duly elected Attorney General, **JANICE WINFREY,** in her official capacity as the duly elected Detroit City Clerk, and **UNNAMED/UNKNOWN ELECTION INSPECTORS**, in their official capacities, ~~**HON. ROBERT J. COLOMBO, JR.,** in his official capacity as the Chief Judge of the Wayne County Circuit Court,~~

Defendants,

_____/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | ZENNA ELHASAN (P67691) |
| *Attorney for Plaintiff* | Wayne County Corporation Counsel |
| 46350 Grand River, Suite C | JANET ANDERSON-DAVIS (P29499) |
| Novi, MI 48374 | Asst. Corporation Counsel |
| (248) 568-9712 | *Attorneys for Defendant Wayne Co.* |
| aap43@outlook.com | *Election Commission and Wayne Co Clerk* |
| | 500 Griswold, Rm. 1267 |
| ELLEN SHARF (P37711) | Detroit, MI 48226 |
| Office of General Counsel | (313) 224-6684 |
| Attorneys for Defendant Hon. | Jandern@co.wayne.mi.us |
| Robert J. Colombo, Jr. | |
| Coleman A. Young Municipal Center | |
| 2 Woodward Ave., Rm.742 | |
| Detroit, MI 48226 | |
| (313) 224-8805 | |
| Ellen.sharf@3rdcc.org | |

_____/

## FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

NOW COME PLAINTIFFS, ROBERT DAVIS (**"Plaintiff Davis"**) and TAWANNA SIMPSON ("**Plaintiff Simpson**") (collectively referred to herein as "**Plaintiffs**"), by and through their attorney, Andrew A. Paterson, and for their First Amended Verified Complaint for Declaratory Judgment and Injunctive Relief ("**Amended Verified Complaint**"), state the following:

## I.    NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

2. Plaintiff Davis alleges in **Count I** of the Amended Verified Complaint that a declaratory judgment should be issued by the Court declaring that, on its face, and as applied to Plaintiff Davis, Mich. Comp. Laws §§ 169.247(1), (6) are unconstitutional for they violate Plaintiff Davis' First Amendment Core Political Speech Rights to engage in anonymous political speech.

3. Plaintiff Davis alleges in **Count II** of the Amended Verified Complaint that injunctive relief should be granted preliminarily and permanently enjoining the Defendants Michigan Attorney General, Wayne County Clerk and Secretary of State, in their official capacities, from enforcing the unconstitutional provisions of Mich. Comp. Laws §§ 169.247(1), (6).

4. In **Count III** of the Amended Verified Complaint Plaintiff Davis seeks an award of compensatory, punitive, and nominal damages against the Defendants Michigan Attorney General, Wayne County Clerk and Secretary of State pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367 for violating Plaintiff Davis' First Amendment Rights to engage in anonymous political speech.

5. Plaintiff Davis alleges in **Count IV** of the Amended Verified Complaint that Defendant Wayne County Election Commission has retaliated against Plaintiff Davis for exercising his First Amendment Rights, by deliberately and intentionally not appealing, the clearly erroneous September 16, 2016 Order issued by Defendant Wayne County Circuit Court Chief Judge, Robert J. Colombo, Jr. in the matter *Penelope Bailer v Janice Winfrey, et. al*, Case No. 16-011797-AW ("***Bailer Election Matter***").

6. Plaintiff Davis seeks in **Count V** of the Amended Verified Complaint an award of compensatory, punitive, and nominal damages against the Defendant Wayne County Election Commission pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367 for retaliating against Plaintiff Davis for exercising his First Amendment Rights.

7.  Plaintiff Davis alleges in **Count VI** of the Amended Verified Complaint that the local administrative order requiring ***all*** election cases that are filed in the Wayne County Circuit Court are to be assigned to Defendant Wayne County Circuit Court Chief Judge Robert J. Colombo, Jr. is unconstitutional for it violates Plaintiff Davis' constitutional right to due process.

8.  Plaintiff Davis alleges in **Count VII** of the Amended Verified Complaint that the local administrative order requiring ***all*** election cases that are filed in the Wayne County Circuit Court are to be assigned to Defendant Wayne County Circuit Court Chief Judge Robert J. Colombo, Jr., even if Defendant Wayne County Circuit Court Chief Judge Robert J. Colombo, Jr. is a named defendant, is unconstitutional for it violates Plaintiff Davis' constitutional right to due process.

9.  Plaintiff Simpson alleges in **Count VIII** of the Amended Verified Complaint that a declaratory judgment should be issued declaring that Defendants Wayne County Clerk and Wayne County Election Commission violated her Fourteenth Amendment Right to Equal Protection Under the Law by subjecting her to disparate treatment as a candidate for the Detroit Community School District Board of Education.

10. Plaintiff Simpson alleges in **Count IX** of the Amended Verified Complaint that injunctive relief should be granted preliminarily and permanently enjoining the Defendants Wayne County Clerk and Wayne County Election Commission from printing any more ballots with Penelope Bailer's name printed thereon, and to preliminary and permanently enjoin the Defendants Janice Winfrey and those Unnamed/Unknown Election Inspectors working at her direction from counting any votes cast for Penelope Bailer as a candidate for the Detroit Community School District Board of Education.

11. Plaintiffs allege in **Count X** of the Amended Verified Complaint that Plaintiffs must be awarded their attorney fees and costs pursuant to 42 U.S.C. § 1988.

## II.    JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367.

13. This Court also has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

14. Venue is proper under 28 U.S.C. § 1391 because Plaintiffs are residents
of the Eastern District of Michigan, and the actions giving rise to this
Complaint all occurred within the Eastern District of Michigan.

### III.    PARTIES

15. Plaintiff Robert Davis[1] (**"Plaintiff Davis"**), is a registered elector of the
City of Highland Park, County of Wayne, State of Michigan.  Plaintiff
Davis is also a well-known community and union activist, who has
volunteered and been involved in many civic and political causes. (**See**
**Plaintiff Davis' Affidavit attached hereto as Exhibit A**).  Although
Plaintiff Davis is not a resident or registered elector of the City of
Detroit, Plaintiff Davis is supporting at least three (3) candidates who are
running for the new Detroit Community School District Board of
Education, including his sister, Desmond White, who is running as a
write-in candidate.  (See **Plaintiff Davis' affidavit attached hereto as**
**Exhibit A**).

_____

[1] On September 2, 2014, Plaintiff Davis pled guilty before Senior United States
District Court Judge Arthur Tarnow ("**Judge Tarnow**") in Criminal Case No.
12-20224.  On December 18, 2014, Judge Tarnow sentenced Plaintiff Davis to
serve 18 months at a minimum security camp in Montgomery, Alabama on the
Maxwell Air Force Base ("**FPC Montgomery**").  Plaintiff Davis began serving
his term of imprisonment at FPC Montgomery on March 13, 2015 and has since
been released and is free under supervised release.

16. Plaintiff Tawanna Simpson ("**Plaintiff Simpson**"), is a registered and qualified elector of the City of Detroit, County of Wayne, State of Michigan.  Plaintiff Simpson is currently serving as an elected member of the Detroit Public Schools Board of Education; she is also a certified candidate for the *new* Detroit Community School District Board of Education and her name will appear on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community School District Board of Education.  (**See Plaintiff Simpson's affidavit attached as Exhibit B**).

17. Defendant, Ruth Johnson ("**Defendant Secretary of State**"), is the duly elected Secretary of State for the State of Michigan.  Pursuant to Mich. Comp. Laws § 168.21 of Michigan Election Law, Defendant Johnson is the "chief election officer of the state" that has "supervisory control over local election officials in the performance of their duties under the provisions of this act."

18. Defendant Bill Schuette ("**Defendant Attorney General**"), is the duly elected Attorney General for the State of Michigan.  "[T]he Attorney General is constitutionally and statutorily bound to investigate [and prosecute] campaign finance violations." *Fieger v Cox*, 274 Mich.App. 449, ___; 734 NW2d 602, 610 (2007).

19. Defendant, Cathy M. Garrett ("**Defendant Wayne County Clerk**"), is the duly elected County Clerk for the County of Wayne.  In accordance with Mich. Comp. Laws § 169.236 of Michigan's Campaign Finance Act, the Defendant Wayne County Clerk is responsible for accepting the statutorily required campaign statements from candidates who are running for the Detroit Community School District.  Additionally, pursuant to Mich. Comp. Laws § 169.251 of the Michigan Campaign Finance Act, the Defendant County Clerk is responsible for receiving statutorily required independent expenditure reports from individuals who have made independent expenditures of $100.01 or more advocating the election or defeat of a candidate for the Detroit Community School District Board of Education.

20. Defendant Wayne County Election Commission ("**Defendant Election Commission**"), pursuant to Mich. Comp. Laws §§ 168.952 and 168.960, is the three-member board, comprised of the Chief Judge of the Wayne County Probate Court, the Wayne County Clerk and the Wayne County Treasurer.  In accordance with Mich. Comp. Laws § 168.23, the Chief Judge of the Wayne County Probate Court serves as the Chairman and the Defendant Wayne County Clerk serves as the Secretary of the Defendant Election Commission.

21. Defendant Janice Winfrey ("**Defendant Detroit City Clerk**"), is the duly elected City Clerk for the City of Detroit.

22. Defendant Unnamed/Unknown Election Inspectors ("**Defendant Election Inspectors**"), in accordance with Mich. Comp. Laws § 168.804 of Michigan Election, act under the supervision and direction of the Defendant Detroit City Clerk and are charged with the ministerial duty of counting the ballots cast for each of the candidates whose names appear on the November 8, 2016 General Election.  Pursuant to Mich. Comp. Laws §168.674 of Michigan Election Law, the City of Detroit Election Commission has the statutory authority to appoint at least 3 election inspectors, at least 21 days prior to the November 8, 2016 General Election, for each precinct located in the City of Detroit.

23. Defendant, the Honorable Robert J. Colombo, Jr. ("**Defendant Chief Judge Colombo**"), is the Chief Judge of the Wayne County Circuit Court.

24. An actual controversy exists between the Plaintiffs and the named Defendants.

## IV.   COMMON FACTS FOR COUNTS I-III

25. On October 2, 2016, Plaintiff Davis, via electronic mail, contacted the Defendant Wayne County Clerk and Mrs. Delphine Oden ("**Mrs.**

**Oden**"), who acts under the supervision and direction of the Defendant Wayne County Clerk, as the Director of Wayne County Elections. Plaintiff Davis sought guidance with respect to whether Plaintiff Davis could print and distribute anonymous campaign literature advocating the defeat of certain candidates who were running for the Detroit Community School District Board of Education.  **(See Plaintiff Davis' Affidavit attached as Exhibit A; and See Plaintiff's October 2, 2016 Email to Defendant County Clerk and Mrs. Oden attached as Exhibit C)**.

26. Because Plaintiff Davis was seeking to immediately begin printing and distributing the anonymous political campaign literature, Plaintiff Davis respectfully asked the Defendant Wayne County Clerk and Mrs. Oden to respond to his written inquiry by 12 p.m. on Monday, October 3, 2016. **(See Plaintiff's October 2, 2016 Email to Defendant County Clerk and Mrs. Oden attached as Exhibit C)**.

27. On October 3, 2016 the Defendant Wayne County Clerk and Mrs. Oden responded informing the Plaintiff Davis that his request had been forwarded to the Defendant Secretary of State because the Defendant Secretary of State "is the chief administrator of the Michigan Campaign Finance Act."  **(See October 3, 2016 email attached as Exhibit C)**.

28. On October 3, 2016, Mr. Chris Thomas, the Director of Elections for the Defendant Secretary of State, responded to Plaintiff Davis and stated the following: "I think Wayne County is fully capable of responding." (**See October 3, 2016 attached as Exhibit C**).

29. Later that day, October 3, 2016, Plaintiffs' counsel filed a verified complaint with the U.S. District Court for the Eastern District of Michigan, on behalf of Plaintiff Davis against Defendants Secretary of State, County Clerk, Election Commission and Chief Judge Colombo. (Docket No. 1).

30. On Thursday, October 6, 2016, the Court held a telephonic conference with counsel for all of the named parties in the original complaint.

31. During the October 6, 2016 telephonic conference, Plaintiffs' counsel informed the Court that he would be filing an amended complaint adding additional facts and adding additional parties to the litigation.

32. At the conclusion of the October 6, 2016 telephonic conference, Plaintiff Davis immediately contacted his U.S. Probation Officer to ask her whether Plaintiff Davis would be subject to a probation violation if Plaintiff Davis violated Mich. Comp. Laws § 169.247(1) of the Michigan Campaign Finance Act. (**See Plaintiff Davis' October 6, 2016 Email to Probation Officer attached has Exhibit D**).

33. On October 7, 2016, Plaintiff Davis' probation officer promptly responded and advised Plaintiff Davis that a violation of Mich. Comp. Laws § 169.247(1) of the Michigan Campaign Finance Act would constitute a violation of Plaintiff Davis' supervised release and would subject him to a probation violation and possible revocation of his release. (**See Plaintiff Davis' Probation Officer's October 7, 2016 Email Response attached as Exhibit D**).

34. Plaintiff Davis immediately forwarded his Probation Officer's October 7, 2016 email response to Judge Tarnow's Case Manager, Mike Lang. (**See Plaintiff Davis' affidavit attached as Exhibit A**).

35. Mich. Comp. Laws § 169.247(1) of Michigan Campaign Finance Act mandates that all printed material "having reference to an election, a candidate, or a ballot question shall bear upon it an identification that contains the name and address of the person paying for the matter... An individual other than a candidate is not subject to this subsection if the individual is acting independently and not acting as an agent for a candidate or any committee."

36. Mich. Comp. Laws § 169.247(6) of Michigan Campaign Finance Act makes it a crime for a person to *knowingly* violates Mich. Comp. Laws § 169.247(1).

37. Plaintiff Davis rightfully fears that he will be prosecuted for violating Mich. Comp. Laws § 169.247(1) if he prints and distributes "anonymous" campaign literature advocating the defeat of certain candidates who are running for the Detroit Community School District Board of Education.  As noted, a condition of Plaintiff Davis' supervised release from FPC Montgomery requires Plaintiff Davis not to violate "any" laws and Plaintiff Davis' probation officer has indicated in writing that a violation of Mich. Comp. Laws § 169.247(1) would subject Plaintiff Davis to a probation violation and possible revocation of his release.  **(See Plaintiff Davis' affidavit attached as Exhibit A; see Plaintiff Davis' Probation Officer's October 7, 2016 Email Response attached as Exhibit D**).

38. Plaintiff Davis is supporting at least 3 candidates who are running for the Detroit Community School District Board of Education, including his sister, Desmond White, who is running as a write-in candidate.  **(See Plaintiff Davis' affidavit attached as Exhibit A**).

39. Plaintiff Davis **will not** be acting independently in printing and distributing anonymous campaign literature.  Plaintiff Davis will be acting *in concert with* the candidates he is supporting for the Detroit Community School District Board of Education.  And, Plaintiff Davis

will be acting as an agent for at least one of the candidates he is supporting for the *new* Detroit Community School District Board of Education, in printing and distributing anonymous campaign literature. **(See Plaintiff Davis' affidavit attached as Exhibit A)**.

40. Consequently, the exemption set forth in Mich. Comp. Laws § 169.247(1), which states: "[a]n individual other than a candidate is not subject to this subsection if the individual is acting independently and not acting as an agent for a candidate or any committee," **would not be applicable to Plaintiff Davis.   (See Plaintiff Davis' affidavit attached as Exhibit A)**.

41. Plaintiff Davis desires to print and distribute anonymous campaign literature advocating the defeat of certain candidates for the Detroit Community School District Board of Education. Plaintiff Davis fears retaliation for such distribution of anonymous campaign literature by Detroit Mayor, Mike Duggan and by The Detroit News newspaper, as both have openly supported a certain group of candidates that Plaintiff Davis opposes. **(See Plaintiff Davis' affidavit attached as Exhibit A)**.

42. Plaintiff Davis has been subjected to defamatory and slanderous editorials written by a particular columnist at The Detroit News, and who has publicly criticized Plaintiff Davis for opposing certain candidates

running for the Detroit Community School District Board of Education.
**(See Detroit News Editorials attached as Exhibit E)**.

43. Plaintiff Davis' right to print and distribute anonymous campaign
literature is protected by the First Amendment to the U.S. Constitution.

## V.   COMMON FACTS FOR COUNT IV-V

44. On September 9, 2016, Plaintiff Davis and Desmond White, through their
counsel, filed a timely legal challenge with the Defendants Wayne
Election Commission and the Detroit City Clerk, challenging the
candidacies of three (3) individuals who had filed to run for the *new*
Detroit Community School District's Board of Education.

45. Specifically, the Plaintiff Davis and Desmond White's legal challenge
alleged that Penelope Bailer's ("Ms. Bailer") and Robert Earl Thomas'
names should not be printed on the November 8, 2016 General Election
ballot because their affidavit of identities were not filed in accordance
with Mich. Comp. Laws § 168.558 and the Michigan Court of Appeals'
holding in the published case *Berry v Garrett*, _____ Mich. App. ___;
_____ NW2d _____ (No. 333225, decided June 17, 2016).

46. Later on September 9, 2016, attorney Janet Anderson-Davis, counsel for
the Defendant Election Commission, informed Plaintiff's counsel via
electronic mail (email) that the Defendant Election Commission would

be convening to consider and address the merits of Plaintiff Davis and Desmond White's legal challenge on Tuesday, September 13, 2016 at 3:15 p.m. Representatives from the Defendant Detroit City Clerk's Office, as well as, the City of Detroit's Law Department, were also so informed of the meeting.

47. On Tuesday, September 13, 2016, the Defendant Election Commission convened to consider and address the merits of Plaintiff's challenges, as well as to address other election-related matters pertaining to the November 8, 2016 General Election. (**See Agenda from Election Commission's September 13, 2016 Meeting attached hereto as Exhibit F**).

48. Representatives on behalf of the Defendant Detroit City Clerk, the City of Detroit's Law Department, as well as legal representatives on behalf of Ms. Bailer were present at the Defendant Election Commission's September 13, 2016 Meeting. Plaintiff Robert Davis attended the Defendant Election Commission's September 13, 2016 Meeting. Neither Desmond White, nor Plaintiffs' counsel were able to attend.

49. After allowing the parties to present their respective arguments at the September 13, 2016 Meeting, the Defendant Election Commission, citing the Michigan Court of Appeals' holding in *Berry v Garret*, *supra*,

**unanimously** voted to GRANT Plaintiff Davis' and Desmond White's

legal challenge to remove the names of Ms. Bailer and Mr. Thomas from

the November 8, 2016 General Election ballot.  (**See Defendant Election
Commission's Letter of Determination regarding challenge to
Penelope Bailer attached hereto as Exhibit G**).

50. At the September 13, 2016 Meeting, the Defendant Election

Commission also voted to authorize and proceed with the printing of the

ballots for the November 8, 2016 General Election WITHOUT Ms.

Bailer's and Mr. Thomas' names printed thereon.

51. On Thursday, September 15, 2016, Ms. Bailer filed an Emergency

Complaint and Motion for Mandamus and Order to Show Cause against

the Defendants Election Commission and Detroit City Clerk, Wayne Co.

Case No. 16-011797-AW ("*Bailer Election Matter*").

52. Later that day, the Defendant Chief Judge Colombo entered an order to

show cause compelling the Defendants Election Commission and Detroit

City Clerk to appear before the court for a hearing that was to be held on

Friday, September 16, 2016.

53. Late in the evening on September 15, 2016, Plaintiffs' counsel was

provided a copy of Ms. Bailer's Emergency Complaint and Motion by

counsel for the Defendant Election Commission. Ms. Bailer's counsel
failed to so supply a copy.

54. Upon receiving the copy of Ms. Bailer's Emergency Complaint and
Motion for Mandamus, counsel for Plaintiff Davis **immediately** sought
concurrence from the parties to intervene in the matter on behalf of
Plaintiff Davis and Desmond White.  Plaintiffs' counsel received
concurrence from Defendant Election Commission's counsel, but counsel
for Ms. Bailer refused to concur in allowing Plaintiff Davis and Desmond
White to intervene.

55. Accordingly, on Friday, September 16, 2016, in the wee hours of the
morning, Plaintiffs' counsel electronically filed an Emergency Motion to
Intervene in the *Bailer Election Matter*.

56. On Friday, September 16, 2016, Plaintiffs' counsel attended Ms. Bailer's
show cause hearing that was held in the *Bailer Election Matter*.
Although Defendant Chief Judge Colombo permitted Plaintiffs' counsel
to participate in oral argument during the September 16, 2016 show cause
hearing and briefly addressed Plaintiff Davis' and Desmond White's
Emergency Motion to Intervene in the *Bailer Election Matter*, in an email
dated September 16, 2016, Defendant Chief Judge Colombo informed
Plaintiffs' counsel that he in fact took Plaintiff Davis' and Desmond

White's Emergency Motion to Intervene "under advisement" and **did not**
render a decision on Plaintiff Davis' and Desmond White's Emergency
Motion to Intervene.

57. At the conclusion of the show cause hearing held in the *Bailer Election
Matter*, Defendant Chief Judge Colombo entered a "final order" granting
Ms. Bailer's motion for writ of mandamus and ordered the Defendant
Election Commission ONLY to "***take necessary steps*** to place the name
of Penelope N. Bailer on the November 8, 2016 General Election ballot
as a candidate for Detroit Community School District" and closing the
case. (**See Defendant Chief Judge Colombo's September 16, 2016
Order attached hereto as Exhibit H**).

58. On September 18, 2016, Plaintiff Davis and Desmond White filed a
claim of appeal (COA Docket No. 334823) along with an emergency
motion to expedite the appeal. On September 21, 2016 the Court of
Appeals issued its unpublished per curiam opinion dismissing Plaintiffs'
appeal for lack of appellate standing. See *Bailer v Wayne County
Election Commission*, unpublished per curiam opinion of Court of
Appeals, entered September 21, 2016 (Docket No. 334823).

59. Plaintiff Davis and Desmond White immediately appealed the Court of
Appeals' September 21, 2016 Judgment in *Bailer v Wayne County*

*Election Commission*, to the Michigan Supreme Court. However, on September 22, 2016, the Michigan Supreme Court issued an order denying Plaintiff Davis' and Desmond White's Emergency Application for leave to appeal.

60. The Defendant Election Commission has stated that it has chosen not to appeal Defendant Chief Judge Colombo's erroneous September 16, 2016 Order.

61. Plaintiff Davis believes and alleges that such decision to not appeal Judge Colombo's erroneous decision was in retaliation against Plaintiff Davis for successfully suing the Defendant Election Commission in another election-related matter, which is currently pending in this Honorable Court.

62. The Defendant Election Commission, through its legal counsel, conspired with Ms. Bailer by secretly agreeing not to appeal Defendant Chief Judge Colombo's erroneous decision, in spite of the binding precedent the Court of Appeals has established against it in *Berry v Garret, supra*.

63. The Defendant Election Commission thus so retaliated against Plaintiff Davis for exercising his First Amendment Rights by purposely failing and refusing to appeal Defendant Chief Judge Colombo's erroneous September 16, 2016 Order entered in the *Bailer Election Matter*.

## VI.   COMMON FACTS FOR COUNT VI

64. In the afternoon of September 23, 2016, Plaintiff Davis and Desmond
White filed a four-count verified complaint with the Wayne County
Circuit Court against the Defendants Wayne County Clerk and Wayne
County Election Commission, and Detroit City Clerk and against Ms.
Bailer, Wayne County Case No. 16-012226-AW ("***Davis Election
Matter***").

65. However, ***prior*** to Plaintiff Davis' counsel filing the *Davis Election
Matter* with the Wayne County Circuit Court, Plaintiffs' counsel had a
hearing before Defendant Chief Judge Colombo in another and unrelated
matter the morning of September 23, 2016.  At the conclusion of that
hearing, Defendant Chief Judge Colombo asked Plaintiffs' counsel,
Andrew Paterson, to come to the bench.

66. Adhering to Defendant Chief Judge Colombo's request, Plaintiffs'
counsel, Andrew Paterson, approached Defendant Chief Judge
Colombo's bench and Defendant Chief Judge Colombo proceeded to ask
Plaintiffs' counsel, Andrew Paterson, why was he filing a new case and
asked him generally what were his or his clients' motives for these
proceedings seeking Ms. Bailer's removal from the ballot.

67. Plaintiffs' counsel, Andrew Paterson, responded by informing Defendant Chief Judge Colombo that he and his client simply believed that the law should followed no matter who it applied to.

68. After leaving Defendant Chief Judge Colombo's courtroom, Plaintiffs' counsel, Andrew Paterson, telephoned Plaintiff Davis and informed him of the conversation he just had with Defendant Chief Judge Colombo about the soon-to-be filed civil action.

69. As noted, after Plaintiffs' counsel, Andrew Paterson, left Defendant Chief Judge Colombo's courtroom, later that day the *Davis Election Matter* was filed with the Wayne County Circuit Court, and, pursuant to the local administrative rule (**Exhibit I**), the *Davis Election Matter* was assigned to Defendant Chief Judge Colombo.

70. On September 28, 2016, Defendant Chief Judge Colombo held a show cause hearing in the *Davis Election Matter*.  During the show cause hearing, it seemed apparent that Defendant Chief Judge Colombo was biased towards the Plaintiff Davis.

71. Defendant Chief Judge Colombo dismissed Plaintiff Davis and Desmond White's verified complaint and sanctioned Plaintiff Davis, Desmond White and their counsel.  (**See Defendant Chief Judge Colombo's**

September 28, 2016 Order in *Davis Election Matter* **attached hereto
as Exhibit J**).

72. Plaintiff Davis, within the next few weeks, will be filing additional
election-related matters seeking the removal of certain elected officials
and under the local administrative court rule (**Exhibit I**) for the Third
Circuit Court, any of those election-related cases that are to be filed by
Plaintiff Davis would have to be assigned to Defendant Chief Judge
Colombo.

73. The local administrative court rule requiring all election matters to be
assigned to Defendant Chief Judge Colombo thus violates Plaintiff
Davis' constitutional right to due process because Defendant Chief Judge
Colombo has not been a fair and impartial decision maker with respect to
any such election case involving Plaintiff Davis.  (**See Plaintiff Davis'
affidavit attached as Exhibit A**).

74. To historically inform the matter, Defendant Chief Judge Colombo was a
potential witness in Plaintiff Davis' federal criminal case, Case No. 12-
20224. Defendant Chief Judge Colombo, had been approached and
questioned by FBI agents concerning Plaintiff Davis, during the FBI's
criminal investigation of Plaintiff Davis. Defendant Chief Judge
Colombo was questioned about a case pending before him that involved

Plaintiff Davis and the Highland Park Board of Education.  (**See Plaintiff Davis' affidavit attached as Exhibit A**).

75. Defendant Chief Judge Colombo's personal bias towards Plaintiff Davis is also alleged to be evidenced by the fact that Plaintiff Davis had, just weeks ago, sued Defendant Chief Judge Colombo, in his official capacity, in the Michigan Court of Appeals in an original superintending control action with respect to Defendant Chief Judge Colombo's erroneous September 16, 2016 Order he entered in the *Bailer Election Matter*.

76. Plaintiff Davis has also publicly criticized Defendant Chief Judge Colombo on a popular radio show for what Plaintiff Davis saw as Defendant Chief Judge Colombo's "political" ruling in the *Bailer Election Matter*.  (**See Plaintiff Davis' affidavit attached as Exhibit A**).

### VII.   COMMON FACTS FOR COUNT VII

77. In the next few weeks, Plaintiff Davis will be filing a *quo warranto* action in the Wayne County Circuit Court seeking to void any and all votes cast for Ms. Bailer as a candidate for the Detroit Community School District Board of Education.

78. Because Defendant Chief Judge Colombo's erroneous September 16, 2016 Order in the *Bailer Election Matter* created the election fraud

and/or error, Defendant Chief Judge Colombo will be a named party

defendant in the *quo warranto* case Plaintiff Davis will be filing in the

Wayne County Circuit Court.  (**See Plaintiff Davis' affidavit attached

as Exhibit A**).

79. And, as noted, pursuant to the new local administrative order of the Third

Circuit Court for the County of Wayne, Plaintiff Davis' *quo warranto*

case, which will seek to void votes cast for Ms. Bailer, will be assigned

to Chief Judge Colombo, who will be a defendant in that matter.

80. However, because Defendant Chief Judge Colombo will be a named

party defendant, Defendant Chief Judge Colombo should be disqualified

from presiding over the *quo warranto* case pursuant to Michigan Court

Rule ("MCR") 2.003(C)(1)(g).

81. In accordance with MCR 2.003, the Defendant Chief Judge Colombo

would initially decide whether his disqualification is warranted.  Plaintiff

Davis is not confident Defendant Chief Judge Colombo will adhere to the

rule of law, based upon Defendant Chief Judge Colombo's ruling in the

*Bailer Election Matter.*

82. Accordingly, the entry of declaratory judgment declaring that Defendant

Chief Judge Colombo *must* disqualify himself on the election-related

case filed in which he will be a named party defendant, is necessary to protect Plaintiff Davis' constitutional right to due process.

## VIII.  COMMON FACTS FOR COUNTS VIII-IX

83. On July 13, 2016, pursuant to Mich. Comp. Laws § 380.384 of the Revised School Code, Plaintiff Simpson filed with the Defendant Detroit City Clerk an affidavit of identity required by Mich. Comp. Laws § 168.558 of Michigan Election Law and paid the $100 filing fee to qualify as a candidate for the *new* Detroit Community School District Board of Education. **(See Plaintiff Simpson's Affidavit of Identity attached as Exhibit K)**.

84. On September 13, 2016, the Defendant Wayne County Clerk certified Plaintiff Simpson's name to the Defendant Election Commission, to appear on the November 8, 2016 General Election ballot as a candidate for the Detroit Community School District Board of Education.  **(See Agenda from Defendant Election Commission Meeting attached as Exhibit F; see Transcript from September 13, 2016 Defendant Election Commission Meeting attached as Exhibit L)**.

85. On September 13, 2016, the Defendant Election Commission convened and pursuant to Mich. Comp. Laws § 168.689 of Michigan Election Law, determined that Plaintiff Simpson was "properly certified" and voted to

approve Plaintiff Simpson's name to be placed on the November 8, 2016

General Election ballot as a candidate for the new Detroit Community

School District Board of Education.  (**See Agenda from Defendant**

**Election Commission Meeting attached as Exhibit F; see Transcript**

**from September 13, 2016 Defendant Election Commission Meeting**

**attached as Exhibit L**).

86. At the September 13, 2016 meeting, the Defendant Election Commission

also properly determined that Ms. Bailer's affidavit of identity was not

filed in accordance with Mich. Comp. Laws § 168.558 and the Michigan

Court of Appeals' holding in the published case *Berry v Garrett*, _____

Mich. App. ___; _____ NW2d _____ (COA Docket No. 333225, decided

June 17, 2016) and that Ms. Bailer was not "properly certified" by the

Defendant County Clerk. The  Defendant Election Commission then

voted not to place Ms. Bailer's name on the November 8, 2016 General

Election ballot as a candidate for the new Detroit Community School

District Board of Education.  (**See Transcript from September 13, 2016**

**Defendant Election Commission Meeting attached as Exhibit L; see**

**Defendant Election Commission's Determination Letter attached as**

**Exhibit G**).

87. As noted above, on Thursday, September 15, 2016, Ms. Bailer filed an Emergency Complaint and Motion for Mandamus and Order to Show Cause against the Defendants Election Commission and Detroit City Clerk, Wayne Co. Case No. 16-011797-AW ("***Bailer Election Matter***").

88. Later that same day, the Defendant Chief Judge Colombo entered an order to show cause compelling the Defendants Election Commission and Detroit City Clerk to appear before the court for a hearing that was to be held on Friday, September 16, 2016.

89. Late in the evening on September 15, 2016, Plaintiffs' counsel was provided a copy of Ms. Bailer's Emergency Complaint and Motion by counsel for the Defendant Election Commission. Ms. Bailer's counsel failed to so supply a copy.

90. Upon receiving the copy of Ms. Bailer's Emergency Complaint and Motion for Mandamus, counsel for Plaintiff Davis **immediately** sought concurrence from the parties to intervene in the matter on behalf of Plaintiff Davis and Desmond White.  Plaintiffs' counsel received concurrence from Defendant Election Commission's counsel, but counsel for Ms. Bailer refused to concur in allowing Plaintiff Davis and Desmond White to intervene.

91. Accordingly, on Friday, September 16, 2016, in the wee hours of the morning, Plaintiffs' counsel electronically filed an Emergency Motion to Intervene in the *Bailer Election Matter*.

92. On Friday, September 16, 2016, Plaintiffs' counsel attended Ms. Bailer's show cause hearing that was held in the *Bailer Election Matter*. Although Defendant Chief Judge Colombo permitted Plaintiffs' counsel to participate in oral argument during the September 16, 2016 show cause hearing and briefly addressed Plaintiff Davis' and Desmond White's Emergency Motion to Intervene in the *Bailer Election Matter*, in an email dated September 16, 2016, Defendant Chief Judge Colombo informed Plaintiffs' counsel that he in fact took Plaintiff Davis' and Desmond White's Emergency Motion to Intervene "under advisement" and **did not** render a decision on Plaintiff Davis' and Desmond White's Emergency Motion to Intervene.

93. At the conclusion of the show cause hearing held in the *Bailer Election Matter*, Defendant Chief Judge Colombo entered a "final order" granting Ms. Bailer's motion for writ of mandamus and ordered the Defendant Election Commission ONLY to "***take necessary steps*** to place the name of Penelope N. Bailer on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District." (**See Defendant**

**Chief Judge Colombo's September 16, 2016 Order attached hereto as**

**Exhibit H**).

94. On September 18, 2016, Plaintiff Davis and Desmond White filed a claim of appeal (COA Docket No. 334823) along with an emergency motion to expedite the appeal.  On September 21, 2016 the Court of Appeals issued its unpublished per curiam opinion dismissing Plaintiffs' appeal for lack of appellate standing.  See *Bailer v Wayne County Election Commission*, unpublished per curiam opinion of Court of Appeals, entered September 21, 2016 (Docket No. 334823).

95. Plaintiff Davis and Desmond White immediately appealed the Court of Appeals September 21, 2016 Judgment in *Bailer v Wayne County Election Commission*, to the Michigan Supreme Court.  However, on September 22, 2016, the Michigan Supreme Court issued an order denying Plaintiff Davis' and Desmond White's Emergency Application for leave to appeal.

96. On September 16, 2016, Ms. Oden, Director of Wayne County Elections, contacted the printer and directed the printer to place Ms. Bailer's name on the November 8, 2016 General Election ballot as a candidate for the new Detroit Community School District Board of Education. (**See Delphine Oden's affidavit attached as Exhibit M**).

97. The Defendant Election Commission, since the entry of Defendant Chief Judge Colombo's September 16, 2016 Order in the *Bailer Election Matter*, did not convene as a public body or determine whether Ms. Bailer was "properly certified" to have her name placed on the November 8, 2016 General Election ballot as a candidate, all as Mich. Comp. Laws 168.689 of Michigan Election Law requires it to do.

98. Plaintiff Simpson has been denied equal protection under the law because Ms. Bailer's name was allowed to be printed on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community School District Board of Education: (1) without the Defendant County Clerk certifying Ms. Bailer's name as a candidate; and (2) without the Defendant Election Commission convening as a public body to determine whether or not Ms. Bailer's name was "properly certified" as Mich. Comp. Laws § 168.689 requires of it.

## CAUSES OF ACTION

## COUNT I

**Mich. Comp. Laws §§ 169.247(1), (6), On Their Face and As Applied To Plaintiff Davis, Are Unconstitutional For They Violate Plaintiff Davis' First Amendment Right To Engage In Anonymous Political Speech.**

99. Plaintiff Davis incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

100.   This claim is brought pursuant to 42 U.S.C. § 1983 and the
Declaratory Judgment Act.

101.   This claim seeks prospective declaratory relief against Defendants
Michigan Attorney General, Secretary of State, and Wayne County Clerk
in their official capacities.

102.   On October 2, 2016, Plaintiff Davis, via electronic mail, contacted the
Defendant Wayne County Clerk and Mrs. Oden, the Director of Wayne
County Elections, seeking guidance with respect to whether Plaintiff
Davis could print and distribute anonymous campaign literature
advocating the defeat of certain candidates who were running for the
Detroit Community School District Board of Education.  (**See Plaintiff
Davis' Affidavit attached as Exhibit A; and See Plaintiff's October 2,
2016 Email to Defendant County Clerk and Mrs. Oden attached as
Exhibit C**).

103.   Because Plaintiff Davis was seeking to immediately begin printing
and distributing the "anonymous" political campaign literature, Plaintiff
Davis respectfully asked the Defendant Wayne County Clerk and Mrs.
Oden to respond to his written inquiry by 12 p.m. on Monday, October 3,
2016.  (**See Plaintiff's October 2, 2016 Email to Defendant County
Clerk and Mrs. Oden attached as Exhibit C**).

104.   On October 3, 2016 the Defendant Wayne County Clerk and Mrs. Oden responded informing the Plaintiff Davis that his request had been forwarded to the Defendant Secretary of State because the Defendant Secretary of State "is the chief administrator of the Michigan Campaign Finance Act."  **(See October 3, 2016 email attached as Exhibit C)**.

105.   On October 3, 2016, Mr. Chris Thomas, the Director of Elections for the Defendant Secretary of State, responded to Plaintiff Davis and stated the following: "I think Wayne County is fully capable of responding." **(See October 3, 2016 attached as Exhibit C)**.

106.   Later that same day, on October 3, 2016, Plaintiffs' counsel filed a verified complaint with the U.S. District Court for the Eastern District of Michigan, on behalf of Plaintiff Davis against Defendants Secretary of State, County Clerk, Election Commission and Chief Judge Colombo. (Docket No. 1).

107.   On Thursday, October 6, 2016, the Court held a telephonic conference with counsel for all of the named parties in the original complaint.

108.   During the October 6, 2016 telephonic conference, Plaintiffs' counsel informed the Court that he would be filing an amended complaint adding additional facts and adding additional parties.

109.   At the conclusion of the October 6, 2016 telephonic conference,
Plaintiff Davis immediately contacted his U.S. Probation Officer to ask
her whether Plaintiff Davis would be subject to a probation violation if
Plaintiff Davis violated Mich. Comp. Laws § 169.247(1) of the Michigan
Campaign Finance Act.  (**See Plaintiff Davis' October 6, 2016 Email to
Probation Officer attached has Exhibit D**).

110.   On October 7, 2016, Plaintiff Davis' probation officer promptly
responded and advised Plaintiff Davis that a violation of Mich. Comp.
Laws § 169.247(1) of the Michigan Campaign Finance Act would
constitute a violation of Plaintiff Davis' supervised release and would
subject him to a probation violation and possible revocation of his
release.  (**See Plaintiff Davis' Probation Officer's October 7, 2016
Email Response attached as Exhibit D**).

111.   Plaintiff Davis immediately forwarded his Probation Officer's
October 7, 2016 email response to Judge Tarnow's Case Manager, Mike
Lang.  (**See Plaintiff Davis' affidavit attached as Exhibit A**).

112.  Mich. Comp. Laws § 169.247(1) of Michigan Campaign Finance Act
requires all printed material "having reference to an election, a candidate,
or a ballot question shall bear upon it an identification that contains the
name and address of the person paying for the matter… An individual

other than a candidate is not subject to this subsection if the individual is acting independently and not acting as an agent for a candidate or any committee."

113.   Mich. Comp. Laws § 169.247(6) of Michigan Campaign Finance Act makes it a crime for a person to *knowingly* violate Mich. Comp. Laws § 169.247(1).

114.   Plaintiff Davis rightfully fears that he will be prosecuted for violating Mich. Comp. Laws § 169.247(1) if he prints and distributes anonymous campaign literature advocating the defeat of certain candidates who are running for the Detroit Community School District Board of Education. As noted, a condition of Plaintiff Davis' supervised release from FPC Montgomery requires Plaintiff Davis not to violate "any" laws and Plaintiff Davis' probation officer has so indicated in writing that a violation of Mich. Comp. Laws § 169.247(1) would constitute a probation violation and subject him to possible revocation of his release. **(See Plaintiff Davis' affidavit attached as Exhibit A; see Plaintiff Davis' Probation Officer's October 7, 2016 Email Response attached as Exhibit D)**.

115.   Plaintiff Davis is supporting at least 3 candidates who are running for the Detroit Community School District Board of Education, including his

sister, Desmond White, who is running as a write-in candidate. (**See Plaintiff Davis' affidavit attached as Exhibit A**).

116.    Plaintiff Davis **will not** be acting independently in printing and distributing anonymous campaign literature.  Plaintiff Davis will be acting in concert with the candidates he is supporting for the Detroit Community School District Board of Education.  And, Plaintiff Davis will be acting as an agent for at least one of the candidates he is supporting for the *new* Detroit Community School District Board of Education, in his printing and distributing anonymous campaign literature.  (**See Plaintiff Davis' affidavit attached as Exhibit A**).

117.    Consequently, the exemption set forth in Mich. Comp. Laws § 169.247(1), which states: "[a]n individual other than a candidate is not subject to this subsection if the individual is acting independently and not acting as an agent for a candidate or any committee," **would not be applicable to Plaintiff Davis**.   (**See Plaintiff Davis' affidavit attached as Exhibit A**).

118.    Plaintiff Davis desires to print and distribute "anonymous" campaign literature advocating the defeat of certain candidates for the Detroit Community School District Board of Education. Plaintiff Davis fears retaliation for such distribution of "anonymous" campaign literature by

Detroit Mayor, Mike Duggan and by The Detroit News newspaper, both of whom have openly supported a certain group of candidates that Plaintiff Davis opposes. **(See Plaintiff Davis' affidavit attached as Exhibit A).**

119.    Plaintiff Davis has been subjected to defamatory and slanderous editorials written by a particular columnist at The Detroit News, and who has publicly criticized Plaintiff Davis for opposing certain candidates who are running for the Detroit Community School District Board of Education. **(See Detroit News Editorials attached as Exhibit E).**

120.    Mich. Comp. Laws §§ 169.247(1), (6) violate Plaintiff Davis' First Amendment Right to engage in "anonymous" political speech.

121.    "As a general matter, anonymous speech is protected by the First Amendment." *McGlone v Bell*, 681 F.3d 718,734 (6th Cir. 2012).

122.    The United States Supreme Court in *McIntyre v Ohio Elections Comm'n*, 514 U.S. 334, 115 S. Ct. 1511, 131 L.Ed.2d 426 (1995) addressed this very issue with respect to a similar Ohio state statute that also criminalized anonymous political speech.

123.    In *McIntyre*, the Supreme Court held: "[A]n author's decision to remain anonymous, like other decisions concerning omissions or

additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment." *McIntryre,* 514 U.S. at 342.

124.   The Supreme Court reasoned: "The fear in favor of anonymity may be motivated by fear of economic or official retaliation, by concern about social ostracism, or merely by a desire to preserve as much of one's privacy as possible." *McIntryre*, 514 U.S. at 341-342.

125.   As noted, Plaintiff Davis has already been subjected to "official retaliation" and "social ostracism" as a result of his activism and legal action to get certain candidates who are running for the Detroit Community School District Board of Education removed from the November 8, 2016 General Election ballot.  (**See Plaintiff Davis' affidavit attached as Exhibit A; see also Detroit News Editorials attached as Exhibit E**).

126.   However, as the Supreme Court further explained, "[w]hatever the motivation may be, at least in the field of literary endeavor, the interest in having anonymous works enter the marketplace of ideas unquestionably outweighs any public interest in requiring disclosure as a condition of entry." *McIntryre*, 514 U.S. at 342.

127.   Moreover, and as noted, Plaintiff Davis' Probation Officer, has stated for Plaintiff Davis a legitimate and real fear of being prosecuted for

violating Mich. Comp. Laws §§ 169.247(1), (6) of the Michigan Campaign Finance Act. Thus, injunctive relief is appropriate and necessary. **(See Plaintiff Davis' Probation Officer's October 7, 2016 Response Email attached as Exhibit D)**.

128. Accordingly, Mich. Comp. Laws §§ 169.247(1), (6) of Michigan Campaign Finance Act, on their face and as applied to Plaintiff Davis, shall be declared void for they violate Plaintiff Davis' First Amendment Right to engage in anonymous political speech.

## COUNT II

**Defendants Michigan Attorney General, Secretary of State, and Wayne County Clerk Shall Be Preliminarily and Permanently Enjoined From Enforcing the Provisions of Mich. Comp. Laws §§ 169.247(1), (6).**

129. Plaintiff Davis incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

130. This claim is brought pursuant to 42 U.S.C. § 1983, and the Declaratory Judgment Act.

131. This clam seeks prospective injunctive relief against Defendants Michigan Attorney General, Secretary of State and Wayne County Clerk, in their respective official capacities.

132. Plaintiff Davis seeks to enjoin, preliminarily and permanently, Defendants Michigan Attorney General, Secretary of State and Wayne

County Clerk, in their official capacities, from enforcing Mich. Comp.

Laws §§ 169.247(1), (6) of the Michigan Campaign Finance Act

generally, and specifically against Plaintiff Davis.

133.     With each passing day, Plaintiff Davis is unable to print and

distribute anonymous political literature advocating the defeat of certain

candidates for the Detroit Community School District Board of

Education.  Plaintiff Davis is thus being denied his right to exercise his

First Amendment Right to engage in anonymous political speech and so

he is being irreparably harmed.  (**See Plaintiff's Affidavit attached**

**hereto as Exhibit A**).

134.     Plaintiff Davis' Probation Officer has given him a legitimate and real

fear of being prosecuted for violating Mich. Comp. Laws §§ 169.247(1),

(6) of the Michigan Campaign Finance Act.  Thus, injunctive relief is

appropriate and necessary.  (**See Plaintiff Davis' Probation Officer's**

**October 7, 2016 Response Email attached as Exhibit D**).

## COUNT III

**Plaintiff Davis Shall Be Awarded Compensatory, Punitive and Nominal
Damages.**

135.     Plaintiff Davis incorporates, repeats, and realleges the foregoing

allegations as though they were fully set forth and stated herein.

136.   This claim seeks an award of compensatory, punitive and nominal damages against the Defendant Wayne County Clerk, in her official capacity, and against Defendants Michigan Attorney General and Secretary of State, in their individual official capacities, for violating Plaintiff Davis' First Amendment Right to engage in anonymous political speech.

137.   If the Court determines and declares that the statutory provisions contained in Mich. Comp. Laws §§ 169.247(1), (6) of the Michigan Campaign Finance Act violate Plaintiff Davis' First Amendment Rights, Plaintiff Davis respectfully requests the Court to award compensatory, punitive and nominal damages against the Defendant Wayne County Clerk, in her official capacity, and against Defendants Michigan Attorney General and Secretary of State, in their respective individual capacities, for violating Plaintiff Davis' First Amendment Right to engage in anonymous political speech.

138.   Plaintiff Davis seeks an award of damages in excess of this Court's jurisdictional amount for damages in excess of $75,000.

## COUNT IV

**First Amendment Retaliation Claim-Declaratory Judgment Declaring
Plaintiff Davis was Retaliated Against by Defendant Election Commission for
Exercising his First Amendment Rights Filing a Lawsuit Against the
Defendant Election Commission.**

139.   Plaintiff Davis incorporates, repeats, and realleges the foregoing

allegations as though they were fully set forth and stated herein.

140.   This claim is brought pursuant to the Declaratory Judgment Act.

141.   Defendant Election Commission retaliated against Plaintiff Davis by

purposely not appealing the erroneous September 16, 2016 Order that

was entered in the *Bailer Election Matter* by Defendant Chief Judge

Colombo.

142.   Defendant Election Commission retaliated against Plaintiff Davis

because Plaintiff Davis has successfully sued the Defendant Election

Commission for their unlawful behavior with respect to recall petitions

filed with it against Detroit Mayor Mike Duggan.

143.   The Defendant Election Commission's failure to appeal Defendant

Chief Judge Colombo's erroneous September 16, 2016 Order entered in

the *Bailer Election Matter*, permitted Ms. Bailer, who is being supported

by Detroit Mayor Mike Duggan, to have her name printed on the

November 8, 2016 General Election ballot in violation of the Michigan

Court of Appeals' holding in *Berry v Garrett, supra.*

## COUNT V

### Plaintiff Davis Shall Be Awarded Compensatory, Punitive and Nominal Damages.

144.   Plaintiff Davis incorporates, repeats, and realleges the foregoing

allegations as though they were fully set forth and stated herein.

145.   This claim seeks an award of compensatory, punitive and nominal

damages against the Defendant Election Commission for retaliating

against Plaintiff Davis for exercising his First Amendment Rights.

146.   Plaintiff Davis seeks an award of damages in excess of $75,000.

## COUNT VI

### Declaratory Judgment Declaring Local Administrative Order of The Third Judicial Circuit Court Requiring All Election-Related Matters Be Assigned To Defendant Chief Judge Colombo Is Unconstitutional, As Applied To Plaintiff Davis, For It Violates Plaintiff Davis' Due Process Rights Under the Fourteenth Amendment.

147.   Plaintiff Davis incorporates, repeats, and realleges the foregoing

allegations as though they were fully set forth and stated herein.

148.   This claim is brought pursuant to 42 U.S.C. § 1983, and the

Declaratory Judgment Act.

149.  This clam seeks *prospective* declaratory relief against Defendant Chief Judge Colombo, in his official capacity.  This claim does not seek damages of any sort against Defendant Chief Judge Colombo in his official capacity.  See *Muhammad v Paruk*, 553 F.Supp.2d 893 (E.D. Mich. 2008); see also *Alkire v Irving*, 330 F.3d 802 (6th Cir. 2003).

150.  Accordingly, because Plaintiff Davis' claim is against Defendant Chief Judge Colombo in his official capacity and Plaintiff Davis is only seeking *prospective* declaratory relief and is not seeking damages against Defendant Chief Judge Colombo, the absolute judicial immunity defense would not be applicable or available to be asserted by Defendant Chief Judge Colombo.  See *Muhammad v Paruk*, 553 F.Supp.2d 893 (E.D. Mich. 2008); see also *Alkire v Irving*, 330 F.3d 802 (6th Cir. 2003).

151.  On December 10, 2015, the State Court Administrative Office approved Local Administrative Order 2015-15 as submitted by Defendant Chief Judge Colombo in his official capacity as Chief Judge of the Wayne County Circuit Court.  (**See Local Administrative Order 2015-15 attached as Exhibit I**).

152.  Local Administrative Order 2015-15, as submitted by Defendant Chief Judge Colombo, requires "***all*** actions involving election issues" to

be assigned to the Defendant Chief Judge Colombo.  (**See Local**
**Administrative Order 2015-15 attached as Exhibit I**).

153.    As noted, within the next few weeks, Plaintiff Davis intends to file
*quo warranto* actions that will seek to remove certain elected officials
from their elected positions.  (**See Plaintiff Davis' affidavit attached**
**has Exhibit A**).

154.    Thus, pursuant to Local Administrative Order 2015-15, such *quo*
*warranto* cases would be required to be assigned to Defendant Chief
Judge Colombo because they pertain to "election-related" matters.

155.    However, as noted, Plaintiff Davis alleges Defendant Chief Judge
Colombo harbors a clear bias against Plaintiff Davis.  Defendant Chief
Judge Colombo's recent actions in cases Plaintiff Davis has participated
in clearly reflect that Defendant Chief Judge Colombo cannot be a fair
and an impartial decision maker with respect to any election cases
involving Plaintiff Davis.

156.    "[A] biased decisionmaker [is] constitutionally unacceptable[.]"
*Withrow v Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L.Ed.2d 712
(1975).

157.    "The fundamental requirement of due process is the opportunity to be
heard 'at a *meaningful* time and in a *meaningful* manner.'" *Matthews v*

*Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L.Ed.2d 18 (1976)

(quoting *Armstrong v Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L.
Ed. 2d 62 (1965)).

158.    Chief Judge Colombo is biased towards the Plaintiff and the proofs
thereof of bias towards the Plaintiff are clearly documented and evident.

159.    Defendant Chief Judge Colombo was a potential witness in Plaintiff's
federal criminal case and Defendant Chief Judge Colombo was the
subject of a recent civil suit in the Michigan Court of Appeals filed by
Plaintiff Davis, in which Plaintiff Davis requested the Michigan Court of
Appeals to assume superintending control over Defendant Chief Judge
Colombo in the *Bailer Election Matter* due to his erroneous decision
therein.

160.    Additionally, Defendant Chief Judge Colombo requested a side bar
conversation with Plaintiffs' counsel prior to Plaintiffs' counsel filing the
*Davis Election Matter* in an apparent attempt to intimidate Plaintiffs'
counsel from filing same.

161.    Such sidebar conversation Defendant Chief Judge Colombo had with
Plaintiffs' counsel ***prior*** to the filing of the *Davis Election Matter* is
evidence that Defendant Chief Judge Colombo prejudged the *Davis
Election Matter* before any pleadings even had been filed with the court.

162.    Thus, it is clear to Plaintiff Davis from Defendant Chief Judge

Colombo's conduct that he is biased towards Plaintiff Davis and is not an

impartial decision maker.

163.    Accordingly, the Local Administrative Order 2015-15, as applied to

Plaintiff Davis, is unconstitutional for it violates Plaintiff Davis'

constitutional right to due process under the Fourteenth Amendment.

## COUNT VII

**Declaratory Judgment Declaring Local Administrative Order Violates
Plaintiff Davis' Constitutional Right to Due Process By Requiring Election-
Related Case To Be Assigned to Defendant Chief Judge Colombo, Even If
Defendant Chief Judge Colombo Is A Named Defendant.**

164.    Plaintiff Davis incorporates, repeats, and realleges the foregoing

allegations as though they were fully set forth and stated herein.

165.    This claim is brought pursuant to 42 U.S.C. § 1983, and the

Declaratory Judgment Act.

166.    This clam seeks *prospective* declaratory relief against Defendant

Chief Judge Colombo, in his official capacity.  This claim does not seek

damages of any sort against Defendant Chief Judge Colombo in his

official capacity.  See *Muhammad v Paruk*, 553 F.Supp.2d 893 (E.D.

Mich. 2008); see also *Alkire v Irving*, 330 F.3d 802 (6th Cir. 2003).

167.   Accordingly, because Plaintiff Davis' claim is against Defendant
Chief Judge Colombo in his official capacity and Plaintiff Davis is only
seeking *prospective* declaratory relief and is not seeking damages against
Defendant Chief Judge Colombo, the absolute judicial immunity defense
is not applicable or available to be asserted by Defendant Chief Judge
Colombo.  See *Muhammad v Paruk*, 553 F.Supp.2d 893 (E.D. Mich.
2008); see also *Alkire v Irving*, 330 F.3d 802 (6th Cir. 2003).

168.   As noted, in the next few weeks, Plaintiff Davis, in accordance with
Mich. Comp. Laws § 600.4545, will be filing a *quo warranto* action in
the Wayne County Circuit Court seeking to void any and all votes cast
for Ms. Bailer as a candidate for the Detroit Community School District
Board of Education based upon alleged election fraud or error.

169.   Because Defendant Chief Judge Colombo's September 16, 2016
Order in the *Bailer Election Commission* created the election fraud and/or
error, Defendant Chief Judge Colombo will be a named party defendant
in the *quo warranto* case Plaintiff Davis will be filing in the Wayne
County Circuit Court.  (**See Plaintiff Davis' affidavit attached as
Exhibit A**).

170.   As noted, pursuant to the Local Administrative Order 2015-15 of the
Third Circuit Court for the County of Wayne, Plaintiff Davis' *quo*

*warranto* case, which will seek to void votes cast for Ms. Bailer, will be assigned to Defendant Chief Judge Colombo.

171.   However, because Defendant Chief Judge Colombo will be a named party defendant, Defendant Chief Judge Colombo should be disqualified from presiding over the *quo warranto* case pursuant to MCR 2.003(C)(1)(g).

172.   However, in accordance with MCR 2.003, the Defendant Chief Judge Colombo would initially decide whether his disqualification is warranted. Based upon Defendant Chief Judge Colombo's actions to date, Plaintiff Davis is not confident Defendant Chief Judge Colombo will adhere to the rule of law.

173.   Accordingly, the entry of declaratory judgment declaring that Defendant Chief Judge Colombo must disqualify himself on any election-related case that he is a named party defendant is necessary in order to protect Plaintiff Davis' constitutional right to due process.

174.   The Local Administrative Order, as applied to Plaintiff Davis, violates Plaintiff Davis' constitutional right to due process to the extent that the Local Administrative Order requires an election-related case to be assigned to Defendant Chief Judge Colombo, ***even if*** Defendant Chief Judge Colombo is a named party defendant.

## COUNT VIII

**Declaratory Judgment Declaring Plaintiff Simpson's Fourteenth Amendment Right To Equal Protection Under The Law Was Violated By Defendants Wayne County Clerk and Wayne County Election Commission.**

175.   Plaintiff Simpson incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

176.   This claim is brought pursuant to 42 U.S.C. § 1983, and the Declaratory Judgment Act.

177.   This clam seeks *prospective* declaratory relief against Defendants Wayne County Clerk and Wayne County Election Commission, in their respective official capacities.

178.   On July 13, 2016, pursuant to Mich. Comp. Laws § 380.384 of the Revised School Code, Plaintiff Simpson filed with the Defendant Detroit City Clerk an affidavit of identity as required by Mich. Comp. Laws § 168.558 of Michigan Election Law and paid the $100 filing fee to qualify as a candidate for the *new* Detroit Community School District Board of Education. (**See Plaintiff Simpson's Affidavit of Identity attached as Exhibit K**).

179.   On September 13, 2016, the Defendant Wayne County Clerk certified Plaintiff Simpson's name to the Defendant Election Commission to appear on the November 8, 2016 General Election ballot as a candidate

for the *new* Detroit Community School District Board of Education.  (**See Agenda from Defendant Election Commission Meeting attached as Exhibit F; see Transcript from September 13, 2016 Defendant Election Commission Meeting attached as Exhibit L**).

180.   On September 13, 2016, the Defendant Election Commission convened and pursuant to Mich. Comp. Laws § 168.689 of Michigan Election Law, determined that Plaintiff Simpson was "properly certified" and voted to approve Plaintiff Simpson's name to be placed on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community School District Board of Education.  (**See Agenda from Defendant Election Commission Meeting attached as Exhibit F; see Transcript from September 13, 2016 Defendant Election Commission Meeting attached as Exhibit L**).

181.   At its September 13, 2016 meeting, the Defendant Election Commission determined that Ms. Bailer **was not** "properly certified" by the Defendant County Clerk and determined and voted not to place Ms. Bailer's name on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community School District Board of Education.  (**See Defendant Election Commission's Determination Letter attached as Exhibit G; and see Transcript from September 13,**

2016 Defendant Election Commission Meeting attached as Exhibit L).

182.   However, as noted, on Thursday, September 15, 2016, Ms. Bailer filed an Emergency Complaint and Motion for Mandamus and Order to Show Cause against the Defendants Election Commission and Detroit City Clerk, Wayne Co. Case No. 16-011797-AW ("*Bailer Election Matter*").

183.   Later that same day, the Defendant Chief Judge Colombo entered an order to show cause compelling the Defendants Election Commission and Detroit City Clerk to appear before the court for a hearing that was to be held on Friday, September 16, 2016.

184.   Late in the evening on September 15, 2016, Plaintiffs' counsel was provided a copy of Ms. Bailer's Emergency Complaint and Motion by counsel for the Defendant Election Commission. Ms. Bailer's counsel failed to so supply a copy.

185.   Upon receiving the copy of Ms. Bailer's Emergency Complaint and Motion for Mandamus, counsel for Plaintiff Davis immediately sought concurrence from the parties to intervene in the matter, on behalf of Plaintiff Davis and Desmond White.  Plaintiff's counsel received concurrence from Defendant Election Commission's counsel, but counsel

for Ms. Bailer refused to concur in allowing Plaintiff Davis and Desmond White to intervene.

186.   Accordingly, on Friday, September 16, 2016, in the wee hours of the morning, Plaintiff's counsel electronically filed an Emergency Motion to Intervene in the *Bailer Election Matter*.

187.   On Friday, September 16, 2016, Plaintiffs' counsel attended Ms. Bailer's show cause hearing that was held in the *Bailer Election Matter*. Although Defendant Chief Judge Colombo permitted Plaintiff's counsel to participate in oral argument during the September 16, 2016 show cause hearing and briefly addressed Plaintiff Davis' and Desmond White's Emergency Motion to Intervene in the *Bailer Election Matter*, in an email dated September 16, 2016, Defendant Chief Judge Colombo informed Plaintiffs' counsel that he in fact took Plaintiff Davis' and Desmond White's Emergency Motion to Intervene "under advisement" and **did not** render a decision on Plaintiff Davis' and Desmond White's Emergency Motion to Intervene.

188.   At the conclusion of the show cause hearing held in the *Bailer Election Matter*, Defendant Chief Judge Colombo entered a "final order" granting Ms. Bailer's motion for writ of mandamus and ordered the Defendant Election Commission ONLY to "***take necessary steps*** to place

the name of Penelope N. Bailer on the November 8, 2016 General

Election ballot as a candidate for Detroit Community School District"

and closed the case.  (**See Defendant Chief Judge Colombo's**

**September 16, 2016 Order attached hereto as Exhibit H**).

189.    On September 16, 2016, Mrs. Oden, Director of Wayne County

Elections, contacted the printer and directed the printer to place Ms.

Bailer's name on the November 8, 2016 General Election ballot as a

candidate for the *new* Detroit Community School District Board of

Education. (**See Delphine Oden's affidavit attached as Exhibit M**).

190.    The Defendant Election Commission, since the entry of Defendant

Chief Judge Colombo's September 16, 2016 Order in the *Bailer Election*

*Matter*, did not convene as a public body to determine whether Ms.

Bailer was "properly certified" to have her name placed on the November

8, 2016 General Election ballot as a candidate as Mich. Comp. Laws

168.689 of Michigan Election Law requires.

191.    Plaintiff Simpson has been denied equal protection under the law

because Ms. Bailer's name was allowed to be printed on the November 8,

2016 General Election ballot as a candidate for the *new* Detroit

Community School District Board of Education: (1) without the

Defendant County Clerk certifying Ms. Bailer's name, and (2) without

the Defendant Election Commission convening as a public body to determine whether Ms. Bailer's name was "properly certified" as Mich. Comp. Laws § 168.689 requires.

192.    Plaintiff Simpson was required by Michigan Election Law to be so certified by the Defendant County Clerk and the Defendant Election Commission, under Mich. Comp. Laws § 169.689, had to determine whether Plaintiff Simpson was "properly certified" to have her name printed on the November 8, 2016 General Election ballot.

193.    However, Ms. Bailer's name was permitted to be placed on the November 8, 2016 General Election ballot **without** going through that same process.

194.    As noted, on September 16, 2016, Defendant Chief Judge Colombo entered an order in the *Bailer Election Matter* (Case No. 16-011797-AW), compelling the Defendant Election Commission ONLY to "***take necessary steps*** to place the name of Penelope N. Bailer on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District."  (**See Defendant Chief Judge Colombo's September 16, 2016 Order attached as Exhibit H**).

195.    Since the entry of Defendant Chief Judge Colombo's September 16, 2016 Order in the *Bailer Election Matter*, the Defendant Election

Commission **has not** convened as a public body in accordance with
Mich. Comp. Laws §168.689 of Michigan Election Law to determine
whether Ms. Bailer is a "properly certified" candidate whose name shall
be printed on the November 8, 2016 General Election ballot.

196.    Since the entry of Defendant Chief Judge Colombo's September 16,
2016 Order in the *Bailer Election Matter*, the Defendant County Clerk
**has not** certified Ms. Bailer's name to the Defendant Election
Commission for it to be placed on the November 8, 2016 General
Election ballot.

197.    Mich. Comp. Laws § 168.560 of Michigan Election Law states in
pertinent part:

> "**Ballots other than those furnished by the board of election
> commissioners, *according to the provisions of this act, shall not be
> used, cast, or counted in any election precinct at any election*.**"
> (Emphasis supplied).

198.    The ballots that have been printed by the Defendant Election
Commission presumably in accordance with Defendant Chief Judge
Colombo's September 16, 2016 Order cannot be used, cast, or counted
because they were not printed in accordance with the provisions of
Michigan Election Law, as Mich. Comp. Laws § 168.560 so mandates.

199. Mich. Comp. Laws § 168.689 of Michigan Election Law sets forth the standards in which the Defendant Election Commission must follow in order to print a candidate's name on an official ballot.

200. Mich. Comp. Laws § 168.689 of Michigan Election Law provides in relevant part:

> "The Board of election commissioners of each county shall prepare the official ballots for use at any state, district or county election held therein, and **shall have printed sufficient number of ballots containing the names of all candidates *properly certified* to said board of election commissioners**...." (Emphasis supplied).

201. The Michigan Court of Appeals in *SMFBC v Killeen*, 153 Mich.App. 370, 377-378; 395 NW2d 325 (1986), analyzed Mich. Comp. Laws § 168.689 and determined:

> While the language of the statute is not entirely clear, we see no reason for the Legislature to distinguish between *candidates* who are to be "properly certified" and *constitutional amendments* or *other questions* which have to be so certified. We therefore construe the statute to require *candidates, constitutional amendments,* and *questions* for use at any state, district or county election to be "properly" certified before they are entitled to placement on the ballot. Since this statute is directed to the board of election commissioners, the use of the word "properly" evidences an intent of the Legislature that the board of county election commissioners not only determine that a proposed question *is* certified, but that it is indeed "properly"

certified. **Accordingly, where it is apparent to the board of county election commissioners that the question is not entitled to placement on the ballot, it may refuse to place it thereon and leave the certifying body to its legal recourse. We interpret "properly" in this context to mean that the election commissioners are required to determine that, on its face, the question is entitled to placement on the ballot**. (Emphasis in original) (Emphasis added).

202.  Thus, in accordance with the Michigan Court of Appeals' holding in *SMFBC, supra*, *after* Defendant Chief Judge Colombo ordered the Defendant Election Commission to "***take necessary steps*** to place" Ms. Bailer's name "on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District," the Defendant Election Commission was required to convene as a public body to determine whether Ms. Bailer was a "properly" certified candidate to have her name placed on the November 8, 2016 General Election ballot as the Defendant Election Commission had previously done with respect to Plaintiff Simpson and the other candidates.

203.  After the entry of Defendant Chief Judge Colombo's September 16, 2016 Order, the Defendant Election Commission **did not** and **has not** convened as a public body to determine whether Ms. Bailer was a "properly" certified candidate.

204.  Moreover, *after* the entry of Chief Judge Colombo's September 16, 2016 Order, the Defendant County Clerk, who was not a named party in *Bailer Election Matter*, **did not and has not** certified Ms. Bailer's name to the Defendant Election Commission for it to be placed on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community School District Board of Education.

205.  However, Michigan Election Law does not allow the Defendants County Clerk and Election Commission to "certify" a candidate's name who has submitted an affidavit of identity in violation of Mich. Comp. Laws § 168.558 of Michigan Election Law.

206.  As noted, Mich. Comp. Laws § 380.384 of the Revised School Code, sets forth certain requirements with respect to candidates for the initial Detroit Community School District Board of Education.  Mich. Comp. Laws § 380.384(4) of the Revised School Code provides:

> (4) Except as otherwise provided in this subsection, for an individual's name to appear on the official ballot as a candidate for member of the initial elected school board of a community district, **the candidate shall file a nominating petition and *the affidavit required by section 558 of the Michigan election law*, MCL 168.558, with the school district election coordinator** not later than 4 p.m. on the fifteenth Tuesday before the election date. The nominating petition must be signed by a minimum of 40 and maximum of 100 school electors of the community district. The nominating petition shall be substantially in the form prescribed under section 303 of the Michigan election law,

MCL 168.303. **However, instead of filing nominating petitions, a candidate for school board member may pay a nonrefundable filing fee of $100.00 to the school district election coordinator.** If this fee is paid by the due date for a nominating petition, the payment has the same effect under this section as the filing of a nominating petition.  (Emphasis supplied).

207.    Mich. Comp. Laws §168.558(1) of Michigan Election Law in

pertinent part states:

> (1) When filing a nominating petition, qualifying petition, filing fee, or affidavit of candidacy for a federal, county, state, city, township, village, metropolitan district, or school district office in any election, **a candidate shall file** with the officer with whom the petitions, fee, or affidavit is filed **2 copies of an affidavit of identity** (Emphasis supplied).

208.    Mich. Comp. Laws § 168.558(2) of Michigan Election Law further

instructs:

> (2) **An affidavit of identity _shall_ contain the candidate's name, address, and ward _and precinct where registered_**, if qualified to vote at that election; a statement that the candidate is a citizen of the United States; the candidate's number of years of residence in the state and county; other information that may be required to satisfy the officer as to the identity of the candidate; the manner in which the candidate wishes to have his or her name appear on the ballot; and a statement that the candidate either is or is not using a name, whether a given name, a surname, or otherwise, that is not a name that he or she was given at birth. If a candidate is using a name that is not a name that he or she was given at birth, the candidate shall include on the affidavit of identity the candidate's full former name. (Emphasis supplied).

209.   Mich. Comp. Laws § 168.558(4) of Michigan Election Law further
provides in relevant part:

> (4) An affidavit of identity shall include a statement that as of the date
> of the affidavit, all statements, reports, late filing fees, and fines
> required of the candidate or any candidate committee organized to
> support the candidate's election under the Michigan campaign finance
> act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid;
> and a statement that the candidate acknowledges that making a false
> statement in the affidavit is perjury, punishable by a fine up to
> $1,000.00 or imprisonment for up to 5 years, or both. *If a candidate
> files the affidavit of identity with an officer other than the county clerk
> or secretary of state, the officer shall immediately forward to the
> county clerk 1 copy of the affidavit of identity by first-class mail. The
> county clerk shall immediately forward 1 copy of the affidavit of
> identity for state and federal candidates to the secretary of state by
> first-class mail.* **An officer shall not certify to the board of election
> commissioners the name of a candidate who fails to comply with this
> section**. (Emphasis supplied).

210.   In the case at bar, it is undisputed that on July 26, 2016,  in
accordance with Mich. Comp. Laws § 380.384(4) of the Revised School
Code, Ms. Bailer filed a defective affidavit of identity along with the
$100 filing with the Defendant City Clerk to qualify as a candidate for
the *new* Detroit Community School District Board of Education.  (**See
Penelope Bailer's affidavit of identity attached hereto as Exhibit N**).

211.   Ms. Bailer's affidavit of identity was defective because Ms. Bailer

failed to provide her precinct number as Mich. Comp. Laws § 168.558(2)

of Michigan Election Law requires.  See *Berry v Garrett*, ___ Mich.

App.___; ____ NW2d ____ (2016) (Decided June 17, 2016, Docket No.

333225). (**Exhibit O**).

212.   As a result of Ms. Bailer's failure to provide her precinct number on

her affidavit of identity, the Defendants County Clerk and Election

Commission have a "clear legal duty not to certify" Ms. Bailer's name to

be printed on the November 8, 2016 General Election ballot.  *Berry v*

*Garrett, supra.*

213.   "Under § 558(4), those defendants [County Clerk and Election

Commission] had a clear legal duty to "not certify to the board of

election commissioners the name of a candidate who [had] fail[ed] to

comply" with the requirement, under § 558(2), of duly including the

precinct number where the candidate was registered to vote." *Berry v*

*Garrett, supra*, slip op at p 4. (**Published Court of Appeals Opinion in**

***Berry v Garrett* is attached as Exhibit O**).

214.   As noted, ***it is undisputed that Ms. Bailer failed to comply with***

***Mich. Comp. Laws § 168.558(2).***  Hence, the Defendants County Clerk

and Election Commission have *a clear legal duty **not** to certify* Ms.

Bailer's name to appear on the November 8, 2016 General Election

ballot. *Berry v Garrett, supra*, slip op at p 4. (**Exhibit O**)

215.   Accordingly, pursuant to Mich. Comp. Laws §168.689, the Defendant

Election Commission can only print ballots "containing the names of all

candidates ***properly certified*** to said board of election commission."

*SMFBC v Killeen*, 153 Mich. App. 370, 377-378; 395 NW2d 325 (1986).

216.   The Defendant Election Commission has violated Mich. Comp. Laws

§ 168.689 because they have allowed the printing of official ballots

containing the name of Ms. Bailer, who has not been "properly certified

to said board of election commission." *SMFBC v Killeen*, 153 Mich.

App. 370, 377-378; 395 NW2d 325 (1986).

217.   In accordance with the specific Michigan Court of Appeals' holding

in *Berry v Garrett, supra,* the Defendants County Clerk and Election

Commission, under § 558(4), had a clear legal duty to "not certify to the

board of election commissioners the name of a candidate who [had]

fail[ed] to comply" with the requirement, under § 558(2), of duly

including the precinct number where the candidate was registered to

vote." *Berry v Garrett, supra*, slip op at p 4.  (**Exhibit O**).

218.   Notably, Defendant Chief Judge Colombo's September 16, 2016

Order, was **only** directed to the Defendant Election Commission and **not**

to the Defendant County Clerk. It also merely compelled the Defendant Election Commission to "*take necessary steps* to place the name of Penelope N. Bailer on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District." (**See Chief Judge Colombo's September 16, 2016 Order attached hereto as Exhibit H**).

219.    One of those "necessary steps" the Defendant Election Commission had to take was *to determine in accordance with Mich. Comp. Laws § 168.689 whether Ms. Bailer was a "properly certified" candidate.* *SMFBC v Killeen*, 153 Mich.App. 370, 377-378; 395 NW2d 325 (1986).

220.    The Defendant Election Commission did not make such a determination under Mich. Comp. Laws § 168.689 *after* the entry of Defendant Chief Judge Colombo's September 16, 2016 Order. Indeed, the only determination that the Defendant Election Commission did make was that she was NOT properly certified.

221.    As a public body that is subject to the provisions of Michigan's Open Meetings Act ("**OMA**"), *after* the entry of Defendant Chief Judge Colombo's September 16, 2016 Order, the Defendant Election Commission *was required to convene as a public body and hold a public meeting available to the public to make a determination as to whether Ms. Bailer was a "properly certified" candidate under MCL § 168.689*

All as they had done at their September 13, 2016 meeting with respect to Plaintiff Simpson and the other candidates.

222.  "Clearly… the OMA requires that 'all decisions of a public body' be made in public." *Booth Newspapers Inc. v U of M Bd. of Regents*, 444 Mich. 211, 231; 507 NW2d 422 (1993).

223.  The Defendant Election Commission's decision done not by it as required but by Mrs. Oden, to place Ms. Bailer's name on the November 8, 2016 General Election ballot, purportedly in accordance with Defendant Chief Judge Colombo's September 16, 2016 Order, was not properly made and in fact was not made at all.

224.  The Defendant Election Commission has not held a public meeting since the entry of Defendant Chief Judge Colombo's September 16, 2016 Order.

225.  Nor, notably, Defendant Chief Judge Colombo's September 16, 2016 **did not** compel the Defendant County Clerk to certify the name of Ms. Bailer to the Defendant Election Commission for placement on the November 8, 2016 General Election ballot.  Such is mandated and required by Mich. Comp. Laws §168.689 of Michigan Election Law.

226.  Consequently, pursuant to Mich. Comp. Laws § 168.560 of Michigan Election Law, the ballots that have been printed with Ms. Bailer's name

appearing on them cannot be used, cast, or counted by the Defendants County Clerk, City Clerk, Unnamed Election Inspectors and Election Commission because said ballots were not printed in accordance with the Michigan Election Law, particularly since such ballots were printed in violation of Mich. Comp. Laws § 168.689 and Mich. Comp. Laws § 168.558.

227.   Defendants County Clerk and Election Commission could not "certify" Ms. Bailer's name to be placed on the November 8, 2016 General Election ballot because "[u]nder § 558(4), those defendants [County Clerk and Election Commission] had a clear legal duty to "not certify to the board of election commissioners the name of a candidate who [had] fail[ed] to comply" with the requirement, under § 558(2), of duly including the precinct number where the candidate was registered to vote." *Berry v Garrett, supra*, slip op at p 4. (**Exhibit O**).

228.   Therefore, Plaintiff Simpson's fundamental right to vote and to have it counted has been jeopardized as a result of the Defendants County Clerk and Election Commission's unconstitutional actions.

229.   Plaintiff Simpson has been denied equal protection under the law because in order for Plaintiff Simpson's name to be printed on the November 8, 2016 General Election ballot as a candidate for the new

Detroit Community School District Board of Education, Plaintiff

Simpson's name had to be certified by the Defendant County Clerk to the

Defendant Election Commission, who then had to determine under Mich.

Comp. Laws §168.689 whether Plaintiff Simpson was "properly

certified" to have her name placed on the November 8, 2016 General

Election ballot. (**See Plaintiff Simpson's affidavit attached as Exhibit**

**B**).

230.   The Defendants County Clerk and Election Commission simply did

not follow the foregoing process or procedure as required with respect to

placing Ms. Bailer's name on the November 8, 2016 General Election

ballot as a candidate for the *new* Detroit Community School District

Board of Education. (**See Plaintiff Simpson's affidavit attached as**

**Exhibit B**).

231.   Consequently, Plaintiff Simpson has been treated differently than Ms.

Bailer.  Plaintiff Simpson's constitutional right to equal protection under

the law has been violated by the Defendants County Clerk and Election

Commission and the Defendants County Clerk and Election Commission

did not have a rational basis for their unconstitutional actions.  (**See**

**Plaintiff Simpson's affidavit attached as Exhibit B**).

# COUNT IX

**Defendants Wayne County Clerk and Wayne County Election Commission Shall Be Preliminarily and Permanently Enjoined From Enforcing Printing Any Ballots Containing Ms. Penelope Bailer's Name Printed Thereon As A Candidate, and Defendants Detroit City Clerk and Unnamed/Unknown Election Inspectors Shall Be Preliminarily and Permanently Enjoined From Counting Any Votes Cast for Ms. Penelope Bailer.**

232.   Plaintiff Simpson incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

233.   This claim is brought pursuant to 42 U.S.C. § 1983, and the Declaratory Judgment Act.

234.   This clam seeks prospective injunctive relief against Defendants Wayne County Clerk, Wayne County Election Commission, Detroit City Clerk, and Unnamed/Unknown Election Inspectors, in their respective official capacities.

235.   Plaintiff Simpson seeks to enjoin, preliminarily and permanently, Defendants Wayne County Clerk and Wayne County Election Commission from printing any more ballots with Ms. Penelope Bailer's name printed thereon, and seeks to enjoin, preliminarily and permanently, Defendants Detroit City Clerk and Unnamed/Unknown Election Inspectors from counting any votes cast for Ms. Penelope Bailer as a

candidate for the new Detroit Community School District Board of Education.

236.   As noted above, the Defendants Wayne County Clerk and Election Commission violated Plaintiff Simpson's right to equal protection under the law by proceeding with placing Ms. Bailer's name on the November 8, 2016 General Election ballot by failing to adhere to same rules, procedures and laws that were used to place Plaintiff Simpson's name on the November 8, 2016 General Election ballot as a candidate for the *new* Detroit Community School District Board of Education.

237.   The Defendants Wayne County Clerk's and Election Commission's unconstitutional practices have infringed upon Plaintiff Simpson's fundamental constitutional right to vote and to have it counted.

238.   Moreover, the Defendants Wayne County Clerk and Election Commission did not have a rational basis for their unconstitutional actions.

239.   Additionally, Plaintiff Simpson has suffered irreparable harm as a result of Ms. Bailer's name being printed on the November 8, 2016 General Election ballot as a candidate for the new Detroit Community School District Board of Education.  As the Michigan Supreme Court determined: "A candidate for elective office suffers a cognizable injury in

fact if, due to the improper interpretation and enforcement of election law, he or she is prevented from being placed on the ballot or must compete against someone improperly placed on the ballot." *Martin v Secretary of State*, 482 Mich. 956; 755 NW2d 153, 154 (2008).

240.    Thus, the entry of an injunction is appropriate and necessary.

## COUNT X
**Plaintiff Shall Be Awarded Court Costs and Attorney Fees Under 42 U.S.C. § 1988.**

241.    Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

242.    This claim is brought pursuant to 42 U.S.C. §§ 1983, 1988.

243.     Plaintiffs shall be awarded their attorney's fees and costs pursuant to 42 U.S.C. § 1988 for any relief granted for any of the counts properly pled and alleged herein against the named Defendants.  See *Déjà vu of Nashville Inc. v Metro Gov't of Nashville and Davison County*, 421 F.3d 417 (6th Cir. 2005; and see also, *Berger v City of Mayfield Heights*, 265 F.3d 399, 406-407 (6th Cir. 2001).

## <u>CONCLUSION AND PRAYER FOR RELIEF</u>

**WHEREFORE**, for the foregoing reasons, Plaintiffs pray that this Honorable Court GRANT the requested relief as follows:

A. Issue a Declaratory Judgment declaring that Mich. Comp. Laws §
   169.247(1), (6), on their face and as applied to Plaintiff, are unconstitutional
   and void for they violate Plaintiff Davis' First Amendment Right to engage
   in anonymous political speech.

B. Issue an Injunction enjoining the Defendants Michigan Attorney General,
   Secretary of State, and Wayne County Clerk, in their respective official
   capacities, from enforcing Mich. Comp. Laws § 169.247(1), (6) in general
   and specially against Plaintiff Davis.


C. Issue a Declaratory Judgment declaring the Defendant Wayne County
   Election Commission retaliated against Plaintiff Davis for exercising his
   First Amendment Rights.

D. Issue a Declaratory Judgment declaring Local Administrative Order 2015-15
   submitted and implemented by Defendant Chief Judge Colombo, as applied
   to Plaintiff Davis, violates Plaintiff Davis' Due Process Rights under the
   Fourteenth Amendment.

E. Issue a Declaratory Judgment declaring Local Administrative Order 2015-15
   submitted and implemented by Defendant Chief Judge Colombo, as applied
   to Plaintiff Davis, violates Plaintiff Davis' Due Process Rights to the extent
   that it permits election-related cases to be assigned to Defendant Chief Judge

Colombo, even if Defendant Chief Judge Colombo is a named defendant in the action.

F.  Award Plaintiff s compensatory, punitive, and nominal damages against Defendants Wayne County Clerk and Wayne County Election Commission, in their respective official capacities, and against the Defendants Michigan Attorney General and Secretary of State, in their respect individual capacities, for violating Plaintiff Davis' First Amendment Rights.

G.  Issue A Declaratory Judgment declaring that the Defendants Wayne County Clerk and Wayne County Election Commission denied Plaintiff Simpson Equal Protection Under The Law in violation of the Fourteenth Amendment to the United States Constitution.

H.  Issue an Injunction enjoining the Defendants Wayne County Clerk and Wayne County Election Commission from printing any more ballots with Penelope Bailer's name printed thereon; and enjoining the Defendants Detroit City Clerk and the Unnamed/Unknown Election Inspectors from counting any ballots/votes cast for Penelope Bailer as a candidate for the new Detroit Community School District Board of Education.

I.  Award Plaintiff his attorney fees and costs pursuant to 42 U.S.C. § 1988 against Defendants Wayne County Clerk, Wayne County Election Commission, and Secretary of State, in their respective official capacities.

J.  Grant any further relief the Court deems appropriate, just and proper.

Dated:  October 10, 2016                    Respectfully Submitted,

                                            /s/ ANDREW A. PATERSON
                                            ANDREW A. PATERSON (P18690)
                                            Attorney for Plaintiffs
                                            46350 Grand River, Suite C
                                            Novi, MI 48374
                                            (248) 568-9712
                                            aap43@outlook.com

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing document(s) was

filed and served via the Court's electronic case filing and noticing system (ECF)

this 10th day of October, 2016, which will automatically send notification of such

filing to all attorneys and parties of record registered electronically.

                                    Respectfully submitted,

                                    /s/ ANDREW A. PATERSON
                                    ANDREW A. PATERSON (P18690)
                                    Attorney for Plaintiffs