UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R<span>OBERT</span> D<span>AVIS AND</span> T<span>AWANNA</span>
S<span>IMPSON</span>

Plaintiffs,

v.

R<span>UTH</span> J<span>OHNSON, ET AL.</span>

Defendants.

Case No. 16-13545

S<span>ENIOR</span> U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span>
J<span>UDGE</span> A<span>RTHUR</span> J. T<span>ARNOW</span>

M<span>AGISTRATE</span> J<span>UDGE</span> M<span>ONA</span> K.
M<span>AJZOUB</span>

_____/

**O**RDER **H**OLDING **A**LL **P**ROCEEDINGS IN **A**BEYANCE, **D**ISMISSING **P**LAINTIFF
**T**AWANNA **S**IMPSON, **G**RANTING **D**EFENDANT **C**HIEF **J**UDGE **C**OLOMBO'S **M**OTION
TO **D**ISMISS, **A**ND **A**DMINISTRATIVELY **C**LOSING THE **C**ASE

Plaintiff Robert Davis filed a Complaint [1] and Emergency Motion for Temporary Restraining Order or in the alternative, Motion for Preliminary Injunction [3] against Defendants Ruth Johnson, Secretary of State; Cathy M. Garrett, Wayne County Clerk; Wayne County Election Commission; and the Honorable Judge Robert Colombo, Jr., Chief Judge of the Wayne County Circuit Court, on October 3, 2016.

Page **1** of **7**

The Court convened a phone status conference on October 6, 2016. At that conference, Plaintiffs' Counsel indicated that he intended to file an Amended Complaint. Counsel for Defendant Judge Colombo also advised the Court that she planned to a file a Motion to Dismiss in the coming days.

Plaintiffs' filed an Amended Complaint [10] on October 10, 2016. In the Amended Complaint, Plaintiff Davis added several new parties: Co-Plaintiff Tawanna Simpson and Defendants Bill Schuette, Attorney General; Janice Winfrey, Detroit City Clerk; and Unnamed/Unknown Election Inspectors. Plaintiff Davis filed an Amended Emergency Motion for Temporary Restraining Order or in the alternative, Motion for Preliminary Injunction [12] on October 11, 2016. Plaintiff Tawanna Simpson also filed an Emergency Motion for Temporary Restraining Order or in the alternative, Motion for Preliminary Injunction [11] on October 11, 2016.

The Court held a phone status conference on October 14, 2016. At that conference, Counsel for Defendants Ruth Johnson and Bill Schuette advised Plaintiffs' Counsel that, with regards to Plaintiff Davis' desire to print and distribute anonymous campaign literature pursuant to M.C.L. § 169.247(1), Plaintiff Davis must follow the formal administrative procedure as spelled out in M.C.L. § 169.215(2), and request a declaratory ruling from Defendant Secretary of

State Ruth Johnson. Plaintiffs' Counsel admitted that neither he nor his client had utilized this process. Plaintiffs' Counsel also agreed that Plaintiff Davis and Plaintiff Simpson are pursuing different claims for relief, and that it is appropriate for Plaintiff Simpson to file a separate lawsuit if she so chooses.

Defendant Judge Robert Colombo filed a Motion to Dismiss [21] on October 17, 2016.

The Court finds it prudent at this time to hold all proceedings in abeyance while Plaintiff Davis proceeds with the formal administrative process to request a declaratory ruling from Defendant Secretary Johnson, as provided by M.C.L. § 169.215(2).

The Court will dismiss Plaintiff Tawanna Simpson from this case because her claims are improperly joined with Plaintiff Davis' claims.

The Court will grant Defendant Judge Robert Colombo's Motion to Dismiss. "[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Hagans v. Levine*, 415 U.S. 528, 536-37 (1974). For the

reasons set forth below, the Court will dismiss Plaintiffs' claims against Defendant Judge Robert Colombo.

### I.    Judge Colombo is entitled to judicial immunity.

It is well established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *see also Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court has held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *Brisco v. LaHue*, 460 U.S. 325, 334 (1983). The scope of judicial immunity is broad; it applies to "acts performed maliciously and corruptly as well as acts performed in bad faith or with malice . . ." *Brookings*, 389 F.3d at 617; *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991).

It is very apparent that Plaintiffs disagree with Judge Colombo's various decisions with regard to the Bailer and Davis election matters. However, Plaintiffs fail to present any evidence demonstrating that Judge Colombo has exceeded his authority as a judicial officer. *See Strump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . ."). The shield of judicial immunity fails in only two situations: first, when a judge engages in

non-judicial actions, i.e. actions not taken in the judge's official capacity. Second, when a judge takes action, even judicial action, in the complete absence of all jurisdiction. *See Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997). Neither situation presents itself to the Court, and Judge Colombo is entitled to judicial immunity.

### II.     Plaintiffs' claims against Judge Colombo fail pursuant to the *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* doctrine stands for the principle that lower federal courts may not exercise "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inexplicably intertwined' with issues decided in state court proceedings." *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983)). The Sixth Circuit has determined "that a federal claim is 'inextricably intertwined' with a state court judgment and thus implicates *Rooker-Feldman* when 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it[.]" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 393 (6th Cir. 2002) (citations omitted). In *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), the Supreme Court explained that the doctrine applies to "cases brought by state court losers

complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

The Court concludes that Plaintiffs' claims against Chief Judge Colombo are barred pursuant to *Rooker-Feldman*. The *Rooker-Feldman* inquiry "is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision," as it is here, "then the *Rooker Feldman* doctrine would prevent the district court from asserting jurisdiction." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Plaintiff Davis has been unsuccessful in every state court proceeding that he has initiated regarding the Bailer and Davis election matters. The Court will not now allow him to circumvent the decisions of the Michigan state courts through this lawsuit.

Accordingly,

**IT IS ORDERED** that all proceedings in this case are held in abeyance while Plaintiff Davis proceeds with the formal administrative process in his request for a declaratory ruling, as provided by M.C.L. § 169.215(2).

**IT IS FURTHER ORDERED** that Plaintiff Tawanna Simpson is dismissed from this case.

**IT IS FURTHER ORDERED** that Defendant Chief Judge Colombo's Motion to Dismiss [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case will be administratively closed at this time.

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
| Dated: October 19, 2016 | Arthur J. Tarnow<br>Senior United States District Judge |

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 19, 2016.

                                                s/Deborah Tofil
                                                Deborah Tofil (for Mike Lang)
                                                Case Manager